FILED

JASON S. LEIDERMAN, SBN 203336
jay@leidermandevine.com
JAMES B. DEVINE, SBN 205270
james@leidermandevine.com
LEIDERMAN DEVINE LLP
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

2012 OCT -2  PM 12: 11

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

Attorneys for Plaintiff
NADIA NAFFE, an individual

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

NADIA NAFFE, an individual,

Plaintiff,

vs.

JOHN PATRICK FREY, an individual,
CHRISTI FREY, an individual, STEVE M.
COOLEY, an individual, and the
COUNTY OF LOS ANGELES, a
municipal entity,

Defendants.

Case No. CV12-8443 -GW (MRW)

COMPLAINT FOR DAMAGES FOR:
(1) VIOLATIONS OF 42 U.S.C. § 1983;
(2) PUBLIC DISCLOSURE INVASION
OF PRIVACY; (3) FALSE LIGHT
INVASION OF PRIVACY; (4)
DEFAMATION; (5) INTENTIONAL
INFLICTION OF EMOTIONAL
DISTRESS; (6) NEGLIGENCE; and (7)
NEGLIGENT SUPERVISION

JURY TRIAL DEMANDED

**COMES NOW PLAINTIFF** NADIA NAFFE, an individual ("PLAINTIFF"), who sets forth the following causes of action against Defendants JOHN PATRICK FREY, an individual ("MR. FREY"), CHRISTI FREY, an individual ("MRS. FREY"), STEVE M. COOLEY, an individual ("COOLEY"), and the COUNTY OF LOS ANGELES ("COUNTY"), a municipal entity, and each of them, and who alleges as follows:

Complaint, Page - 1

## JURISDICTION

1.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as this case involves at least one federal question. It also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as the parties in this case are completely diverse and the amount in controversy exceeds $75,000. Further, the Court has pendent jurisdiction and supplemental jurisdiction over the state law claims alleged in this Complaint pursuant to 28 U.S.C. § 1367.

## VENUE

2.      The allegations sued upon herein arose in Long Beach and Los Angeles, California. Venue therefore lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

3.      PLAINTIFF, at all times mentioned herein, was and now is an individual residing in either Massachusetts or Florida.

4.      PLAINTIFF is informed and believes and based thereon alleges that Defendant MR. FREY was and now is an individual residing in Los Angeles County, California, and at all times is, and was at all times mentioned herein, a Deputy District Attorney in Los Angeles County, employed by Defendant COUNTY and supervised by Defendant COOLEY.

5.      PLAINTIFF is informed and believes and based thereon alleges that Defendant MRS. FREY was and now is an individual residing in Los Angeles County, California, and at all times is, and was at all times mentioned herein, a Deputy District Attorney in Los Angeles County, employed by Defendant COUNTY and supervised by Defendant COOLEY.

6.      PLAINTIFF is informed and believes and based thereon alleges that Defendant COOLEY was and now is an individual residing in Los Angeles County, California, and at all times is, and was at all times mentioned herein, the elected District Attorney in Los Angeles County and employed by Defendant COUNTY.

Complaint, Page - 2

LEIDERMAN DEVINE LLP
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

7.     PLAINTIFF is informed and believes and based thereon alleges that Defendant COUNTY was and now is a municipal entity organized and existing under the laws of the State of California.

8.     MR. FREY, MRS. FREY, COOLEY, the COUNTY, and DOES 1 to 100, inclusive, are referred to herein collectively as the "DEFENDANTS."

9.     PLAINTIFF is informed and believes and based thereon alleges that, at all times mentioned, MR. FREY and MRS. FREY, in doing the things herein mentioned, were acting within the scope of their authority as an agents and employees with the permission and consent of COOLEY and the COUNTY.

10.     PLAINTIFF is informed and believes and based thereon alleges that, at all times mentioned, MR. FREY and MRS. FREY, in doing the things herein mentioned, formed a conspiracy to work together in engaging in the wrongful conduct directed towards PLAINTIFF, which wrongful acts caused resulting damage to PLAINTIFF, as further alleged herein.

## FACTUAL ALLEGATIONS

### A.     PLAINTIFF's Relationship with Nonparty James O'Keefe

11.     Prior to the events forming the basis for this Complaint, PLAINTIFF was a personal friend and professional colleague of James O'Keefe ("O'KEEFE"), a conservative activist specializing in producing undercover videos that style themselves as "exposés" of liberal political misdeeds.

12.     PLAINTIFF is informed and believes and based thereon alleges that O'KEEFE is a popular member of the conservative community who has been vilified by the mainstream press for unfair and biased attacks on his targets, but is much admired by a section of conservatives. PLAINTIFF is informed and believes and based thereon alleges that MR. and MRS. FREY are among O'KEEFE'S admirers.

13.     PLAINTIFF is informed and believes and based thereon alleges that in January 2010, O'KEEFE was arrested during an undercover project aimed at sitting U.S. Senator Mary Landrieu.

Complaint, Page - 3

LEIDERMAN DEVINE LLP
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

14.     PLAINTIFF is informed and believes and based thereon alleges that in May, 2010, O'KEEFE plead guilty to entering real property of the United States under false pretenses for which he is currently serving three years of probation.

15.     In or around Fall 2011, after a friendship of approximately two and a half years, O'KEEFE began making romantic overtures toward PLAINTIFF, overtomes that PLAINTIFF rejected. These harassing romantic advances culminated in a frightening incident on October 2, 2011, in a barn in New Jersey ("Barn Incident"), during which O'KEEFE drugged PLAINTIFF in an attempt to sexually assault her. A few weeks after this incident, O'KEEFE offered to pay PLAINTIFF in consideration for her promise not to disclose the barn incident. PLAINTIFF rejected O'KEEFE's offer. In response, PLAINTIFF sent a letter to O'KEEFE and the board of directors of his company, requesting he cease harassing her. O'KEEFE, in turn, threatened to sue PLAINTIFF if she contacted law enforcement about the Barn Incident.

16.     In November 2011, O'KEEFE posted a harassing, degrading, public video about PLAINTIFF to youtube.com in response to which PLAINTIFF filed a criminal harassment complaint against O'KEEFE in New Jersey, which was ultimately dismissed for lack of jurisdiction.

17.     In February 2012, the late conservative media mogul Andrew Breitbart—a personal friend of both PLAINTIFF (on information and belief) and O'KEEFE—mischaracterized the Barn Incident while speaking with a reporter. In an effort to correct misconceptions about PLAINTIFF's lawsuit against O'KEEFE and the underlying facts of the Barn Incident, PLAINTIFF publicly challenged Mr. Breitbart's mischaracterizations in her personal blog and via her Twitter account.

### B.   MR. FREY'S and MRS. FREY'S Relationship to O'KEEFE

18.     PLAINTIFF is informed and believes and based thereon alleges that MR. FREY is a close personal friend of O'KEEFE, and that O'KEEFE worked as an intern in the COUNTY District Attorney's Office with MR. FREY while O'KEEFE was a law school student.

Complaint, Page - 4

LEIDERMAN DEVINE LLP
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

19.     PLAINTIFF is informed and believes and based thereon alleges that both MR. FREY and MRS. FREY were and are aware of the fact that O'KEEFE is currently on federal probation, and that any criminal charges against O'KEEFE would potentially violate the terms of his probation.

20.     Although PLAINTIFF, on the one hand, and MR. FREY and MRS. FREY, on the other hand, had mutual friends and acquaintances, including O'KEEFE, they had no direct contact with each other prior to the events described below.

### C.     The Harassing and Defamatory Internet Blog Publications and Tweets Authored by MR. FREY Regarding PLAINTIFF

21.     PLAINTIFF was involved in an incident in Los Angeles, California, during which O'KEEFE wire tapped Congresswoman Maxine Waters' office and the office of OneUnited, the bank that employed Congresswoman Waters' husband. PLAINTIFF was used by O'KEEFE to further this wire tapping plan.

22.     PLAINTIFF is informed and believes and based thereon alleges that MR. FREY and MRS. FREY were aware of PLAINTIFF'S involvement with O'KEEFE'S wire tapping of Congresswoman Waters at some point after the incident occurred.

23.     PLAINTIFF is informed and believes and based thereon alleges that MR. FREY publishes a "blog" on the Internet known as "Patterico's Pontifications" at the publically available website www.patterico.com and that MR. FREY has the power of moderation over all articles and comments on his blog, and may therefore edit and delete comments and comment timestamps.

24.     PLAINTIFF is informed and believes and based thereon alleges that in February and March 2012, MR. FREY posted at least eight separate articles concerning PLAINTIFF on his blog at www.patterico.com and actively participated in comment threads with respect to the articles, posting the comments under the Internet code name "Patterico." PLAINTIFF is informed and believes and based thereon alleges that during the same time period—and at all times of day and night—MR. FREY posted several dozen threatening, harassing and defamatory statements concerning PLAINTIFF using

Complaint, Page - 5

his twitter account, @patterico, which statements are commonly known as "tweets."  In his tweets, MR. FREY described PLAINTIFF as a liar, illiterate, callous, self-absorbed, despicable, a smear artist, dishonest, and absurd (among other less direct harassment).  In particular, MR. FREY repeatedly asked the rhetorical question: "why did PLAINTIFF not call a cab to escape the barn during the Barn Incident," which was intended to discredit PLAINTIFF'S entire account of the Barn Incident.  MR. FREY has described his activity as "poking holes" in the theory PLAINTIFF put forth in her criminal harassment complaint against O'KEEFE.

25.    PLAINTIFF is informed and believes and based thereon alleges that as of at least February 28, 2012, MR. FREY and MRS. FREY knew: (a) PLAINTIFF had evidence of O'KEEFE's wire tapping of Congresswoman Waters' office and the OneUnited Offices; (b) she was planning on coming forward with this evidence; (c) since the wiretapping occurred within the COUNTY'S jurisdiction, MR. FREY'S, MRS. FREY'S and COOLEY'S office would likely receive the evidence; and (d) O'KEEFE risked a prison sentence for violating his federal probation if PLAINTIFF made the evidence available.

26.    PLAINTIFF is informed and believes and based thereon alleges that on February 28, 2012, MR. FREY published to his blog portions of the transcript from the probable cause hearing in PLAINTIFF'S criminal harassment lawsuit against O'KEEFE in a manner that was intentionally out-of-context.

27.    PLAINTIFF is informed and believes and based thereon alleges that in the same February 28, 2012, blog post, MR. FREY criticized journalist Tommy Christopher for failing to vet PLAINTIFF before publishing an article about the Barn Incident and subsequent lawsuit, and made a list of 29 questions Mr. Christopher "should" have asked when interviewing PLAINTIFF for his article regarding the Barn Incident.  PLAINTIFF is informed and believes and based thereon alleges that these 29 questions were intended to provide O'KEEFE with legal ammunition to fight PLAINTIFF'S criminal harassment lawsuit, and so constituted the giving of legal advice.

Complaint, Page - 6

LEIDERMAN DEVINE LLP
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

28.     On March 14, 2012, in an effort both to combat misconceptions regarding the barn incident, PLAINTIFF began posting a series of articles on her personal Internet blog. In these blog posts, PLAINTIFF wrote about the incident involving O'KEEFE wire tapping Congresswoman Waters' office and the OneUnited offices. At that time she published the blog posts, PLAINTIFF was planning on turning over an audio recording of the wire tapping of Congresswoman Waters to the COUNTY, through its Sheriff's Department or its District Attorney's office.

29.     PLAINTIFF is informed and believes and based thereon alleges that on Friday, March 23, 2012, at a time when MR. FREY should have been in the employ of the COUNTY, MR. FREY published to his blog several documents related to a civil suit filed by O'KEEFE against PLAINTIFF including an order granting an injunction against PLAINTIFF (this suit is separate from the criminal harassment complaint arising from the Barn Incident).

30.     On March 23, 2012, PLAINTIFF responded to MR. FREY's March 23, 2012, tweet, with a responding tweet informing him that she intended to notify the COUNTY District Attorney's office and the California State Bar that MR. FREY was misusing government time and resources by blogging and tweeting about PLAINTIFF'S dispute(s) with O'KEEFE.

31.     PLAINTIFF is informed and believes and based thereon alleges that on March 24, 2012, MR. FREY retaliated against PLAINTIFF by publishing to his blog over 200 pages of a 2005 deposition transcript from an unrelated civil matter between PLAINTIFF and her former employer. In this blog post, MR. FREY claimed to have downloaded the transcript from PACER, yet PACER'S terms of use forbids releasing un-redacted personal information, particularly social security numbers. The deposition transcript MR. FREY posted contained a great deal of PLAINTIFF'S private and personal information, including her social security number, date of birth, maiden name, mother's maiden name, family address, information about PLAINTIFF'S medical condition and the medications PLAINTIFF was taking at that time.

Complaint, Page - 7

LEIDERMAN DEVINE LLP
5740 Ralston Street. Suite 300
Ventura. California 93003
Tel: 805-654-0200
Fax: 805-654-0280

32.     PLAINTIFF is informed and believes and based thereon alleges that on March 25, 2012, after word spread that PLAINTIFF'S social security number was in the first few pages of the deposition transcript, MR. FREY wrote in the comments section of the March 24, 2012, blog post: "I think I may lay off Nadia and give her a chance to realize she has made a mistake in threatening to report me for totally bogus reasons." PLAINTIFF is informed and believes and based thereon alleges that in another comment time stamped one minute later, MR. FREY continued: "She may just be starting to realize that she that she has made a series of mistakes that could land her in trouble.  Maybe she's reconsidering . . . ."

33.     PLAINTIFF is informed and believes and based thereon alleges that at some time after his March 25, 2012, blog posts, MR. FREY removed the deposition transcript from his website; however, PLAINTIFF'S personal information and social security number were nonetheless preserved for several weeks or months in an Internet web cache, available to anyone with an Internet connection wishing to view PLAINTIFF'S personal details for whatever reason.

34.     On March 26, 2012, PLAINTIFF began receiving email alerts from the credit reporting agency Experian, explaining that people had made changes to her credit report.  PLAINTIFF continues to receive reports that individuals are fraudulently using her social security number.

35.     As of the time of filing of this Complaint, at least two of MR. FREY's harassing and defamatory blog posts still appear on the first page of Google search results for "Nadia Naffe," including the post which originally published the link to PLAINTIFF'S social security number.

36.     PLAINTIFF is informed and believes and based thereon alleges that MR. FREY engaged in the defamatory and harassing activity described herein in order (1) to intimidate her into not handing over evidence to the COUNTY regarding MR. FREY's personal friend Mr. O'KEEFE's wiretapping of Congresswoman Waters, and (2) to protect the reputations of his personal friends, Mr. O'KEEFE and Mr. Breitbart, and that

Complaint, Page - 8

1  MRS. FREY was an active participant and contributor to the defamatory and harassing

2  activity.

3       37.     As a result of the actions of MR. FREY, MRS. FREY and COOLEY, as

4  more fully described herein, PLAINTIFF was in fact intimidated into not reporting

5  O'KEEFE's wire tapping to the COUNTY.

6       **D.    MR. FREY'S Abuse of his Position as a District Attorney.**

7       38.     PLAINTIFF is informed and believes and based thereon alleges that

8  although www.paterico.com includes a disclaimer that MR. FREY'S statements

9  contained therein are "personal opinions. . . not made in any official capacity," MR.

10 FREY has used and does use his position as a COUNTY Assistant District Attorney to

11 advance his personal political agenda, to increase his audience, and to amplify his

12 harassment against political enemies.

13      39.     PLAINTIFF is informed and believes and based thereon alleges that when

14 MR. FREY'S website or blog is mentioned by other news outlets or bloggers, he is

15 commonly introduced as "Deputy District Attorney" or "Los Angeles County

16 prosecutor." (*See, e.g.*, http://www.volokh.com/posts/1236116981.shtml;

17 http://littlegreenfootballs.com/article/37961_Quote_of_the_Day;

18 http://www.nationalreview.com/corner/188151/patterico-and-polanski/jack-dunphy#;

19 http://www.tnr.com/blog/the-plank/applebaum-polanski;

20 http://www.popehat.com/2012/03/26/nadia-naffe-wont-shut-up-but-shell-threaten-you-to-

21 make-you-shut-up/; http://commonsensepoliticalthought.com/?p=4195.)

22      40.     PLAINTIFF is informed and believes and based thereon alleges that MR.

23 FREY makes no effort to correct these associations because he wants readers to associate

24 him and his website with his official title to add credibility to his published statements

25 and commentary.

26      41.     On April 23, 2012, PLAINTIFF submitted a Government Code 910 Claim

27 with the COUNTY (the "Claim").  Attached hereto as **Exhibit "A"** is a copy of the

28 Claim.

Complaint, Page - 9

LEIDERMAN DEVINE LLP
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

42.     On May 24, 2012 the COUNTY rejected the Claim.  Attached hereto as Exhibit "B" is a copy of the COUNTY's May 25, 2012 rejection letter.

## FIRST CAUSE OF ACTION
### Violations of 42 U.S.C. § 1983
### (As Against All Defendants)

43.     PLAINTIFF repeats and realleges each and every allegation in Paragraphs 1 through 40 of this Complaint, inclusive, and incorporates the same by reference, as though fully set forth herein.

44.     In abusing his position as a Deputy District Attorney as described above, MR. FREY acted under color of state law in his continuous harassment of PLAINTIFF via his website, blog and Twitter account.

45.     MR. FREY'S harassment of PLAINTIFF violated her First Amendment constitutional right to petition the government for redress of grievances by intimidating PLAINTIFF into silence regarding O'KEEFE wiretapping of Congresswoman Waters.

46.     MR. FREY'S harassment of PLAINTIFF violated her due process rights by creating a situation in which PLAINTIFF believed (a) she would not receive fair treatment from MR. FREY, MRS. FREY, COOLEY or anyone else at the COUNTY, and (b) any case in which PLAINTIFF was involved would be prejudged by the COUNTY, COOLEY, or MR. FREY himself.

47.     As a direct and proximate result of the DEFENDANTS' conduct alleged herein, PLAINTIFF has suffered general and special damages including, without limitation, harm to PLAINTIFF'S reputation, emotional distress, expense incurred in defense and repair of her credit rating, lost earnings, and other pecuniary loss.

48.     PLAINTIFF is informed and believes and based thereon alleges that, in engaging in the conduct alleged herein, DEFENDANTS (a) acted with the intent to injure, vex, annoy and harass PLAINTIFF, (b) subjected PLAINTIFF to cruel and unjust hardship in conscious disregard of PLAINTIFF'S rights, and (c) intentionally misrepresented and concealed material facts known to the DEFENDANTS with the intention on the part of the DEFENDANTS of thereby depriving PLAINTIFF of her legal

Complaint, Page - 10

LEIDERMAN DEVINE LLP
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

1    rights and otherwise cause PLAINTIFF injury. As a result of the foregoing, PLAINTIFF

2    is entitled to exemplary and punitive damages against DEFENDANTS.

3                              **SECOND CAUSE OF ACTION**
                         **Public Disclosure Invasion of Privacy**
4                              **(As Against All Defendants)**

5        49.      PLAINTIFF repeats and realleges each and every allegation in Paragraphs 1

6    through 40, and 42 through 46, inclusive, of this Complaint and incorporates the same by

7    reference, as though fully set forth herein.

8        50.      MR. FREY'S publication of personal details, including information about

9    PLAINTIFF'S medical history, from PLAINTIFF'S unredacted deposition transcript

10   constituted a public disclosure of private facts and was highly offensive and

11   objectionable, judged by a reasonable person standard.

12       51.      The facts disclosed by the publication of PLAINTIFF'S unredacted

13   deposition transcript were not of legitimate public concern as they were personal, private,

14   and totally irrelevant to any other matter of public concern (such as the allegations of

15   O'KEEFE'S wiretapping or the Barn Incident).

16       52.      As a direct and proximate result of the DEFENDANTS' conduct alleged

17   herein, PLAINTIFF has suffered general and special damages including, without

18   limitation, harm to PLAINTIFF'S reputation, emotional distress, expense incurred in

19   defense and repair of her credit rating, lost earnings, and other pecuniary loss.

20       53.      PLAINTIFF is informed and believes and based thereon alleges that, in

21   engaging in the conduct alleged herein, DEFENDANTS (a) acted with the intent to

22   injure, vex, annoy and harass PLAINTIFF, (b) subjected PLAINTIFF to cruel and unjust

23   hardship in conscious disregard of PLAINTIFF'S rights, and (c) intentionally

24   misrepresented and concealed material facts known to the DEFENDANTS with the

25   intention on the part of the DEFENDANTS of thereby depriving PLAINTIFF of her legal

26   rights and otherwise cause PLAINTIFF injury. As a result of the foregoing, PLAINTIFF

27   is entitled to exemplary and punitive damages against DEFENDANTS.

28   ///

Complaint, Page - 11

LEIDERMAN DEVINE LLP
5740 Ralston Street. Suite 300
Ventura. California 93003
Tel: 805-654-0200
Fax: 805-654-0280

## THIRD CAUSE OF ACTION
### False Light Invasion of Privacy
### (As Against All Defendants)

54.     PLAINTIFF repeats and realleges each and every allegation in Paragraphs 1 through 40, 42 through 46, and 48 through 51, inclusive, of this Complaint and incorporates the same by reference, as though fully set forth herein.

55.     By consistently and relentlessly painting PLAINTIFF as a liar, as dishonest, and as self-absorbed, and by relentlessly asking everyone who would listen why PLAINTIFF failed to call a cab during the barn incident, MR. FREY placed PLAINTIFF in a highly offensive false light; instead of the victim of the Barn Incident, MR. FREY intended to paint PLAINTIFF as the perpetrator of fraudulent allegations.

56.     PLAINTIFF is informed and believes and based thereon alleges that MR. FREY knew of or acted in reckless disregard as to the falsity of his statements and as to the false light in which PLAINTIFF was placed.

57.     As a direct and proximate result of the DEFENDANTS' conduct alleged herein, PLAINTIFF has suffered general and special damages including, without limitation, harm to PLAINTIFF'S reputation, emotional distress, expense incurred in defense and repair of her credit rating, lost earnings, and other pecuniary loss.

58.     PLAINTIFF is informed and believes and based thereon alleges that, in engaging in the conduct alleged herein, DEFENDANTS (a) acted with the intent to injure, vex, annoy and harass PLAINTIFF, (b) subjected PLAINTIFF to cruel and unjust hardship in conscious disregard of PLAINTIFF'S rights, and (c) intentionally misrepresented and concealed material facts known to the DEFENDANTS with the intention on the part of the DEFENDANTS of thereby depriving PLAINTIFF of her legal rights and otherwise cause PLAINTIFF injury. As a result of the foregoing, PLAINTIFF is entitled to exemplary and punitive damages against DEFENDANTS.

///

///

///

LEIDERMAN DEVINE LLP
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

## FOURTH CAUSE OF ACTION
### Defamation
### (As Against All Defendants)

59.     PLAINTIFF repeats and realleges each and every allegation in Paragraphs 1 through 40, 42 through 46, 48 through 51, and 53 through 56, inclusive, of this Complaint and incorporates the same by reference, as though fully set forth herein.

60.     MR. FREY'S tweets and blog posts about PLAINTIFF, read by an audience numbering in the thousands, were publications. Specifically, the following statements were false, defamatory, and had a natural tendency to injure the PLAINTIFF's reputation:

a.  Referring to PLAINTIFF and the Barn Incident: "@Dust92 Or because the 'victim' is a liar whose lies will be exposed? That sometimes happens too!" was published via Twitter on March 22, 2012.

b.  Also referring to the barn incident: "@NadiaNaffe That is false. But then, you're full of false allegations, aren't you?" published via Twitter on March 23, 2012.

61.     PLAINTIFF is informed and believes and based thereon alleges that even though PLAINTIFF is not a "public official" or "public figure" (and thus a showing of "actual malice" is not required by the First Amendment), that MR. FREY did make the aforementioned statements either knowing they were false or in reckless disregard of the truth and with actual malice, hatred and ill will.

62.     As a direct and proximate result of the DEFENDANTS' conduct alleged herein, PLAINTIFF has suffered general and special damages including, without limitation, harm to PLAINTIFF'S reputation, emotional distress, expense incurred in defense and repair of her credit rating, lost earnings, and other pecuniary loss.

63.     PLAINTIFF is informed and believes and based thereon alleges that, in engaging in the conduct alleged herein, DEFENDANTS (a) acted with the intent to injure, vex, annoy and harass PLAINTIFF, (b) subjected PLAINTIFF to cruel and unjust hardship in conscious disregard of PLAINTIFF'S rights, and (c) intentionally misrepresented and concealed material facts known to the DEFENDANTS with the intention on the part of the DEFENDANTS of thereby depriving PLAINTIFF of her legal

Complaint, Page - 13

1  rights and otherwise cause PLAINTIFF injury.  As a result of the foregoing, PLAINTIFF
2  is entitled to exemplary and punitive damages against DEFENDANTS.

3

4                          **FIFTH CAUSE OF ACTION**
5              **Intentional Infliction of Emotional Distress**
                       **(As Against All Defendants)**
6      64.      PLAINTIFF repeats and realleges each and every allegation in Paragraphs 1
7  through 40, 42 through 46, 48 through 51, 53 through 56, and 58 through 61, inclusive, of
8  this Complaint and incorporates the same by reference, as though fully set forth herein.
9      65.      MR. FREY'S intentional and/or reckless campaign of defamatory
10 harassment against PLAINTIFF and intentional and/or reckless disclosure of
11 PLAINTIFF'S sensitive personal information on Twitter, his website and his blog was, as
12 judged by a reasonable person standard, beyond the bounds of decency and is therefore
13 extreme and outrageous conduct.
14     66.      As a direct and proximate result of the DEFENDANTS' conduct alleged
15 herein, PLAINTIFF has suffered general and special damages including, without
16 limitation, harm to PLAINTIFF'S reputation, emotional distress, expense incurred in
17 defense and repair of her credit rating, lost earnings, and other pecuniary loss.
18     67.      PLAINTIFF is informed and believes and based thereon alleges that, in
19 engaging in the conduct alleged herein, DEFENDANTS (a) acted with the intent to
20 injure, vex, annoy and harass PLAINTIFF, (b) subjected PLAINTIFF to cruel and unjust
21 hardship in conscious disregard of PLAINTIFF'S rights, and (c) intentionally
22 misrepresented and concealed material facts known to the DEFENDANTS with the
23 intention on the part of the DEFENDANTS of thereby depriving PLAINTIFF of her legal
24 rights and otherwise cause PLAINTIFF injury.  As a result of the foregoing, PLAINTIFF
25 is entitled to exemplary and punitive damages against DEFENDANTS.
26 ///
27 ///
28 ///

Complaint, Page - 14

LEIDERMAN DEVINE LLP
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

## SIXTH CAUSE OF ACTION
### Negligence
### (As Against All Defendants)

68.     PLAINTIFF repeats and realleges each and every allegation in Paragraphs 1 through 40, 42 through 46, 48 through 51, 53 through 56, 58 through 61, and 63 through 65, inclusive, of this Complaint and incorporates the same by reference, as though fully set forth herein.

69.     As imposed by statute, including California Civil Code § 1798.85), by the contractual relationship with PACER shown by its terms of use, and under common law, MR. FREY had an affirmative duty to redact or otherwise ensure that he did not publicly display PLAINTIFF'S social security number and other exploitable personal information.

70.     By nevertheless displaying PLAINTIFF's unredacted deposition transcript on his website blog, MR. FREY breached his duties to PLAINTIFF.

71.     As a direct and proximate cause of MR. FREY'S publication of PLAINTIFF's social security number, PLAINTIFF has suffered foreseeable damage in the form of (a) the changes to her credit report, and (b) subsequent attempts by others to use PLAINTIFF'S personal information fraudulently.

## SEVENTH CAUSE OF ACTION
### Negligent Supervision
### (As Against COOLEY and COUNTY)

72.     PLAINTIFF repeats and realleges each and every allegation in Paragraphs 1 through 40, 42 through 46, 48 through 51, 53 through 56, 58 through 61, 63 through 65, and 67 through 69, inclusive, of this Complaint and incorporates the same by reference, as though fully set forth herein.

73.     PLAINTIFF is informed and believes and based thereon alleges that as COUNTY District Attorney, and supervisor of the COUNTY District Attorney's Office, Defendant COOLEY had, and did exercise, supervisory authority over all COUNTY Deputy District Attorneys, including without limitation, MR. FREY and MRS. FREY, while engaged in the course and scope of their employment during business hours.

Complaint, Page - 15

LEIDERMAN DEVINE LLP
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

74.     PLAINTIFF is informed and believes and based thereon alleges that numerous comments from MR. FREY under the Internet code name "Patterico" on his blog are time stamped during regular business hours, ostensibly while MR. FREY was employed to be performing his official duties to the COUNTY as an assistant district attorney.

75.     PLAINTIFF is informed and believes and based thereon alleges that MR. FREY and COOLEY have received numerous complaints regarding MR. FREY'S use of his website and blog to harass private individuals other than PLAINTIFF.

76.     PLAINTIFF is informed and believes and based thereon alleges that the COUNTY and COOLEY had actual and/or constructive knowledge that MR. FREY was using the time and resources of the COUNTY District Attorney's Office to harass private citizens.

77.     PLAINTIFF is informed and believes and based thereon alleges that COOLEY and the COUNTY, intentionally, recklessly, or negligently caused or allowed third parties to believe that MR. FREY had permission and authority from COOLEY and the COUNTY to use his Deputy District Attorney position in order to improperly gain influence in the conservative blogging community and to intimidate PLAINTIFF from coming forward as a witness; that is, MR. FREY had actual or ostensible authority to act on behalf of the COUNTY, and thus liability for each and every cause of action listed below may be imposed on COOLEY and the COUNTY under the doctrine of respondeat superior.

78.     Furthermore, by continuing to employ MR. FREY, failing to condemn his harassment crusades against personal and political enemies, and by allowing him to abuse his official title, COOLEY and the COUNTY therefore ratified MR. FREY's acts; thus COOLEY and the COUNTY are independently liable as principals for the tortious acts of MR. FREY.

79.     As a direct and proximate result of COOLEY'S and the COUNTY'S conduct alleged herein, PLAINTIFF has suffered general and special damages including,

Complaint, Page - 16

LEIDERMAN DEVINE LLP
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

without limitation, harm to PLAINTIFF'S reputation, emotional distress, expense incurred in defense and repair of her credit rating; lost earnings, and other pecuniary loss.

## DEMAND FOR JURY TRIAL

PLAINTIFF hereby demands a jury trial for all causes of action and issues which may be determined by jury under federal and/or California law.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for judgment against DEFENDANTS, and each of them, on each and every cause of action as follows:

1.   For general damages according to proof at trial;

2.   For special damages according to proof at trial;

3.   For an award of exemplary damages;

4.   For an award of attorneys' fees permissible under 42 U.S.C. §1988;

5.   For an award of PLAINTIFF'S costs of suit incurred herein; and

6.   For such other and further relief as the Court deems just and proper.

Dated: September 27, 2012

LEIDERMAN DEVINE LLP

By: _____
Jason S. Leiderman
James B. Devine
Attorneys for Plaintiff
NADIA NAFFE, an individual

LEIDERMAN DEVINE LLP
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

# EXHIBIT "A"

# CLAIM FOR DAMAGES
# TO PERSON OR PROPERTY

COUNTY OF LOS ANGELES



INSTRUCTIONS:
1. Read claim thoroughly.
2. Fill out claim as indicated; attach additional information if necessary.
3. Please return this original signed claim and any attachments supporting your claim. This form must be signed.

DELIVER OR U.S MAIL TO:
EXECUTIVE OFFICER, BOARD OF SUPERVISORS, ATTENTION: CLAIMS
500 WEST TEMPLE STREET, ROOM 383, KENNETH HAHN HALL OF
ADMINISTRATION, LOS ANGELES, CA 90012

TIME STAMP
OFFICE USE ONLY

| 1. ☐ Mr. ☐ Ms. ☐ Mrs. | LAST NAME Naffe | FIRST NAME Nadia |
|---|---|---|

2. ADDRESS OF CLAIMANT/ ATTORNEY
Jay Leiderman and James B. Devine, Leiderman Devine LLP

Street
5740 Ralston Street, Suite 300

City, State
Ventura, CA

Zip Code
93003

HOME TELEPHONE:
( )  decline to state

BUSINESS TELEPHONE:
(805  654-0200

3. CLAIMANT'S BIRTHDATE:
10/10/1978

4. CLAIMANT'S SOCIAL SECURITY NUMBER
decline to state

5. DATE AND TIME OF INCIDENT
March 26, 2012 - most recent incident (please see attachment for description of all incidents with details as to date)

6. WHERE DID DAMAGE OR INJURY OCCUR?
415 W. Ocean Blvd.

Street
Long Beach

City, State
California

Zip Code
90802

7. DESCRIBE IN DETAIL HOW DAMAGE OR INJURY OCCURRED:
Please see attachment.

(213) 974-1440

10. WHY DO YOU CLAIM COUNTY IS RESPONSIBLE?
Please see attachment

11. NAMES OF ANY COUNTY EMPLOYEES (AND THEIR DEPARTMENTS) INVOLVED IN INJURY OR DAMAGE (IF APPLICABLE):

| NAME John Patrick Frey | DEPT. District Attorney's Office |
|---|---|
| NAME Steve M. Cooley | DEPT. District Attorney's Office |

12. WITNESSES TO DAMAGE OR INJURY: LIST ALL PERSONS AND ADDRESSES OF PERSONS KNOWN TO HAVE INFORMATION:

| NAME Claimant | PHONE contact through counsel |
|---|---|
| ADDRESS address is listed above | |
| NAME John Patrick Frey | PHONE (213) 974-3511 |
| ADDRESS 210 West Temple Street, 18th Floor | |
| NAME Steve Cooley | PHONE (213) 974-3512 |

13. LIST DAMAGES INCURRED TO DATE (and attach copies of receipts or repair estimate):  Violation of privacy rights, violation of civil rights, intentional infliction of emotional distress, negligent infliction of emotional distress, defamation, negligent supervision of employees, violation of HIPAA, and violation of Penal Code section 136.1(b) and 422.6(a).

8. WERE POLICE OR PARAMEDICS CALLED?
YES ☐    NO ☒

9. IF PHYSICIAN WAS VISITED DUE TO INJURY, INCLUDE DATE OF FIRST VISIT AND PHYSICIAN'S NAME, ADDRESS AND PHONE NUMBER:

DATE OF FIRST VISIT            PHYSICIAN'S NAME

PHYSICIAN'S ADDRESS            PHONE
                              (   )

| TOTAL DAMAGES TO DATE: $500,000 | TOTAL ESTIMATED PROSPECTIVE DAMAGES: $500,000 |
|---|---|

## THIS CLAIM MUST BE SIGNED
### NOTE: PRESENTATION OF A FALSE CLAIM IS A FELONY (PENAL CODE SECTION 72)

## WARNING

- CLAIMS FOR DEATH, INJURY TO PERSON OR TO PERSONAL PROPERTY MUST BE FILED NOT LATER THAN 6 MONTHS AFTER THE OCCURENCE. (GOVERNMENT CODE SECTION 911.2)

- ALL OTHER CLAIMS FOR DAMAGES MUST BE FILED NOT LATER THAN ONE YEAR AFTER THE OCCURRENCE. (GOVERNMENT CODE SECTION 911.2)

- SUBJECT TO CERTAIN EXCEPTIONS, YOU HAVE ONLY SIX (6) MONTHS FROM THE DATE OF THE WRITTEN NOTICE OF REJECTION OF YOUR CLAIM TO FILE A COURT ACTION. (GOVERNMENT CODE SECTION 945.6)

- IF WRITTEN NOTICE OF REJECTION OF YOUR CLAIM IS NOT GIVEN, YOU HAVE TWO (2) YEARS FROM ACCRUAL OF THE CAUSE OF ACTION TO FILE A COURT ACTION. (GOVERNMENT CODE SECTION 945.6)

14. PRINT OR TYPE NAME
Jay Leiderman

DATE
April 20 2012

15. SIGNATURE OF CLAIMANT OR PERSON FILING ON HIS/HER BEHALF GIVING RELATIONSHIP TO CLAIMANT

REVISED 4/06

Conservative activists James O'keefe, who is in the business of producing videos exposing what he believes to be newsworthy issues of public importance1 and the late Andrew Breitbart (conservative activist, author, TV commentator and, most notably, an internet media mogul), at one time, were personal friends of the claimant Nadia Naffe.

On several occasions, Mr. O'keefe and Ms. Naffe have traveled together to do undercover video projects. During one such project, in January 2010, Mr. O'keefe illegally recorded a member of Congress in Los Angeles County.

After approximately 2 1/2 years, the friendship between Mr. O'keefe and Ms. Naffe began to erode after he made several passive romantic overtures towards her, which led to a disturbing incident in a barn in Westwood, New Jersey on October 2, 2011.

A few weeks after the barn incident, Mr. O'keefe contacted Ms. Naffe to offer her money in exchange for agreeing not to disclose the incident in New Jersey, which Ms. Naffe rejected. Ms. Naffe contacted the board of directors of Mr. O'keefe's company (including Mr. O'keefe) and requested that Mr. O'keefe cease harassing her. After Mr. O'keefe and his board received Ms. Naffe's letter, Mr. O'keefe threatened to sue Ms. Naffe if she contacted law enforcement to report the incident.

In November 2011, O'Keefe continued his harassment of Ms. Naffe, by posting a derogatory video which implied Ms. Naffe was a turncoat, on his website, ProjectVeritas.com and on YouTube.com. In response to the video posting, Ms. Naffe filed a criminal harassment complaint against Mr. O'keefe. The judge dismissed the criminal harassment complaint due to an inability to determine whether the alleged conduct occurred in the State of New Jersey.

In February 2012, the late Mr. Breitbart mischaracterized the New Jersey incident between Ms. Naffe and Mr. O'keefe when discussing the matter with a reporter. Ms. Naffe publicly challenged Mr. Breitbart's assertions in her own blog posts and tweets.

In response to Ms. Naffe's challenge to Mr. Breitbart, John Patrick Frey, while acting both individually and in the capacity as an Assistant District Attorney in the Los Angeles County District Attorney's office, with whom Ms. Naffe had no prior contact, began ruthlessly and relentlessly attacking Ms. Naffe, both on his blog (http://patterico.com) and by tweeting threatening, harassing and defamatory remarks to Ms. Naffe on Twitter (@patterico), all hours of the day and night.

Mr. Frey has stated that his motivation for "poking holes" in Ms. Naffe's theories, with respect to her civil matter pending against Mr. O'keefe was predicated on the friendship between he, Breitbart and O'keefe. Mr. O'keefe has worked in the same offices as Mr. Frey, while completing an internship with the Los Angeles County District Attorney's Office. Mr. Frey has used his influence to defend Mr. O'keefe on prior occasions (see attached).

Between February 28, 2012, and March 29, 2012, Mr. Frey published eight articles on his blog concerning Ms. Naffe. During that same time period, Mr. Frey has authored several dozen "tweets" (via Twitter.com) concerning Ms. Naffe and/or referring to Ms. Naffe specifically by name. In his tweets, Mr. Frey states that Ms. Naffe is a liar, illiterate, callous, self-absorbed, despicable, a smear artist, dishonest and absurd.

Mr. Frey has repeatedly questioned how someone, with inferior intelligence and could not spell, such as Ms. Naffe, could be attending Harvard. Mr. Frey tweeted "The state bar will laugh at your complaint. As I am laughing now. You seriously go to Harvard?"

The first article Mr. Frey published concerning Ms. Naffe was on February 28, 2012, which included a court transcript from the probable cause hearing Ms. Naffe filed against Mr. O'keefe, stemming from a criminal harassment complaint. Mr. Frey posted screen shots of the transcript and took the statements out of context.

In his other articles, Mr. Frey criticizes a journalist for not "vetting" Ms. Naffe more extensively before writing a story concerning Ms. Naffe and Mr. O'keefe. Mr. Frey made a list of 29 questions the journalist "should have" asked Ms. Naffe regarding her encounters with Mr. O'keefe. Mr. Frey's questions sounded strikingly more similar to the types of questions a lawyer would raise in a legal defense.

On March 14, 2012, Ms. Naffe began a series on her blog to dispel misconceptions about what happened between herself and Mr. O'keefe in New Jersey, why her movement was impaired during the barn incident, and how Messrs. O'keefe and Breitbart coordinated illegal recordings and attempted to wiretap a member

of Congress in Los Angeles County.

On March 23, 2012, Mr. Frey posted on his website documents pertaining to a civil lawsuit that Mr. O'keefe filed against Ms. Naffe. Also on the same date, Mr. Frey tweeted that a judge had granted an injunction against Ms. Naffe and he included a link to the documents.

Ms. Naffe tweeted back, that she intended to report Mr. Frey to the internal affairs department of the District Attorney's office and the California State Bar for misusing government time and resources, so that he could post documents concerning Ms. Naffe on his blog, during business hours and for unethically inserting himself and his wife ChristiL. Frey, who is also an assistant district attorney, into a civil legal matter. That resulted in Mr. Frey stating on his blog the following comments: "You may have noticed that Naffe is now threatening to report me to the State Bar for this post, which is, she claims, 'legal advice.' Because I point out holes in her story, she says, that constitutes 'legal advice' to James O'Keefe in a civil matter. She also falsely accuses me of updating the post during work hours."

On March 24, 2012, Mr. Frey further retaliated by publishing and distributing Ms. Naffe's medical information online, including her social security number, by posting on patterico.com a deposition transcript from a civil matter taken in 2005, in which Ms. Naffe sued her former employer. The deposition transcript contained all Ms. Naffe's personal information including her social security number, date of birth, maiden name, her mother's maiden name, her family's address, information regarding Ms. Naffe's medical condition and medications she was taking, and other information regarding Ms. Naffe's private and personal affairs.

In addition to publishing and distributing Ms. Naffe's confidential information online, Mr. Frey went on to dissect several aspects of the deposition. In his blog post, Mr. Frey again noted that Ms. Naffe threatened to report him to the California State Bar. Mr. Frey posted over 200 pages of documents from the deposition transcript concerning Ms. Naffe, which Mr. Frey first claimed he obtained from PACER.

On March 25, 2012, after it became publicly known that Ms. Naffe's social security number was in the first few pages of the deposition, Mr. Frey posted a comment to his blog stating: "I think I may lay off Nadia and give her a chance to realize she has made a mistake in threatening to report me for totally bogus reasons. I don't really have much else to say about it right now anyway. Comment by Patterico — 3/25/2012 @ 3:42 pm."

Mr. Frey posted a comment to his blog, suggesting his continued harassment had intimidated Ms. Naffe into silence by posting: "She may just be starting to realize that she has made a series of mistakes that could land her in trouble. Maybe she's reconsidering and that's why the Twitter and Facebook are gone. Let's see. Comment by Patterico — 3/25/2012 @ 3:43 pm."

On March 26th, 2012, Ms. Naffe began receiving email alerts from Experian, notifying her that there had been changes to her credit report. Ms. Naffe continues to receive reports that individuals are using her social security number. Mr. Frey posted to his blog, every piece of personal information about Ms. Naffe that a criminal would need to steal her identity. This information has been indexed on Google in HTML and is still available online for the world to see. Mr. Frey was aware that publishing and distributing Ms. Naffe's social security number, medical information and financial information would cause Ms. Naffe and her family tremendous harm.

Furthermore, Mr. Frey's posting such sensitive documents was an attempt to intimidate Ms. Naffe from coming forward with evidence that implicates his friend, Mr. O'keefe in a crime, committed in Mr. Frey's jurisdiction in violation of Penal Code section 136.1, subdivision (b), and section 422.6, subdivision (a). Mr. Frey is well aware that Mr. O'keefe is currently on federal probation and any criminal charges would result in a violation of his probation.

Ms. Naffe is informed and believes and based thereon alleges that Mr. Frey has received complaints in the past regarding the use of his blog posts to harass, bully and intimidate private individuals. Additionally, many of the updated "comments" to the blog posts are time-stamped during traditional business hours, while Mr. Frey was simultaneously performing his official duties (or should have been) serving as an assistant district attorney.

Ms. Naffe is informed and believes and based thereon alleges that the District Attorney's Office has subjectively been aware of Mr. Frey's controversial blog for several months, based on the complaints the office has received about Mr. Frey. The District Attorney's Office has shown deliberate indifference to asserting the proper supervisory authority and control over Mr. Frey.

As a direct and proximate result of the conduct described above, Ms. Naffe has suffered emotional distress, financial loss, as well as the loss of her identity, which is permanent and irrecoverable damage. When someone searches for Ms. Naffe's name on Google, they can find no mention of her professional credentials, only Mr. Frey's defamatory blog posts, which have no journalistic accuracy or merit. Mr. Frey's statements and comments on his blog have slandered Ms. Naffe's honesty, integrity, virtue, reputation and professionalism.

Mr. Frey's behavior is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency or professional conduct. Mr. Frey's publishing of Ms. Naffe's social security number, in violation of California Civil Code Section 1798.85 and PACER's terms of use, illustrates that he is motivated by hatred, ill will or spite or by a reckless disregard for Ms. Naffe's rights, with the intention of causing her personal, professional and financial harm.

# EXHIBIT "B"



# COUNTY OF LOS ANGELES
## OFFICE OF THE COUNTY COUNSEL
648 KENNETH HAHN HALL OF ADMINISTRATION
500 WEST TEMPLE STREET
LOS ANGELES, CALIFORNIA 90012-2713

JOHN F. KRATTLI
Acting County Counsel

May 25, 2012

TELEPHONE
(213) 974-1913
FACSIMILE
(213) 687-8822
TDD
(213) 633-0901

Jay Leiderman, Esq.&
James B. Devine, Esq.
LEIDERMAN DEVINE LLP
5740 Ralston Street, Suite 300
Ventura, California 93003

Re:    Claim(s) Filed:       April 23, 2012
       File Number(s)        12-1097978*001
       Your Client(s):       Nadia Naffe

Dear Counselor:

This letter is to inform you that the above-referenced claim, which you filed with the Los Angeles County Board of Supervisors, was rejected on **May 24, 2012.**

An investigation of this matter fails to indicate any liability on the part of the County of Los Angeles. Accordingly, your claim was rejected on that basis and no further action will be taken on this matter.

STATE LAW REQUIRES THAT YOU BE GIVEN THE FOLLOWING "WARNING:"

Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim. SEE GOVERNMENT CODE SECTION 945.6.

HOA.885871.1

Jay Leiderman, Esq.&
James B. Devine, Esq.
Page 2


     This time limitation applies only to causes of action for which Government Code Sections 900 - 915.4 required you to present a claim. Other causes of action, including those arising under federal law, may have different time limitations.

Very truly yours,

JOHN F. KRATTLI
Acting County Counsel

By *Jessie Lee*

JESSIE LEE
Associate County Counsel
General Litigation Division

JL:ce

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge George H. Wu and the assigned discovery Magistrate Judge is Michael Wilner.

The case number on all documents filed with the Court should read as follows:

## CV12- 8443 GW (MRWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

 **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

| | |
|---|---|
| Nadia Naffe, An Individual | ) |
| | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | ) |
| John Patrick Frey, an individual, Christi Frey, an | ) |
| individual, Steve M. Cooley, an individual, and the | ) |
| County of Los Angeles, a municipal entity | ) |
| | ) |
| _Defendant(s)_ | ) |

Civil Action No. **CV12-8443-GW**
**(MRW)**

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_  John Patrick Frey, Los Angeles County District Attorney's Office, 210 West Temple Street, 18th Floor, Los Angeles, California 90012; Christi Frey, Los Angeles County District Attorney's Office, 825 Maple Ave, Room 190, Torrance, California 90503; Steve M. Cooley, Los Angeles County District Attorney's Office, 210 West Temple Street, 18th Floor, Los Angeles, California 90012; County of Los Angeles, Office of County Counsel, 648 Kenneth Hahn Hall of Adminstration, 500 West Temple Street, Los Angeles, California 90012-2713

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  James B. Devine, Leiderman Devine LLP, 5740 Ralston Avenue, Suite 300, Ventura, California 93003

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_CLERK OF COURT_

Date: **OCT - 2 2012**

_____
_Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

Nadia Naffe, *AN INDIVIDUAL*

|  |
|--|

Plaintiff(s)

v.

John Patrick Frey, an individual, Christi Frey, an individual, Steve M. Cooley, an individual, and the County of Los Angeles, a municipal entity

Defendant(s)

Civil Action No. **CV12-8443-GW**

*(MRWx)*

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* John Patrick Frey, Los Angeles County District Attorney's Office, 210 West Temple Street, 18th Floor, Los Angeles, California 90012; Christi Frey, Los Angeles County District Attorney's Office, 825 Maple Ave, Room 190, Torrance, California 90503; Steve M. Cooley, Los Angeles County District Attorney's Office, 210 West Temple Street, 18th Floor, Los Angeles, California 90012; County of Los Angeles, Office of County Counsel, 648 Kenneth Hahn Hall of Adminstration, 500 West Temple Street, Los Angeles, California 90012-2713

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: James B. Devine, Leiderman Devine LLP, 5740 Ralston Avenue, Suite 300, Ventura, California 93003

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: **OCT - 2 2012**

MARILYN DAVI

*Signature of Clerk or Deputy Clerk*

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
NADIA NAFFEE

**DEFENDANTS**
JOHN PATRICK FREY
CHRISTI FREY
STEVE M. COOLEY AND COUNTY OF LOS ANGELES

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

JAMES B. DEVINE, LEIDERMAN DEVINE, LLP, 5740 RALSTON AVE, VENTURA, CALIFORNIA 93003; (805) 654-0200

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff      ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant      ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☒ No          ☒ **MONEY DEMANDED IN COMPLAINT:** $ Over $500,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
VIOLATIONS OF 42 U.S.C. SEC. 1983: Defs. violated Pltf.'s 1st Amend. right to petition the government for redress and her due process rights.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | PROPERTY | ☐ 510 Motions to | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 370 Other Fraud | Vacate Sentence Habeas Corpus | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus- Alien Detainee | ☒ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**CV12-8443**

FOR OFFICE USE ONLY:   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Massachusetts or Flordia |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| County of Los Angeles | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
      Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| County of Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____     Date September 29, 2012

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but  is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |