GOETZ FITZPATRICK LLP
RONALD D. COLEMAN
rcoleman@goetzfitz.com
One Penn Plaza, Suite 4401
New York, NY  10119
Telephone:  212.695.8100
Facsimile:  212.629.4013

Counsel for Defendants
JOHN PATRICK FREY AND
CHRISTI FREY

BROWN WHITE & NEWHOUSE LLP
KENNETH P. WHITE (Bar No. 238052)
kwhite@brownwhitelaw.com
333 South Hope Street, 40th Floor
Los Angeles, CA  90071-1406
Telephone:  213. 613.0500
Facsimile:   213.613.0550

Local Counsel for Defendants
JOHN PATRICK FREY AND
CHRISTI FREY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NADIA NAFFE, an individual, | Case No.: CV12-08443-GW (MRWx) |
| Plaintiff, | Judge:   Hon. George H. Wu |
| v. | |
| JOHN PATRICK FREY, an individual, CHRISTI FREY, an individual, STEVE M. COOLEY, an individual, and the COUNTY OF LOS ANGELES, a municipal entity, | **NOTICE OF MOTION AND MOTION OF DEFENDANTS JOHN PATRICK FREY AND CHRISTI FREY TO DISMISS FIRST THROUGH SIXTH CAUSES OF ACTION IN COMPLAINT PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE** |
| Defendants. | |
| | Hearing Date:  December 10, 2012 |
| | Time:  ___       8:30 a.m. |
| | Courtroom:      10 |
| | Complaint Filed:  October 2, 2012 |

Brown, White & Newhouse LLP
ATTORNEYS

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on December 10, 2012, at 8:30 a.m. in Courtroom 10 in the United States Courthouse located at 312 N. Spring Street, Los Angeles, California 90012, the Honorable George H. Wu presiding, Defendants John Patrick Frey and Christi Frey ("Defendants") will move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the First, Second, Third, Fourth, Fifth, and Sixth Causes of Action of the Complaint brought by Plaintiff Nadia Naffe ("Plaintiff") on the following grounds:

1.      Plaintiff fails to state a claim against Christi Frey, as she has made only conclusory allegations regarding Mrs. Frey, none of which relate to any claim in the Complaint.

2.      Plaintiff fails to state a claim for violation of 42 U.S.C. § 1983 because she has not pled facts sufficient to establish that Defendants acted under color of state law or that Plaintiff suffered a violation of a Constitutional right.

3.      Plaintiff fails to state a claim in her Second through Sixth Causes of Action for the reasons set forth in Defendants' concurrently filed Special Motion to Strike.

This Motion is based on this Notice of Motion and attached Memorandum of Points and Authorities, on all judicially noticeable documents, on all pleadings and papers on file in this action, and on other such matters and arguments as may be presented to this Court in connection with this Motion.

This Motion is made following the telephonic conference of counsel which took place on October 26, 2012.

DATED:  November 12, 2012          Respectfully submitted,
                                   GOETZ FITZPATRICK LLP LLP


                                   By   _s/Ronald D. Coleman_____
                                          RONALD D. COLEMAN
                                          Counsel for Defendants
                                        JOHN PATRICK FREY AND
                                            CHRISTI FREY

BROWN, WHITE & NEWHOUSE LLP
A T T O R N E Y S

1

2

3    DATED:  November 12, 2012          Respectfully submitted,
                                        BROWN WHITE & NEWHOUSE LLP
4

5                                       By   s/Kenneth P. White
                                                  KENNETH P. WHITE
6                                            Local Counsel for Defendants
                                             JOHN PATRICK FREY AND
7                                                 CHRISTI FREY

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO DISMISS FIRST THROUGH FIFTH CAUSES OF ACTION

757611.1

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................1

II. SUMMARY OF PLAINTFF'S ALLEGATIONS......................................2

    A. Mr. Frey, Acting In His Personal Capacity, Publishes A Blog ......................2

    B. Plaintiff Engaged in Public Debate about her Claims Against a Public Figure ................................................................................3

    C. Mr. Frey Wrote About Plaintiff's Public Comments On The Blog, and Plaintiff Responded Publicly ..........................................................3

    D. Plaintiff Makes Only Conclusory Allegations Of Action Under Color of State Law and Fails to Allege Facts About Mrs. Frey.................................5

    E. Plaintiff Files Suit ................................................................................6

III. ARGUMENT ................................................................................7

    A. This Court Need Not Accept Plaintiff's Speculative "Facts" and Spurious Conclusions of Law........................................................7

    B. Plaintiff Fails To State Any Claim Whatsoever Against Christi Frey ...........8

    C. The Complaint Fails To State A Claim Under Section 1983 ........................9

        1. Plaintiff Alleges No Facts Sufficient to Show Action under Color of State Law ................................................................................9

        2. Plaintiff Does Not Plead Facts Showing a Deprivation of Constitutional Rights ........................................................14

    D. If The Court Does Not Grant Defendants' Anti-SLAPP Motion, It Should Also Dismiss Ms. Naffe's Other Claims Against Them .................16

    E. The Court Should Dismiss Without Leave To Amend................................17

IV. 17CONCLUSION................................................................................17

757611.1

# TABLE OF AUTHORITIES

Page

### Cases

*Abudiab v. City & County of San Francisco*,
C 09-1778 MHP, 2010 WL 2076022 (N.D. Cal. Apr. 12, 2010) ............................10

*Anderson v. Warner*,
451 F.3d 1063 (9th Cir. 2006) ...............................................................................10

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)...................................................................................................8

*Bell Atlantic Corporation v. Twombly*,
550 U.S. 554 (2007)...................................................................................................8

*Carson v. County of Stanislaus*,
1:10-CV-02133-OWW, 2011 WL 3813193 (E.D. Cal. Aug. 29, 2011)..................13

*Cato v. United States*,
70 F.3d 1103 (9th Cir.1995) ....................................................................................17

*City of San Diego, Cal. v. Roe*,
543 U.S. 77 (2004)...................................................................................................11

*Daniels-Hall v. National Education Association*,
629 F.3d 992 (9th Cir. 2010) ....................................................................................7

*Gallop v. Cheney*,
642 F.3d 364 *reh'g denied*, 645 F.3d 519 (2d Cir. 2011) .......................................14

*Ivey v. Board of Regents*,
 673 F.2d 266 (9th Cir.1982) ................................................................................9, 11

*Linda R.S. v. Richard D.*,
410 U.S. 614 ............................................................................................................16

*Mark v. Borough of Hatboro*,
51 F. 3d 1137 (3rd Cir. 1995) ..................................................................................13

*Martinez v. Colon*,
54 F.3d 980 (1st Cir. 1995 ) .....................................................................................12

*McCrary v. County of Nassau*,
493 F.Supp.2d 581 (ED NY 2007) ..........................................................................16

*Mendocino Envtl. Ctr. v. Mendocino Cnty.*,
192 F.3d 1283 (9th Cir.1999) ..................................................................................15

*Oughtred v. E\*Trade Fin. Corp.*,
08 CIV. 3295 SHS, 2011 WL 1210198 (S.D.N.Y. Mar. 31, 2011)..........................14

# TABLE OF AUTHORITIES

Page

*Papasan v. Allain,*
    478 U.S. 265 (1986)....................................................................................8

*Staley v. Grady,*
    371 F.Supp.2d 411 (SD NY 2005) ...........................................................16

*Stanislaus Food Products Co. v. USS-POSCO Indus.,*
    782 F. Supp. 2d 1059 (E.D. Cal. 2011) .............................................13, 14

*Trump v. Montgomery County Sheriff,*
    2010 WL 1278596, * (WD VA 2010)........................................................16

*United States v. Cassidy,*
    814 F.Supp.2d 574 (D. Md. 2011) ..............................................................2

*Van Ort v. Stanewich,*
    92 F.3d 831 (9th Cir. 1996) ...............................................................12, 13

*West v. Atkins,*
    487 U.S. 42 (1988)......................................................................................9


Statutes

42 U.S.C. § 1983 .................................................................................... ii, 6


Rules

Rule 12(b)(6)....................................................................7, 8, 9, 11, 15, 16

DEFENDANTS' MOTION TO DISMISS

757611.1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

This motion seeks to remedy an increasing ill of the modern age:  attempts to use the courts to intimidate and silence private citizens who use the freedom of the Internet to publish, without institutional or editorial interference, unflattering information about others.  Whereas in the past such manipulation of the legal system was limited to filing defamation actions—a form of redress discouraged by the law where, as here, the issues and personalities involved are of public interest—the Complaint in this action is of the modern variety, where meritless defamation claims are dressed up for federal court by the invocation of specious federal causes of action. This frivolous litigation is nothing more than an ugly attempt by Plaintiff Nadia Naffe to use this Court to punish defendant John Patrick Frey for exercising his First Amendment rights.  The frivolous nature of this lawsuit is made incontrovertible by the fact there is not a single relevant fact asserted against Mrs. Frey, and yet she is named.  Apparently, she is to be punished for being married to Mr. Frey.

This Court should dismiss Plaintiff's Complaint without leave to amend for the following reasons:

- Plaintiff offers no relevant facts or legal claims against Mrs. Frey. Plaintiff has sued her solely to abuse and harass her husband, Mr. Frey;

- Plaintiff pleads no facts to support the conclusion that Mr. Frey acted under color of state law, as required to support her Section 1983 cause of action.  Rather, the facts she pleads show the contrary:  that Mr. Frey was writing as a private citizen, not under color of state law;

- Plaintiff pleads no facts sufficient to show that she suffered any deprivation of Constitutional rights, further defeating her Section 1983 claim;

- Plaintiff's remaining causes of action are without merit as a matter of law

1

757611.1

for the reasons stated in Defendant's concurrently filed Special Motion to Strike.

For these reasons, the Court should dismiss the Complaint without leave to amend.

## II.

## SUMMARY OF PLAINTFF'S ALLEGATIONS[1]

**A.    Mr. Frey, Acting In His Personal Capacity, Publishes A Blog**

Mr. Frey and Mrs. Frey, husband and wife, are employed as Deputy District Attorneys for Los Angeles County.  (¶¶ 4-5.)  Mr. Frey also publishes a popular blog[2] called "Patterico's Pontifications" ("the Blog") and maintains a Twitter account[3] under the user name @patterico.  (¶ 23.)  While the fact is self evident, the Blog explicitly informs readers that the statements therein are "personal opinions . . . not made in any official capacity."  (¶ 38.)  Indeed, Plaintiff does not even allege that Mr. Frey identifies himself by his position, or even by name, on the Blog.  In short, Mr. Frey does nothing even to suggest that his Blog content is tied in any way to his professional duties.  The Complaint fails to allege even a single *fact* to the contrary.

---

[1] All references to paragraph numbers herein are to the Complaint.

[2] The *Court in United States v. Cassidy*, 814 F.Supp.2d 574, 576 (D. Md. 2011) defined a "blog" as follows:

> A "Blog" is a shorthand term for a "web log," i.e. a log or web page maintained on the World Wide Web.  A Blog is like a bulletin board and contains whatever material its sponsor decides to post. It does not send messages, and there is no limitation on the length of statements that may be contained on a Blog.  Like a bulletin board, it does not communicate except to those who voluntarily choose to read what is posted on it.

[3] The *Cassidy* Court explained:

> "Twitter" is a "real-time information network that connects" users to the "latest information about what you find interesting. * * * At the heart of Twitter are small bursts of information called Tweets. Each Tweet is 140 characters in length...." Twitter users may choose to "follow" other users. If user No. 1 decides to "follow" user No. 2, **Twitter** messages (Tweets) posted by user No. 2 will show up on the home page of user No. 1 where they can be read. (814 F.Supp.2d at 576.)

BROWN, WHITE & NEWHOUSE<sup>LLP</sup>
A T T O R N E Y S

2

757611.1

**B.**   **Plaintiff Engaged in Public Debate about her Claims Against a Public Figure**

Plaintiff is a former friend and colleague of James O'Keefe, a conservative activist specializing in producing undercover "sting" videos.  Plaintiff alleges that Mr. and Mrs. Frey are among the friends and admirers of her ex-friend.  Mr. O'Keefe is vilified by "mainstream press" and political activists who do not share his viewpoints, but admired by others, particularly among conservatives. (¶¶ 12, 18.)

Plaintiff explains her estrangement from Mr. O'Keefe by alleging that, in the Fall of 2011, he drugged her and attempted to sexually assault her after she rejected his romantic overtures. She refers to these alleged events as the "Barn Incident."  (¶ 15.)  Plaintiff further asserts that Mr. O'Keefe posted a "harassing, degrading, public video" about her on YouTube, and that she responded by filing a criminal harassment complaint against Mr. O'Keefe, which was ultimately dismissed for lack of jurisdiction.  (¶ 16.)

In February 2012, the late conservative media figure Andrew Breitbart spoke with a reporter about the Barn Incident.  While not explaining how this conversation came to her attention, Plaintiff took to her personal blog and Twitter to "publicly challenge[]" what she characterizes as Breitbart's "misconceptions" concerning the Barn Incident.  (¶ 17.)

**C.**   **Mr. Frey Wrote About Plaintiff's Public Comments On The Blog, and Plaintiff Responded Publicly**

Mr. Frey used his "Patterico" persona to write about the public controversy involving Mr. O'Keefe, Plaintiff, and the Barn Incident on the Blog.  (¶ 24.)  In particular, Plaintiff alleges:

- That Mr. Frey posted eight separate articles about her on the Blog and participated in comment threads (*Id.*)
- That Mr. Frey posted several dozen "threatening, harassing, and defamatory statements" concerning Plaintiff on his Twitter account

describing her as "a liar, illiterate, callous, self-absorbed, despicable, a
smear artist, and absurd" (*Id.*);

- That in his Twitter posts Mr. Frey asked the rhetorical question "why did
  PLAINTIFF not call a cab to escape the barn during the Barn Incident,"
  and claimed that he was "poking holes" in Plaintiff's criminal complaint
  against Mr. O'Keefe (*Id.*);

- That Mr. Frey published portions of the transcript of a hearing on
  Plaintiff's criminal harassment suit "in a manner that was deliberately
  out-of-context" (¶ 26.)

- That Mr. Frey criticized a journalist for failing to vet Plaintiff before
  publishing an article about the Barn Incident and her subsequent lawsuit,
  and made a list of questions the journalist should have asked (¶ 27);

- That by publishing the 29 questions on the Blog that he believed the
  journalist should have asked Plaintiff, Mr. Frey intended "to provide
  O'KEEFE with legal ammunition to fight PLAINTIFF's criminal
  harassment lawsuit, and so constituted the giving of legal advice" (*Id.*).

Plaintiff responded by posting a series of articles on her own blog about the
Barn Incident as well as about her claim that Mr. O'Keefe had "wire tapped" the
offices of U.S. Representative Maxine Waters.  (¶ 28.)

Mr. Frey, in turn, published to the Blog public documents allegedly relating to a
civil suit Mr. O'Keefe had filed against Plaintiff.  (¶ 29.)  In response, Plaintiff
threatened on Twitter that she would "report" this conduct by Mr. Frey to the District
Attorney's Office and the California State Bar.  (*Id.* at ¶ 30.)  Mr. Frey subsequently
published on the Blog a complete 2005 deposition transcript totaling more than 200
pages from a civil suit between Plaintiff and her former employer that had been
publicly filed on PACER.  (¶¶ 31, 69.)  The deposition transcript included Plaintiff's
Social Security number, date of birth, maiden name, family address, and personal
medical information.  (¶ 31.)  Plaintiff makes no claim that she or her counsel ever

sought a protective order or sought in any other way during or after the deposition to seal the deposition transcript or remove it from the public domain and public scrutiny on PACER.  Nevertheless, Mr. Frey later removed the transcript from the Blog, though Plaintiff asserts that the transcript remained available in an "Internet web cache" for weeks or months thereafter.  (¶ 33.)  Plaintiff claims that she received alerts from a credit agency that "people had made changes to her credit report" and that "individuals are fraudulently using her Social Security number" in unspecified ways. (¶ 34.)

**D.** **Plaintiff Makes Only Conclusory Allegations Of Action Under Color of State Law and Fails to Allege Facts About Mrs. Frey**

Plaintiff asserts that Mr. Frey published the complained-of items to the Blog in order to "intimidate her into not handing over evidence to the County regarding MR. FREY's personal friend Mr. O'KEEFE's wiretapping of Congresswoman Waters" and to "protect the reputation of his personal friends, Mr. O'KEEFE and Mr. Breitbart." (¶ 36.)  Yet, at the same time, Plaintiff acknowledges that the Blog includes an express disclaimer that the statements made on the Blog are Mr. Frey's "personal opinions . . . not made in any official capacity."  (¶ 38.)  Nor does she allege any *facts* whatsoever suggesting that the Blog has anything to do with his work.  Nonetheless, plaintiff repeatedly asserts that Mr. Frey was acting under color of state law while writing on his personal blog.  She states – again in entirely conclusory fashion – that Mr. Frey and Mrs. Frey were "acting within the scope of their authority as an agents [*sic*] and employees with the permission and consent of COOLEY and the COUNTY" (¶ 9) and that Mr. Frey "acted under color of state law" (¶ 44).

Plaintiff alleges no facts to support all of this supposition.  Plaintiff further claims, vaguely, that Mr. Frey "has used and does use his position as a COUNTY Assistant District Attorney [*sic*] to advance his personal political agenda, to increase his audience, and to amplify his harassment against political enemies," but offers no facts to support these claims and makes no effort to connect these claims to the

757611.1

1  blogging activities that are the subject of the Complaint.  (¶ 38.)  She alleges as well,

2  without specifics, that "other news outlets and bloggers" commonly refer to Mr. Frey

3  as a "Deputy District Attorney" when mentioning him or the Blog, and that he fails to

4  "correct these associations" because he "wants readers to associate him and his

5  website with his official title to add credibility to his published statements and

6  commentary."  (¶¶ 39-40.)

7         As to Mrs. Frey, plaintiff alleges *not a single fact or allegation* to justify

8  naming Mr. Frey's wife in this action, evidently considering it sufficient to allege that,

9  like her husband, she is a Deputy District Attorney (¶ 5) and that "upon information

10  and belief" plaintiff assumes that Mrs. Frey is an admirer of Mr. O'Keefe. (¶ 12.)

11  Plaintiff leaps from these irrelevant allegations to the illogical, indeed preposterous,

12  conclusion that Mrs. Frey "was an active participant and contributor to the defamatory

13  and harassing activity" (¶ 36) and that she and Mr. Frey "formed a conspiracy to work

14  together in engaging in the wrongful conduct directed towards PLAINTIFF."  (¶ 10.)

15  This clearly demonstrates the frivolous and malicious nature of the entire Complaint.

16  **E.     Plaintiff Files Suit**

17         Plaintiff sued Mr. Frey, Mrs. Frey, the County, and Mr. Cooley in this action.

18  Her fist six causes of action are against all parties and all are the subject of this

19  Motion.

20         In her First Cause of Action, plaintiff asserts that Mr. and Mrs. Frey violated

21  her civil rights in violation of 42 U.S.C. § 1983 ("Section 1983") by:

22         •     Violating her First Amendment rights by intimidating her into silence

23               under color of law regarding Mr. O'Keefe's alleged wiretapping of

24               Representative Waters (¶ 45), and

25         •     Violating "her due process rights by creating a situation where

26               PLAINTIFF believed (a) she would not receive fair treatment from MR.

27               FREY, MRS. FREY, COOLEY, or anyone else at the COUNTY, and (b)

28               any case in which PLAINTIFF was involved would be prejudged by the

BROWN, WHITE & NEWHOUSE LLP
A T T O R N E Y S

BROWN, WHITE & NEWHOUSE<sup>LLP</sup>
A T T O R N E Y S

COUNTY, COOLEY, or MR. FREY himself." (¶ 46.)

The Second Cause of Action asserts a claim for "Public Disclosure Invasion of Privacy" based on Mr. Frey's republication of the deposition transcript originally published on PACER in Plaintiff's lawsuit with her former employer.  (¶ 50.)

The Third Cause of Action asserts a claim for "False Light Invasion of Privacy" for "painting PLAINTIFF as a liar, as dishonest, as self-absorbed, and by relentlessly asking everyone who would listen why PLAINTIFF failed to call a cab during the barn incident."  (¶ 55.)

Plaintiff's Fourth Cause of Action asserts a claim for defamation based on the following specific statements:  that Plaintiff is a "liar whose lies will be exposed," and that Plaintiff "is full of false allegations."  (¶ 60.)

The Fifth Cause of Action asserts a claim for intentional infliction of emotional distress based on Mr. Frey's expression on the Blog and Twitter.  (¶ 65.)

The Sixth Cause of Action asserts a claim for negligence based on Mr. Frey's republication of Plaintiff's already-published deposition transcript with her Social Security number. (*Id.* at ¶ 69.)

Plaintiff's Seventh Cause of Action is not at issue in this Motion; it is against Mr. Cooley and the County for negligent supervision.

### III.

### ARGUMENT

### A.   This Court Need Not Accept Plaintiff's Speculative "Facts" and Spurious Conclusions of Law

In evaluating a motion to dismiss under Rule 12(b)(6) for failure to state a claim, this Court treats *well-pleaded* facts in the complaint as true.  The Court does not, however, accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *Daniels-Hall v. National Education Association*, 629 F.3d 992, 998 (9th Cir. 2010).  Nor is the Court is "bound to accept as true a legal conclusion couched as a factual allegation."  *Papasan v. Allain,* 478 U.S.

265, 286 (1986).  A complaint that relies upon "labels and conclusions, and a formulaic recitation of the elements of a cause of action" does not suffice to state a cause of action.  *Bell Atlantic Corporation v. Twombly*, 550 U.S. 554, 555 (2007). Moreover, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ."  *Id.*  In other words, a complaint must be "plausible on its face" – meaning that the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**B.**   **Plaintiff Fails To State Any Claim Whatsoever Against Christi Frey**

The Complaint fails completely to allege *any conceivably actionable facts* against Mrs. Frey.  This not only suggests that Plaintiff sued her only to harass Mr. Frey in retaliation for his exercise of his First Amendment rights, but also sheds light, by virtue of that unethical choice, on the dismal view this Court should take with respect to all of the Plaintiff's allegations.  To recapitulate the *factual* allegations against Mrs. Frey, they consist solely of (1) the fact that she is a Deputy District Attorney and (2) the speculation, on information and belief, that she is an "admirer" of the video journalist Mr. O'Keefe.  (¶¶ 5, 12.)  From these inconsequential facts, Plaintiff somehow leaps to two *conclusions of law* against Mrs. Frey – that Mrs. Frey "was an active participant and contributor to the defamatory and harassing activity" (*Id.* at ¶ 36) and that she and Mr. Frey "formed a conspiracy to work together in engaging in the wrongful conduct directed towards PLAINTIFF."  (*Id.* at ¶ 10.)  There is no logical nexus between these conclusions and the meager facts alleged.

Plaintiff's conclusory statements are precisely the sort that *Twombly* and *Iqbal* teach are insufficient to withstand a motion to dismiss.  They are mere "labels and conclusions" (*Twombly*, 550 U.S. at 555), not factual content from which the Court may draw appropriate inferences (*Iqbal*, 556 U.S. at 678).  The Supreme Court and the Ninth Circuit have repeatedly held that courts need not accept such conclusions as true in ruling on a Rule 12(b)(6) motion.  *Twombly*, 550 U.S. at 556-57 (conclusory

8

757611.1

1  allegations of conspiracy not sufficient to state claim for Sherman Act violation);

2  *Woodrum v. Woodward County,* 866 F.2d 1121, 1126 (9th Cir.1989) ("Woodrum's

3  conclusory allegations that Rosson and the social workers conspired do not support a

4  claim for violation of his constitutional rights under § 1983."); *Ivey v. Board of*

5  *Regents,* 673 F.2d 266, 268 (9th Cir.1982) (vague and conclusory allegations of

6  conspiracy are insufficient to withstand a motion to dismiss).

7          Stripped of its legal conclusions, the Complaint pleads no facts whatsoever

8  supporting any cause of action against Mrs. Frey.  The Court should therefore grant

9  her motion to dismiss the First through Sixth Causes of Action.

10  **C.    The Complaint Fails To State A Claim Under Section 1983**

11          To state a claim under Section 1983, a plaintiff must establish that (1) a right

12  under the Constitution of the United States was violated, and (2) the defendant

13  violated that right acting under "color of state law."  *West v. Atkins,* 487 U.S. 42, 48

14  (1988).  Here the First Cause of Action under Section 1983 fails to plead facts

15  sufficient to state either of these elements.  There are no facts alleged to support

16  Plaintiff's conclusory (and facially preposterous) claim that Mr. Frey was acting under

17  color of law when he blogged about her.  Indeed, the Complaint actually belies any

18  such contention.  Moreover, Plaintiff does not plead facts establishing a violation of

19  her constitutional rights.

20          **1.    Plaintiff Alleges No Facts Sufficient to Show Action under Color of**

21                  **State Law**

22          Plaintiff has not alleged "facts," even if accepted as true for purposes of a

23  motion under Rule 12(b)(6), sufficient to establish that Mr. Frey's conduct, even if it

24  were actionable, was done under color of state law, as is necessary to plead a Section

25  1983 cause of action.

26          "In the Ninth Circuit, acts committed by a state actor even while on duty and in

27  uniform are not necessarily under color of law unless they are related to the

28  performance of governmental duties."  *Abudiab v. City & County of San Francisco*, C

9

757611.1

1   09-1778 MHP, 2010 WL 2076022 (N.D. Cal. Apr. 12, 2010).  To constitute action

2   under color of law, "the challenged conduct must be related in some meaningful way

3   either to the officer's governmental status or to the performance of his duties."

4   *Anderson v. Warner*, 451 F.3d 1063, 1069 (9th Cir. 2006) (internal quotation and

5   citation omitted).

6           Here there is not only no allegation that Mr. Frey's actions were done "while on

7   duty and in uniform," which there could not be, but there is no allegation that any of

8   the conduct complained of in the Complaint is related to his duties as a Deputy

9   District Attorney or that there is some meaningful connection between his job and his

10  private actions.  On this ground alone the Complaint should be dismissed.  Plaintiff's

11  bald assertions that Mr. Frey "has used and does use his position as a COUNTY

12  Assistant District Attorney [*sic*] to advance his personal political agenda, to increase

13  his audience, and to amplify his harassment against political enemies" (¶ 38) has

14  nothing to do with the claims relating to Mr. Frey's Blog and are merely conclusory

15  allegations couched as "facts" to support the sort of claim which *Twombly* and *Iqbal*

16  held insufficient.  The fact is that Plaintiff alleges no facts to establish a connection

17  between Mr. Frey's private blogging activities and his public role, as required in the

18  Ninth Circuit.

19          Moreover, the allegation that Mr. Frey "uses his position" to "advance his

20  personal political agenda, to increase his audience, and to amplify his harassment" is

21  irrelevant to the only question that matters: Whether, and how, Mr. Frey "used his

22  position" in connection with his conduct directed to *Plaintiff*.  Plaintiff does not, and

23  cannot, allege that Mr. Frey invoked his status as a Deputy District Attorney in any

24  communication with her.  She does not, and cannot, allege that Mr. Frey threatened to

25  use his authority as a Deputy District Attorney to investigate her or charge her with a

26  crime.  Plaintiff does not, and cannot, allege that Mr. Frey asserted on his Blog that he

27  would receive preferential treatment in any dispute between himself and Plaintiff

28  because of his position.

MOTION TO DISMISS FIRST THROUGH FIFTH CAUSES OF ACTION

757611.1

Ultimately, Plaintiff's Section 1983 claim here is premised on the fiction she has created: that by virtue of his job, anything Mr. Frey does is done under color of law—even protected First Amendment expression.[4]

Plaintiff's mere recitation of her asserted legal conclusion that Mr. Frey was acting under color of state law when he undertook the conduct complained of (*see* ¶¶ 9, 44) is of no moment. Consistent with longstanding jurisprudence under Rule 12(b)(6) and the heightened standard of *Twombly* and *Iqbar*, a court considers the plausible *facts* a plaintiff has pled, not *conclusions of law*, when considering the sufficiency of pleadings. "Vague and conclusory allegations of official participation in civil rights violations are not sufficient" to withstand dismissal of a Section 1983 claim. *Ivey v. Bd. of Regents of the Univ. of Alaska,* 673 F.2d 266, 268 (9th Cir.1982). *See also*, *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156 (9th Cir. 2003) (conclusory allegations that attorney was acting under color of law through conspiracy with state actors was insufficient to state a Section 1983 claim); *Price v. Hawaii,* 939 F.2d 702, 707-08 (9th Cir.1991) (conclusory allegations of action under color of state law, unsupported by facts, are insufficient to state claim under Section 1983).

This leaves the Court to determine whether the few facts Plaintiff does allege are legally sufficient to support an inference or conclusion that Mr. Frey was acting under color of state law in doing any of the things alleged in the Complaint.  Applying the applicable legal standards, it is clear that they do not, as the Ninth Circuit explained in *Huffman v. County of Los Angeles*, 147 F.3d 1054, 1057-58 (9th Cir.

---

[4] Thankfully, a "government employee does not relinquish all First Amendment rights otherwise enjoyed by citizens just by reason of his or her employment."  *City of San Diego, Cal. v. Roe*, 543 U.S. 77, 80 (2004).  Indeed, if the law were to be applied in any other way to the facts alleged here, the chilling effect on free speech would be devastating, essentially making every private act of expression by a public employee, even those made under pseudonyms, potential grounds for a Section 1983 claim against both the official and the government entity that employs him.

757611.1

1998):

> The Supreme Court has interpreted the phrase "under 'color' of law" to mean "under 'pretense' of law." A [government official]'s actions are under pretense of law only if they are in some way related to the performance of his official duties. By contrast, *an [official] who is pursuing his own goals and [i]s not in any way subject to control by [his public employer] does not act under color of law*, unless he purport[s] or pretend[s] to do so. [Law enforcement officials] who engage in confrontations for personal reasons unrelated to law enforcement, and do not purport[ ] or pretend[ ] to be officers, do not act under color of law.

*Id*. at 1058 (9th Cir. 1998) (internal quotations and citations omitted).  Plaintiff does not and cannot allege that Mr. Frey's personal blogging about conservative political and media figures is somehow related to his official duties as a Deputy District Attorney, or that he purported or pretended that it was.  Nor would perusal of the Blog in any way support an inference that he did.  Indeed, the only *relevant* fact that plaintiff asserts—that the Blog includes a disclaimer that the statements therein are "personal opinions . . . not made in any official capacity" (¶ 38.)—affirmatively demonstrates the opposite, and only plausible, conclusion.  Nothing alleged in the Complaint or amenable to even the most generous inference that could be afforded to Plaintiff can plausibly support Plaintiff's conclusion that Mr. Frey acted under color of state law as opposed to in connection with "pursuing his own goals."

Certainly a plaintiff does not overcome this problem and meet the "color of state law" element merely by pleading that a defendant is a government employee.  "If a government officer does not *act within his scope of employment* or under color of state law, then that government officer acts as a private citizen."  *Van Ort v. Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996), *citing Martinez v. Colon,* 54 F.3d 980, 986 (1st Cir. 1995 ) ("acts of state officials in the ambit of their personal pursuits are not state action").  "An otherwise private tort is not committed under color of law simply because the tortfeasor is an employee of the state." *Mark v. Borough of*

BROWN, WHITE & NEWHOUSE^LLP  ·  A T T O R N E Y S

*Hatboro,* 51 F. 3d 1137, 1150-1151 (3rd Cir. 1995).

Desperate to enunciate some set of facts that could overcome this obvious—and legally fatal—difficulty, Plaintiff asserts that Mr. Frey should nonetheless be deemed as having acted in his official capacity because third parties refer to him as a Deputy District Attorney in the context of his blogging.  (¶¶ 39-40.)   There is no legal support for such an argument, which, after all, is entirely contrary to the standard, applied in *Huffman*, requiring that a public employee be deemed as acting under color of state law only if he *pretends or purports to do so*—not if others claim, believe or infer that he is doing so, regardless of how implausibly.  In fact, a plaintiff's incorrect impression of whether a Section 1983 defendant is acting under color of law, no matter how justifiable on subjective grounds, does not govern; rather, the sole determining factor is *the conduct of the defendant.*  As the Ninth Circuit explained in *Van Ort*, *supra*, involving a far more compelling alleged perception of "state action" where the claim involved violence committed by a police officer:

> The Van Orts' argument rests largely upon Donald's trial statement that he recognized Stanewich as a police officer, and the conjecture that this recognition somehow rendered his acts under color of state law. Merely because Donald recognized Stanewich, however, would not make the attack under color of law. . . . Merely because a police officer is recognized as an individual employed as a police officer does not alone transform private acts into acts under color of state law.

92 F.3d at 839.  See also, *Carson v. County of Stanislaus*, 1:10-CV-02133-OWW, 2011 WL 3813193 (E.D. Cal. Aug. 29, 2011) (plaintiff's subjective perception of is insufficient to establish that official acted under color of law).  Here, too, the subjective belief of the Plaintiff, even if it had been allegedly based on reasonable inferences from third party statements suggesting that Mr. Frey acted color of state law—which itself cannot be said to have been plausibly alleged here—would not trump the fact that, under the facts alleged, nothing *Mr. Frey did* meets the legal standard to permit a Section 1983 claim to proceed.

1  Therefore, because Plaintiff fails as a matter of law to plead facts establishing

2  that Mr. Frey acted under color of state law, this Court should dismiss her Section

3  1983 claim.

4  **2.  Plaintiff Does Not Plead Facts Showing a Deprivation of**

5  **Constitutional Rights**

6  Plaintiff also fails to plead facts establishing the deprivation of a right protected

7  by the Constitution of the United States.

8  As is noted above, Plaintiff offers only two theories upon which she bases the

9  violation of her rights:  that Mr. Frey's exercise of his First Amendment right by

10  publishing his Blog violated her First Amendment rights by "intimidating her into

11  silence regarding O'KEEFE [sic] wiretapping of Representative Waters" (¶ 45), and

12  that Mr. Frey violated her due process rights by "creating a situation where

13  PLAINTIFF believed (a) she would not receive fair treatment from MR. FREY, MRS.

14  FREY, COOLEY, or anyone else at the County, and (b) any case in which

15  PLAINTIFF was involved would be prejudged by the COUNTY, COOLEY, or MR.

16  FREY himself." (¶ 46.)  These allegations are insufficient as a matter of law.

17  The first problem with Plaintiff's First Amendment claim is that its premise of

18  "intimidation" is explicitly contradicted by the factual allegations of the Complaint.

19  Where the factual allegations of a Complaint are inconsistent with its claims for relief,

20  that pleading fails to meet the plausibility standard of *Twombly* and should be

21  dismissed.  *See*, e.g., *Stanislaus Food Products Co. v. USS-POSCO Indus.*, 782 F.

22  Supp. 2d 1059, 1078 (E.D. Cal. 2011) (where allegations are internally inconsistent

23  they are implausible as a matter of law, dismissing complaint); *Gallop v. Cheney*, 642

24  F.3d 364, 368 *reh'g denied*, 645 F.3d 519 (2d Cir. 2011) ("unsubstantiated and

25  inconsistent allegations" properly dismissed); *Oughtred v. E*Trade Fin. Corp.*, 08

26  CIV. 3295 SHS, 2011 WL 1210198 (S.D.N.Y. Mar. 31, 2011) (internal

27  inconsistencies in complaint provide ground for 12(b)(6) dismissal).

28  The contradictions here go to the core of the Complaint. On the one hand,

BROWN, WHITE & NEWHOUSE
ᴸᴸᴾ
A T T O R N E Y S

14

Plaintiff asserts that she did not report Mr. O'Keefe to the Los Angeles County District Attorney's Office ("the Office") because she was "intimidated" into "silence" about Mr. O'Keefe by Mr. Frey.  This alleged intimidation is alleged to be the constitutional injury Plaintiff has suffered.  The problem for her is that, on the other hand, Plaintiff not only admits but explicitly alleges—in the same pleading—her own very un-silent and un-intimidated behavior.  Despite the alleged "intimidation" by Mr. Frey, Plaintiff, by her own admission, (1) publicly threatened to report Mr. Frey to the Office and to the State Bar (¶ 30), (2) publicly filed a claim with the County against Mr. Frey (¶ 41); and (3) publicly filed this Complaint, which extensively describes her complaints against Mr. O'Keefe.  These are not the actions of a person "intimidated" into silence.  If this Plaintiff can claim to be amenable to intimidation, she cannot claim it plausibly with respect to these allegations.

Moreover, to establish a Section 1983 claim on a theory that she was chilled in the exercise of her First Amendment  rights, Plaintiff must establish that  the complained-of actions "would chill or silence a person of ordinary firmness" from making their intended speech.  *Mendocino Envtl. Ctr. v. Mendocino Cnty.,* 192 F.3d 1283, 1300 (9th Cir.1999).  Plaintiff has not alleged such facts to support this prong of her claim, and the facts she alleges are totally contrary to it.

Plaintiff's due process allegations are similarly inexplicable, and conclusory as well.  The Complaint claims that Mr. Frey "created a situation" in which she "believed she would not receive fair treatment" from defendants and the Office.  But Plaintiff does not allege (nor can she) that she is subject to investigation or charges by the Office, or that she has any basis to expect investigation or charges by the Office, or that Mr. or Mrs. Frey would have any role in any such matter.  Omitting any explanation as to how or why she might be subject to *any* "treatment" by the Office under these circumstances, her due process claim based on "treatment" is simply incoherent and, again, fails to meet the plausibility requirement of Rule 12(b)(6).

Considering the Court's obligation to read a complaint, on a 12(b)(6) motion,

MOTION TO DISMISS FIRST THROUGH FIFTH CAUSES OF ACTION

757611.1

BROWN, WHITE & NEWHOUSE<sup>LLP</sup>
A T T O R N E Y S

1  with the full measure of generosity, it may be surmised that Plaintiff means to suggest

2  that the Office might not adequately investigate or pursue her allegations that Mr.

3  O'Keefe wiretapped Representative Waters (¶ 25).  But that is not a due process

4  violation; this Plaintiff has no right, due process or otherwise, to an Office

5  investigation or prosecution of Mr. O'Keefe, just as no other private citizen has such a

6  right.  *Linda R.S. v. Richard D.,* 410 U.S. 614, 619 ("[A] private citizen lacks a

7  judicially cognizable interest in the prosecution or nonprosecution of another.");

8  *Trump v. Montgomery County Sheriff*, 2010 WL 1278596, * (WD VA 2010) (rejecting

9  Section 1983 claim and holding that the plaintiff "as a private citizen, he has no right

10  to compel law enforcement officers or officers of the court to investigate or bring

11  criminal charges against another person. Therefore, he cannot bring a lawsuit to

12  enforce his desire for prosecution of that person."); *McCrary v. County of Nassau,* 493

13  F.Supp.2d 581, 588 (ED NY 2007) ("A private citizen does not have a constitutional

14  right to compel government officials to arrest or prosecute another person."); *Staley v.*

15  *Grady*, 371 F.Supp.2d 411, 415 (SD NY 2005 (stating same rule in rejecting Section

16  1983 action premised on nonprosecution).  The due process claim here offers no

17  "factual content that allows the court to draw the reasonable inference" of a

18  Constitutional violation.  *Iqbal*, 556 U.S. at 678.

19       Therefore, the Court should dismiss Plaintiff's Section 1983 claim for the

20  additional reason that she fails to state facts supporting a violation of her rights.

21  **D.   If The Court Does Not Grant Defendants' Anti-SLAPP Motion, It Should**

22       **Also Dismiss Ms. Naffe's Other Claims Against Them**

23       Plaintiff's Second through Sixth Causes of Action are the subject of Mr. Frey's

24  and Mrs. Frey's concurrently filed Anti-SLAPP Motion.  To the extent the Court does

25  not grant that Motion, it should dismiss the claims in question under Rule 12(b)(6).

26  For the reasons stated in that Motion, the Second through Sixth Causes of Action do

27  not state a claim.

28

MOTION TO DISMISS FIRST THROUGH FIFTH CAUSES OF ACTION

757611.1

**E.      The Court Should Dismiss Without Leave To Amend**

  Dismissal without leave to amend is appropriate when the deficiencies in a complaint cannot be cured by amendment.  *Cato v. United States,* 70 F.3d 1103 (9th Cir.1995).  The facts and law above show that this is such a case: a patently frivolous and malicious attempt to retaliate against protected speech premised on meritless factual and legal theories.  The Court should therefore dismiss without leave to amend.

**IV.**

**CONCLUSION**

  Based on the foregoing, this Court should dismiss the First Cause of Action without leave to amend.  If the Court does not grant Defendant's concurrently filed Anti-SLAPP Motion, the Court should also dismiss the First through Sixth Causes of Action without leave to amend.

DATED:  November 12, 2012   Respectfully submitted,
            GOETZ FITZPATRICK LLP LLP


            By *s/Ronald D. Coleman*
               RONALD D. COLEMAN
               Counsel for Defendants
              JOHN PATRICK FREY AND
                CHRISTI FREY


DATED:  November 12, 2012   Respectfully submitted,
            BROWN WHITE & NEWHOUSE LLP


            By *s/Kenneth P. White*
               KENNETH P. WHITE
             Local Counsel for Defendants
              JOHN PATRICK FREY AND
                CHRISTI FREY

757611.1