JASON S. LEIDERMAN, SBN 203336
jay@leidermandevine.com
JAMES B. DEVINE, SBN 205270
james@leidermandevine.com
LEIDERMAN DEVINE LLP
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

Attorneys for Plaintiff
NADIA NAFFE, an individual

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| NADIA NAFFE, an individual,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>JOHN PATRICK FREY, an individual, STEVE M. COOLEY, an individual, and the COUNTY OF LOS ANGELES, a municipal entity,<br><br>　　　　Defendants. | Case No.: CV12-08443-GW (MRWx)<br><br>Complaint Filed: October 2, 2012<br>Judge: Hon. George H. Wu<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT JOHN PATRICK FREY'S MOTION TO STRIKE THE SECOND THROUGH SIXTH CAUSES OF ACTION OF THE COMPLAINT PURSUANT TO C.C.P. § 425.16; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF NADIA NAFFE; EXHIBITS**<br><br>Date: December 10, 2012<br>Time: 8:30 a.m.<br>Dept.: 10 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiff Nadia Naffe ("Plaintiff" or "Naffe") hereby submits her Opposition to Defendant John Patrick Frey's ("Mr. Frey") Motion pursuant to Cal. Code Civ. P. § 425.16 to strike the Second, Third, Fourth, Fifth and Sixth Causes of Action from the Complaint.

OPPOSITION TO DEFENDANT'S MOTION TO STRIKE;
MEMORANDUM OF POINTS AND AUTHORITIES
Page - i

LEIDERMAN DEVINE LLP
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................... 1

SUMMARY OF FACTUAL ALLEGATIONS ...................................................... 1

   A.   MS. NAFFE'S FRIENDSHIP WITH JAMES O'KEEFE ENDED IN CONTENTIOUS LITIGATION. .................................................................. 2

   B.   MR. FREY HAD A PERSONAL FRIENDSHIP WITH JAMES O'KEEFE. ......... 2

   C.   MR. FREY'S ONLINE PERSONA, "PATTERICO," IS DELIBERATELY LINKED WITH HIS POSITION AND AUTHORITY AS A DISTRICT ATTORNEY. 3

   D.   IN AN EFFORT TO STOP MS. NAFFE FROM COMING FORWARD WITH EVIDENCE OF JAMES O'KEEFE'S CRIME, MR. FREY HARASSED AND INTIMIDATED MS. NAFFE. ............................................................... 3

ARGUMENT .......................................................................................................... 4

   I.   **CHRISTY FREY HAS BEEN DISMISSED.** ........................................ 5

   II.   **PLAINTIFF'S CAUSES OF ACTION DO NOT ARISE FROM ACTS IN FURTHERANCE OF DEFENDANT'S RIGHT TO FREE SPEECH ON A PUBLIC ISSUE.** ................................................................................ 5

   III.   **PLAINTIFF HAS ESTABLISHED A PROBABILITY OF PREVAILING ON HER CLAIMS BY THE ATTACHED EVIDENCE.** ............................ 6

      A.   THE STANDARD OF PROOF FOR ESTABLISHING A PROBABILITY OF PREVAILING IS LOW. ............................................................ 7

      B.   DEFENDANT'S PUBLIC DISCLOSURE OF NAFFE'S PRIVATE INFORMATION WAS A TORTIOUS INVASION OF HER PRIVACY. ......... 8

      C.   DEFENDANT'S CONDUCT PAINTED PLAINTIFF IN A FALSE LIGHT. ..... 9

      D.   DEFENDANT IS LIABLE TO PLAINTIFF FOR DEFAMATION. ............. 10

OPPOSITION TO DEFENDANT'S MOTION TO STRIKE;
MEMORANDUM OF POINTS AND AUTHORITIES
Page - ii

LEIDERMAN DEVINE LLP
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

E.  DEFENDANT'S OUTRAGEOUS CONDUCT CAUSED PLAINTIFF SEVERE EMOTIONAL DISTRESS. ...................................................................................... 11

F.  DEFENDANT HAD A STATUTORY DUTY NOT TO PUBLISH MS. NAFFE'S SOCIAL SECURITY; HIS BREACH OF THAT DUTY CONSTITUTED NEGLIGENCE. ............................................................................................................. 12

G.  PLAINTIFF HAS SUBMITTED "MINIMAL MERIT" EVIDENCE OF EACH OF THE ABOVE CLAIMS. ..................................................................................... 12

**IV.  IN THE ALTERNATIVE, PLAINTIFF REQUESTS THAT THE HEARING BE CONTINUED AND SHE BE ALLOWED TO CONDUCT LIMITED DISCOVERY.** ................................................................................................................ 13

**CONCLUSION** ................................................................................................................ 14

OPPOSITION TO DEFENDANT'S MOTION TO STRIKE;
MEMORANDUM OF POINTS AND AUTHORITIES
Page - iii

LEIDERMAN DEVINE LLP
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ..................................................... 14

*Conroy v. Spitzer*, 70 Cal.App.4th 1446 (Cal. Ct. App. 1999) ..................................... 7, 12

*Cox Broadcasting Corp v. Cohn*, 420 U.S. 469 (1975) ..................................................... 8

*Diaz v. Oakland Tribune, Inc.*, 139 Cal.App.3d 118 (Cal. Ct. App. 1983) ....................... 9

*Havellier v. Sletten*, 29 Cal.4th 82 (Cal. 2002) ................................................................. 5

*Hilton v. Hallmark Cards*, 599 F.3d 894 (9th Cir. 2009) ................................................. 5

*Hughes v. Pair*, 46 Cal.4th 1035 (Cal. 2009) ................................................................. 11

*Kashian v. Harriman*, 98 Cal.App.4th 892 (Cal. Ct. App. 2002) ..................................... 5

*Matson v. Dvorak*, 40 Cal.App.4th 539 (Cal. Ct. App. 1995) .......................................... 7

*Melvin .v Reid*, 112 Cal.App. 285 (Cal. Ct. App. 1931) .................................................. 9

*Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832 (9th Cir. 2001) ..................................... 14

*Paulus v. Bob Lynch Ford*, 139 Cal.App.4th 659 (Cal. Ct. App. 2006) ........................... 7

*Rogers v. Home Shopping Network*, 57 F.Supp.2d 973 (C.D. Cal. 1999) ..................... 14

*Rosenfeld v. U.S. Dep't of Justice*, No. C-07-3240 EMC, 2012 WL 710186 (N.D. Cal., Mar. 5, 2012) .................................................................................................................. 8

*Shulman v. Group W Prods., Inc.*, 18 Cal.4th 200 (Cal. 1998) ........................................ 8

*Smith v. Maldonado*, 72 Cal.App.4th 637 (Cal. Ct. App. 1999) .................................... 10

*Snyder v. Phelps*, 131 S.Ct 1207 (2011) ........................................................................ 12

*Standing Comm. on Discipline of U.S. Dist. Court for Cent. Dist. of Cal. v. Yagman*, 55 F.3d 1430 (9th Cir. 1995) ............................................................................................. 11

*Werner v. Times-Mirror Co.*, 193 Cal. App.2d 111 (Cal. Ct. App. 1961) ........................ 9

*Wilbanks v. Wolk*, 121 Cal.App.4th 883 (Cal. Ct. App. 2004) ........................................ 7

*Wilcox v. Superior Court*, 27 Cal.App.4th 809 (Cal. Ct. App. 1994) .............................. 7

*Yu v. Signet Bank/Virginia*, 103 Cal.App.4th 298 (Cal. Ct. App. 2002) .......................... 8

///

OPPOSITION TO DEFENDANT'S MOTION TO STRIKE;
MEMORANDUM OF POINTS AND AUTHORITIES
Page - iv

LEIDERMAN DEVINE LLP
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

**Statutes**

Cal. Civ. Code § 1798.85 .................................................................................................... 12

Cal. Code Civ. P. § 425.16(b)(1) ................................................................................. 5, 6, 7, 13

**Treatises**

Rest. 2d, Torts §652E ......................................................................................................... 9

OPPOSITION TO DEFENDANT'S MOTION TO STRIKE;
MEMORANDUM OF POINTS AND AUTHORITIES
Page - v

LEIDERMAN DEVINE LLP
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

California Code of Civil Procedure § 425.16, also known as the "Anti-SLAPP" statute, was designed to combat strategic lawsuits against public participation, not to protect strategic intimidation against public participation. This lawsuit is not intended to punish Mr. Frey for public participation; it is intended to stop intimidation.

On an Anti-SLAPP motion to strike, the defendant first bears the burden of showing that the cause of action is based on acts made "in furtherance of the person's right of petition or free speech." If so, the burden shifts to the plaintiff to show "minimal merit" to her claims. While some—perhaps even most—of what Mr. Frey does on blog and Twitter account is within the ambit of the Anti-SLAPP statute, his actions forming the basis of this lawsuit are not. Defendant cannot meet § 425.16's first prong. Moreover, by this Opposition and the attached Declaration and Exhibits, Plaintiff has satisfied the "minimal merit" criteria to survive the Motion to Strike on each cause of action. Plaintiff respectively requests that the Motion be denied.

However, if the court is inclined to grant Defendant's Motion to Strike, in whole or in part, Plaintiff requests a stay for limited discovery pursuant to Fed. R. Civ. P. 56, which requires adequate opportunity for discovery before summary judgment.

## SUMMARY OF FACTUAL ALLEGATIONS[1]

Crucial to this suit is Plaintiff's allegation that Defendant undertook the alleged harassment campaign in order to protect from incarceration his personal friend, James O'Keefe ("O'Keefe"). (Compl. ¶ 36.) O'Keefe is a controversial conservative political activist who made a name for himself producing undercover "exposés." (*Id.* at ¶¶ 11, 12.) He is currently serving probation after pleading guilty to charges of entering real property of the United States under false pretenses, charges that arose out of one of O'Keefe's exposés aimed at sitting U.S. Senator Mary Landrieu. (*Id.* at ¶¶ 13, 14.)

---

[1] This Summary is identical to the Summary contained in Plaintiff's Opposition to Defendant's Motion to Dismiss. All references to paragraph numbers refer to Plaintiff's Complaint, unless otherwise specified.

OPPOSITION TO DEFENDANT'S MOTION TO STRIKE;
MEMORANDUM OF POINTS AND AUTHORITIES
Page - 1

LEIDERMAN DEVINE LLP
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

### A. MS. NAFFE'S FRIENDSHIP WITH JAMES O'KEEFE ENDED IN CONTENTIOUS LITIGATION.

Ms. Naffe was at one time a friend and colleague of O'Keefe. (Compl. ¶ 11.) But in the fall of 2011, after a friendship of more than two years, their relationship soured. (*Id.* at ¶ 15.) O'Keefe began making unwanted sexual advances, which Plaintiff rebuffed. (*Ibid.*) On October 2, 2011, Ms. Naffe was alone with O'Keefe in a barn in New Jersey, and O'Keefe drugged her in an attempt to sexually assault her (the "Barn Incident"). (*Ibid.*) O'Keefe offered Ms. Naffe money to keep quiet, and, when she rejected the offer and notified O'Keefe's colleagues, he threatened her with a lawsuit if she reported the incident to law enforcement. (*Ibid.*) And in November 2011, O'Keefe published a video degrading Ms. Naffe to youtube.com. (*Id.* at ¶ 16.)

Fed up, Ms. Naffe filed a criminal harassment complaint against O'Keefe. (*Ibid*.) That complaint was ultimately dismissed for lack of jurisdiction. (*Ibid.*) Mr. O'Keefe later filed an unrelated civil lawsuit against Ms. Naffe. (*Id.* at ¶ 29.) Their relationship has not been repaired.

Centrally important to this suit and Mr. Frey's motivations, Ms. Naffe had, at all relevant times, evidence that O'Keefe had wiretapped the Los Angeles office of California Congresswoman Maxine Waters and the office of OneUnited, where Congresswoman Waters' husband worked. (*Id.* at ¶ 21.)

### B. MR. FREY HAD A PERSONAL FRIENDSHIP WITH JAMES O'KEEFE.

Defendant Mr. Frey is a close personal friend of O'Keefe. (*Id.* at ¶ 18.) This friendship began when O'Keefe was an intern at the Los Angeles County District Attorney's Office (the "Office"). (*Ibid.*)

No later than February 28, 2012, Mr. Frey knew O'Keefe was in danger of going to prison: he knew O'Keefe was on federal probation; he knew O'Keefe had wiretapped Congresswoman Waters' office in his Office's jurisdiction; he knew Ms. Naffe had evidence of that wiretapping; and he knew that if she came forward with that evidence,

OPPOSITION TO DEFENDANT'S MOTION TO STRIKE;
MEMORANDUM OF POINTS AND AUTHORITIES
Page - 2

LEIDERMAN DEVINE LLP
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

O'Keefe's punishment for violating the terms of his probation would likely be incarceration. (*Id.* at ¶¶ 19, 22, 25.) These are the facts that primarily motivated Mr. Frey's subsequent behavior.

### C. MR. FREY'S ONLINE PERSONA, "PATTERICO," IS DELIBERATELY LINKED WITH HIS POSITION AND AUTHORITY AS A DISTRICT ATTORNEY.

Mr. Frey has a substantial following on his blog, www.patterico.com, and on his Twitter account, @patterico. (Compl. ¶ 23.) Although his blog contains a strategic disclaimer—a disclaimer that a reader may only find if he scrolls down and reads the sidebar's fine print—stating that its contents are "personal opinions . . . not made in any official capacity," that disclaimer is illusory and false. (*Id.* at ¶ 38.) On the contrary, Mr. Frey uses his position and reputation as a government officer to advance his political agenda, to increase the size of his audience, and to intimidate political enemies. (*Ibid.*) In short, Mr. Frey intends to—and does—imbue his online speech with the weight of state authority, all while being careful not to declare so directly.

### D. IN AN EFFORT TO STOP MS. NAFFE FROM COMING FORWARD WITH EVIDENCE OF JAMES O'KEEFE'S CRIME, MR. FREY HARASSED AND INTIMIDATED MS. NAFFE.

Beginning in February 2012, in order to protect O'Keefe from a potential prison sentence, Mr. Frey began a campaign of harassment against Ms. Naffe. (Compl. ¶¶ 24-32.) He published eight public articles to his blog disparaging Ms. Naffe and demonstrating his allegiance to O'Keefe. (*Id.* at ¶¶ 24, 27.) One of these posts was intended as a public cross-examination of her account of the Barn Incident. (*Id.* at ¶ 27.) Another post included documents related to O'Keefe's civil suit against Ms. Naffe. (*Id.* at ¶ 29.) Yet another, unrelated to the Barn Incident or O'Keefe, was simply a vicious publication of private information about Ms. Naffe. (*Id.* at ¶ 31.) This post included a transcript from a 2005 deposition of Ms. Naffe taken in an entirely distinct dispute with her former employer. (*Ibid.*) That unredacted transcript included extremely sensitive information about Ms. Naffe's medical condition and the medications she was taking at

///

OPPOSITION TO DEFENDANT'S MOTION TO STRIKE;
MEMORANDUM OF POINTS AND AUTHORITIES
Page - 3

LEIDERMAN DEVINE LLP
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

the time. (*Ibid.*) It also included Ms. Naffe's social security number, date of birth, maiden name, and family address: a road map for identity thieves. (*Ibid.*)

Mr. Frey also published several dozen threatening, misleading, and defamatory tweets from his @patterico Twitter account, including the following:

- On March 22, 2012, referring to Ms. Naffe and the Barn Incident, Mr. Frey tweeted: "@Dust92 Or because the 'victim' is a liar whose lies will be exposed? That sometimes happens too!" (*Id.* at ¶ 60.)

- On more than one occasion, and at least once on March 22, 2012, Mr. Frey attempted to destroy Ms. Naffe's credibility by suggesting that, since she did not call a cab during the Barn Incident, her whole story was made up: "Finally, for the umpteenth time: why not call a cab?" (*Id.* at ¶ 24.)

- On March 23, 2012, tweeting directly at Ms. Naffe (and also referring to the Barn Incident), Frey posted: "@NadiaNaffe That is false. But then, you're full of false allegations, aren't you?" (*Id.* at ¶ 60.)

- On March 23, 2012, Frey contacted Ms. Naffe via Twitter, stating: "My first task is learning what criminal statutes, if any, you have admitted violating." (Decl. of Nadia Naffe ("Naffe Decl.") at ¶ 27.)

These publications (the blog posts and tweets) have caused Ms. Naffe a great deal of anguish. She has suffered a bleeding ulcer, which continues to cause her problems. (Naffe Decl. ¶ 35). She was intimidated into not coming forward with evidence of O'Keefe's wiretapping in Los Angeles. (*Id.* at ¶ 33.) The day after Mr. Frey published the deposition transcript with Ms. Naffe's personal information, she began receiving alerts from credit reporting agency Experian explaining that someone had made changes to her credit report. (Compl. ¶ 34.) Indeed, she continues to receive reports that others are using her social security number fraudulently. (*Ibid.*)

## ARGUMENT

Section 425.16 requires the trial court to undertake a two-step process. *Hilton v. Hallmark Cards*, 599 F.3d 894, 903 (9th Cir. 2009); *Kashian v. Harriman*, 98

OPPOSITION TO DEFENDANT'S MOTION TO STRIKE;
MEMORANDUM OF POINTS AND AUTHORITIES
Page - 4

LEIDERMAN DEVINE LLP
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

Cal.App.4th 892, 906 (Cal. Ct. App. 2002).  First, the court must decide whether the defendant has made a prima facie showing that the acts of which the plaintiff complains were taken "in furtherance of the [defendant's] right of petition or free speech . . . ." § 425.16(b)(1); *Hilton v. Hallmark*, 599 F.3d at 903.  Second, if the defendant makes that showing, the burden shifts to the plaintiff to show "a probability of prevailing on the claim."  *Hilton v. Hallmark*, 599 F.3d at 903 (quoting *Havellier v. Sletten*, 29 Cal.4th 82, 124 (Cal. 2002)).  As argued below, Plaintiff should win on both prongs of this test.

## I. CHRISTY FREY HAS BEEN DISMISSED.

Plaintiff has voluntarily dismissed Christy Frey from this case.  She is no longer a named defendant.  As such, Defendant's objections regarding Christy Frey are moot.

## II. PLAINTIFF'S CAUSES OF ACTION DO NOT ARISE FROM ACTS IN FURTHERANCE OF DEFENDANT'S RIGHT TO FREE SPEECH ON A PUBLIC ISSUE.

A defendant making an Anti-SLAPP motion to strike must, to satisfy the statute's first prong, demonstrate that the underlying lawsuit arises out of acts made "in furtherance of the [defendant's] right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue . . . ."  Cal. Code Civ. P. § 425.16(b)(1).  While there is no doubt Mr. Frey engages in a great deal of speech on public issues, the acts forming the basis for this suit cannot be so characterized.

The Anti-SLAPP statute enumerates the conduct it intends to protect:

(1)   any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law,

(2)   any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law,

(3)   any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest, or

(4)   any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.

Cal. Code Civ. P. § 425.16(e).

OPPOSITION TO DEFENDANT'S MOTION TO STRIKE;
MEMORANDUM OF POINTS AND AUTHORITIES
Page - 5

LEIDERMAN DEVINE LLP
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

Defendant argues that his harassing blog posts and tweets were made "in connection with an issue of public interest" as that phrase is used in subsections (e)(3) and (e)(4). (Defendant's Motion to Strike ("MTS") at 8.) He asserts that the Barn Incident is a public issue, and points to the acts of others in support of that characterization: (1) after the Barn Incident, Ms. Naffe accused O'Keefe of attempted sexual assault in court filings; (2) she later took to her blog in an attempt to correct reporting about it; and (3) O'Keefe is a public figure subject to media attention. (MTS at 8-9.) Since Mr. Frey's initial conduct toward Ms. Naffe grew out of his interest in the Barn Incident, all of his conduct should be protected by the Anti-SLAPP statute. (MTS at 9.) Or so he claims.

The Barn Incident is a red herring. Although it provides convenient camouflage for Mr. Frey, the basis for this suit is not his commentary on the Barn Incident. Rather, it is Mr. Frey's campaign to harass and intimidate Ms. Naffe into withholding evidence of a wholly distinct crime, related to the Barn Incident only by virtue of O'Keefe's involvement. Mr. Frey was not commenting on the Barn Incident when he plastered Ms. Naffe's private medical information over the front page of his blog. (Naffe Decl. ¶ 25.) He was not commenting on the Barn Incident when he made Ms. Naffe's social security number available to identity thieves. (*Id.* at ¶¶ 25, 29-30.) He was not commenting on the Barn Incident when he threatened a criminal investigation of Ms. Naffe. (*Id.* at ¶ 27.) The Barn Incident is merely cover for Mr. Frey's tortious behavior.

Therefore, even assuming that the Barn Incident is an "issue of public interest" sufficient to satisfy the Anti-SLAPP statute's first prong, Defendant cannot show that this suit arises out of activity "in connection" with it. On this basis alone, the court should deny Defendant's Motion to Strike.

### III. PLAINTIFF HAS ESTABLISHED A PROBABILITY OF PREVAILING ON HER CLAIMS BY THE ATTACHED EVIDENCE.

If the Court determines that Defendants' Motion satisfies the first prong, Plaintiff contends that the Motion should still be denied since the attached evidence establishes

OPPOSITION TO DEFENDANT'S MOTION TO STRIKE;
MEMORANDUM OF POINTS AND AUTHORITIES
Page - 6

LEIDERMAN DEVINE LLP
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

that Plaintiff has a probability of prevailing on her claims for Public Disclosure Invasion of Privacy, False Light Invasion of Privacy, Defamation, Intentional Infliction of Emotional Distress and Negligence. And as discussed below, Defendant's objections are meritless.

### A. THE STANDARD OF PROOF FOR ESTABLISHING A PROBABILITY OF PREVAILING IS LOW.

Where § 425.16 applies, the cause of action "shall be subject to a special motion to strike, *unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim*." Cal. Code Civ. P. § 425.16(b)(1). "To establish such a probability, a plaintiff must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." *Matson v. Dvorak*, 40 Cal.App.4th 539, 548 (Cal. Ct. App. 1995); *Conroy v. Spitzer*, 70 Cal.App.4th 1446, 1451 (Cal. Ct. App. 1999); *Wilcox v. Superior Court*, 27 Cal.App.4th 809, 823 (Cal. Ct. App. 1994). The plaintiff's burden on this issue is akin to that of a party opposing nonsuit, directed verdict, or summary judgment. *Paulus v. Bob Lynch Ford*, 139 Cal.App.4th 659, 672 (Cal. Ct. App. 2006). However, a "motion to strike under section 425.16 is not a substitute for a motion for a demurrer or summary judgment. [citation] In resisting such a motion, *the plaintiff need not produce evidence that he or she can recover on every possible point urged*. **It is enough that the plaintiff demonstrates that the suit is viable**, so that the court should deny the special motion to strike and allow the case to go forward." *Wilbanks v. Wolk*, 121 Cal.App.4th 883, 905 (Cal. Ct. App. 2004) (emphasis added). "The causes of action need only be shown to have 'minimal merit.'" *Yu v. Signet Bank/Virginia*, 103 Cal.App.4th 298, 318 (Cal. Ct. App. 2002).

///

///

///

OPPOSITION TO DEFENDANT'S MOTION TO STRIKE;
MEMORANDUM OF POINTS AND AUTHORITIES
Page - 7

LEIDERMAN DEVINE LLP
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

## B. DEFENDANT'S PUBLIC DISCLOSURE OF NAFFE'S PRIVATE INFORMATION WAS A TORTIOUS INVASION OF HER PRIVACY.

Plaintiff's second cause of action is for public disclosure of private facts, a n invasion of privacy tort. In California, there are four elements to establish a cause of action for the public disclosure tort: "(1) public disclosure (2) of a private fact (3) which would be offensive and objectionable to the reasonable person and (4) which is not of legitimate public concern." *Shulman v. Group W Prods., Inc.*, 18 Cal.4th 200, 214 (Cal. 1998). Defendant challenges the second and fourth prongs here.

Defendant makes a short argument that "the information published by Mr. Frey concerns a matter of public interest, which itself diminishes the privacy expectation of the plaintiff." (MTS at 11.) In support he cites *Rosenfeld v. U.S. Dep't of Justice*, No. C-07-3240 EMC, 2012 WL 710186, *5 (N.D. Cal., Mar. 5, 2012). But *Rosenfeld* is inapposite in two ways. First, it was a Freedom of Information Act ("FOIA") case. In FOIA cases, as the *Rosenfeld* court noted, there is a "strong presumption in favor of disclosure." *Id.* at *2. This presumption is not applicable to invasion of privacy torts. Second, the individual who was the subject of the FOIA request had "written numerous memoirs, was the host of a live radio show for over two decades, and is described on his own website as 'a popular nation speaker on issues related to conservative politics, adoption and the life lessons.'" *Id.* at *5. He was a "public figure." *Ibid.* Defendant does not, and could not, argue that Ms. Naffe is a public figure. *Rosenfeld* is simply not applicable.

Defendant also asserts that, since the deposition transcript was hosted on the federal courts' ECF/PACER system, the facts therein were, as a matter of law, not private. (MTS at 11-12.) True, *in general*, the First Amendment protects from liability disclosures of matters of public record. *See Cox Broadcasting Corp v. Cohn*, 420 U.S. 469, 491-92 (1975). But this general rule is subject to an important exception: a "matter which was once of public record may be protected as private facts where disclosure of that information would not be newsworthy." *Diaz v. Oakland Tribune, Inc.*, 139 Cal.App.3d 118, 132 (Cal. Ct. App. 1983). The First Amendment is no defense to

OPPOSITION TO DEFENDANT'S MOTION TO STRIKE;
MEMORANDUM OF POINTS AND AUTHORITIES
Page - 8

LEIDERMAN DEVINE LLP
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

disclosures of information "so offensive as to constitute a 'morbid and sensational prying into private lives for its own sake' . . . ." *Id.* at 126.

Here, even though Ms. Naffe's deposition transcript was a matter of public record, it was <u>not</u> newsworthy. The transcript was taken seven years prior to Mr. Frey's re-publication. The deposition had nothing to do with the Barn Incident, except that both involved Ms. Naffe. No public discourse regarding the Barn Incident was advanced by uncouth discussions of Ms. Naffe's 2005 prescriptions or medical conditions. And nobody better understood the Barn Incident better because they had access to Ms. Naffe's social security number. In sum, the facts in Ms. Naffe's 2005 deposition transcript were private. *Cf. Melvin .v Reid*, 112 Cal.App. 285 (Cal. Ct. App. 1931) (reversing dismissal of invasion of privacy claim based on disclosure of plaintiff's past life as a prostitute seven years after she reformed, even though that fact was in the public record).

### C. DEFENDANT'S CONDUCT PAINTED PLAINTIFF IN A FALSE LIGHT.

Plaintiff's third cause of action is false light invasion of privacy. There are two elements of the false light tort: (1) "the false light in which the plaintiff was placed would be highly offensive to a reasonable person," and (2) "the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed." Rest. 2d, Torts §652E.

Defendant does not attack either element, instead arguing that the false light claim is "derivative of, and duplicative of" her defamation claim. (MTS at 15.) Plaintiff concedes that in many cases, defamatory statements may also form the basis for a false light claim, thus making the false light claim "duplicative." *See Werner v. Times-Mirror Co.*, 193 Cal. App.2d 111, 120 (Cal. Ct. App. 1961).

However, this is not such a case. As discussed below, Plaintiff's defamation claim is based on false statements of fact. Her false light claim is based on other statements and questions that cannot be interpreted as statements of fact, and therefore cannot support a defamation claim. For example, one evidentiary basis for Ms. Naffe's false light claim is

OPPOSITION TO DEFENDANT'S MOTION TO STRIKE;
MEMORANDUM OF POINTS AND AUTHORITIES
Page - 9

LEIDERMAN DEVINE LLP
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

Mr. Frey's relentless and harassing questioning about her failure to call a cab during the Barn Incident. (Naffe Decl. at ¶ 17.) These questions, though not statements of fact, were pregnant with accusation; they included an implied answer that Ms Naffe failed to call a cab because she was lying about the Barn Incident. They implied she submitted a false report. Although not false statements of fact—and therefore not sufficient to support defamation—the rhetorical questions Defendant posed *ad nauseum* undoubtedly painted Plaintiff in a highly offensive, false, accusatory light.

### D. DEFENDANT IS LIABLE TO PLAINTIFF FOR DEFAMATION.

Plaintiff's fourth cause of action is for defamation. Defamation is "the [1] intentional [2] publication of a [3] statement of fact that is [4] false, [5] unprivileged, and [6] has a natural tendency to injure or which causes special damage." *Smith v. Maldonado*, 72 Cal.App.4th 637, 645 (Cal. Ct. App. 1999).

Defendant challenges the third, fourth and fifth elements of the claim, arguing that the alleged defamatory statements "cannot reasonably be interpreted as stating actual facts," that they were not provably false, and that in any event, the First Amendment privileges his statements. (MTS at 13-15.) Supporting the defamation claim are Mr. Frey's statements that Ms. Naffe is a "liar whose lies will be exposed" and that she is "full of false allegations." (*See* Compl. ¶ 60; Mar. 25, 2012 List of @patterico Tweets, Ex. B.) He argues that, in the context of political disputes, legal disputes, and Internet debates, such statements are "unlikely to be taken as literally true statements." (MTS at 14.)

Again, however, Defendant misstates the appropriate context. In this case, Plaintiff's allegations must be viewed in the context of Mr. Frey's concerted effort to suppress evidence of O'Keefe's wrongdoing. This was not an "ongoing online dispute." (MTS at 14.) This was harassment and intimidation in one direction only: from Mr. Frey toward Ms. Naffe. The literal meaning and substantive content of @patterico's tweets—the aspect of it that is provably false—is that Ms. Naffe submitted a false complaint against O'Keefe. *Compare, e.g.*, *Standing Comm. on Discipline of U.S. Dist. Court for*

OPPOSITION TO DEFENDANT'S MOTION TO STRIKE;
MEMORANDUM OF POINTS AND AUTHORITIES
Page - 10

LEIDERMAN DEVINE LLP
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

*Cent. Dist. of Cal. v. Yagman*, 55 F.3d 1430, 1440-42 (9th Cir. 1995) (holding an allegation of "dishonesty" not actionable because it lacked "substantive content" but upholding sanctions for an allegation that a judge was "drunk on the bench" because there was "nothing relating to the context in which this statement was made that tends to negate the literal meaning of the words"). Considered in the context of Mr. Frey's crusade to keep Ms. Naffe quiet about O'Keefe, Mr. Frey's tweets did contain a provably false statement of fact. The court should sustain Plaintiff's defamation claim.

### E. DEFENDANT'S OUTRAGEOUS CONDUCT CAUSED PLAINTIFF SEVERE EMOTIONAL DISTRESS.

Plaintiff's fifth cause of action is intentional infliction of emotional distress ("IIED"). Defendant correctly observes that this tort has three elements: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Hughes v. Pair*, 46 Cal.4th 1035, 1050 (Cal. 2009).

Defendant raises two objections to this claim. First, he describes his behavior as merely insulting Plaintiff and questioning her honesty. (MTS at 16.) Therefore, he argues, his conduct was not extreme and outrageous as a matter of law. (MTS at 16.) This misstates the basis for Plaintiff's IIED claim. The extreme and outrageous conduct alleged is not restricted to Mr. Frey's insults or doubts about Ms. Naffe's honesty. The extreme and outrageous conduct alleged is Mr. Frey's vicious harassment campaign, specifically designed to stop Ms. Naffe from coming forward with evidence that Mr. Frey's friend committed a crime. Although this conduct included public insults and character assassination attempts, (Naffe Decl. ¶ 17) it also included his public threats to begin a criminal investigation of Plaintiff (*Id.* at ¶ 27), and his disclosure of highly private information about her. (*Id.* at ¶ 25.)

///

OPPOSITION TO DEFENDANT'S MOTION TO STRIKE;
MEMORANDUM OF POINTS AND AUTHORITIES
Page - 11

LEIDERMAN DEVINE LLP
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

Second, Defendant argues that "the conduct [Plaintiff] complains of is debate on a subject of public interest protected by the First Amendment . . . and hence exempt from attack as infliction of emotional distress." (MTS at 17 (citing *Snyder v. Phelps*, 131 S.Ct 1207 (2011).) But as argued above in Part II, *infra*, Mr. Frey's used his professed "subject of public interest"—the Barn Incident—as a pretext to engage in intimidation and harassment of Ms. Naffe, an otherwise private citizen. As the Supreme Court noted, "restricting speech on purely private matters does not implicate the same constitutional concerns as limiting speech on matters of public interest." *Snyder v. Phelps*, 131 S.Ct at 1215. In short, Defendant's objections to Plaintiff's IIED claim should be rejected.

### F. DEFENDANT HAD A STATUTORY DUTY NOT TO PUBLISH MS. NAFFE'S SOCIAL SECURITY; HIS BREACH OF THAT DUTY CONSTITUTED NEGLIGENCE.

Plaintiff's sixth cause of action is for negligence. The well-known elements of negligence are (1) duty, (2) breach, (3) causation, and (4) damages. *Conroy v. Regents of Univ. of Cal.*, 45 Cal.4th 1244, 1250 (Cal. 2009).

Here, Mr. Frey asserts he had no duty to refrain from publishing Ms. Naffe's social security number. (MTS at 17-20.) But that duty is plainly imposed by statute. Cal. Civ. Code § 1798.85 ("a person or entity may not . . . publicly display in any manner an individual's social security number"). Defendant correctly states that the statute does not itself provide for a private right of action, (MTS at 19) but this argument confuses the "duty" element of a negligence cause of action with the existence of an independent, statutory cause of action. Common-law negligence (or negligence per se) is the cause of action; § 1798.85 is the source of Mr. Frey's duty.[2]

### G. PLAINTIFF HAS SUBMITTED "MINIMAL MERIT" EVIDENCE OF EACH OF THE ABOVE CLAIMS.

By the attached Exhibits and Declaration, Plaintiff submits to the court more than mere allegations. Ms. Naffe's Declaration contains *testimony* as to the substance of her

---

[2] Plaintiff concedes that Defendant's relationship with the PACER service does not create an affirmative duty to redact documents retrieved from PACER. (MTS at 17.)
OPPOSITION TO DEFENDANT'S MOTION TO STRIKE;
MEMORANDUM OF POINTS AND AUTHORITIES
Page - 12

LEIDERMAN DEVINE LLP
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

Complaint. The March 25, 2012 list of tweets from Mr. Frey's Twitter account (*see* Mar. 25, 2012 List of @patterico Tweets, Ex. B.) and the .pdf copy of the blog post in which Mr. Frey posted Ms. Naffe's deposition transcript further substantiate her claims. (PDF of "Documents from Nadia Naffe's Race Discrimination Case Against the RNC: the Computer That Was Never Returned", *also available at* http://www.patterico.com/2012/03/24/documents-from-nadia-naffes-race-discrimination-case-against-the-rnc-the-computer-that-was-never-returned/.) Plaintiff anticipates discovering much more evidence as this case moves forward, but at the pleading stage, without opportunity to discover evidence largely in the exclusive control of the Defendant, she has met her burden under the Anti-SLAPP statute's second prong to produce "minimal merit" evidence of her claims. Having met her burden, Plaintiff respectfully asks this court to dismiss Defendant's Motion to Strike in its entirety.

### IV. <u>IN THE ALTERNATIVE, PLAINTIFF REQUESTS THAT THE HEARING BE CONTINUED AND SHE BE ALLOWED TO CONDUCT LIMITED DISCOVERY.</u>

In the case that the court finds insufficient evidence to support any or all of Plaintiff's claims, she respectfully asks this court to stay its ruling for limited discovery. True, the statute by its own terms prohibits discovery after filing of a special motion to strike. Cal. Code Civ. P. § 425.16(g) ("All discovery proceedings in the action shall be stayed upon the filing of a notice of motion made pursuant to this section. The stay of discovery shall remain in effect until notice of entry of the order ruling on the motion.").

But as noted by this very court, California's Anti-SLAPP statute directly conflicts with the Rule 56 of the Federal Rules of Civil Procedure, and thus does not govern federal court procedure. *Rogers v. Home Shopping Network*, 57 F.Supp.2d 973, 982 (C.D. Cal. 1999) ("Because the discovery-limiting aspects of § 425.16(f) and (g) collide with the discovery-allowing aspects of Rule 56, these aspects of subsections (f) and (g) cannot apply in federal court."); *see also Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846-47 (9th Cir. 2001) (remanding and ordering the district court to allow for discovery of information "in the defendants' exclusive control," despite Anti-SLAPP provisions

OPPOSITION TO DEFENDANT'S MOTION TO STRIKE;
MEMORANDUM OF POINTS AND AUTHORITIES
Page - 13

LEIDERMAN DEVINE LLP
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

prohibiting it). In ruling on the instant motion, this court is governed by Rule 56, which requires that the non-moving party—here, Plaintiff—be given "the opportunity to discovery information that is essential to his opposition." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986). As such, Ms. Naffe should be given the opportunity to conduct discovery before dismissal under the Anti-SLAPP statute.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Strike should be denied. Or, alternatively, the court should stay its ruling pending limited discovery.

Dated: November 19, 2012                          LEIDERMAN DEVINE LLP


By: /s/ James B. Devine
    James B. Devine
    Jason S. Leiderman
    Attorneys for Plaintiff
    NADIA NAFFE, an individual

OPPOSITION TO DEFENDANT'S MOTION TO STRIKE;
MEMORANDUM OF POINTS AND AUTHORITIES
Page - 14

LEIDERMAN DEVINE LLP
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280