PAUL B. BEACH, State Bar No. 166265
pbeach@lbaclaw.com
ALEXANDRA B. ZUIDERWEG, State Bar No. 270177
azuiderweg@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
100 West Broadway, Suite 1200
Glendale, California  91210-1219
Telephone No. (818) 545-1925
Facsimile No. (818) 545-1937

Attorneys for Defendant
Steve M. Cooley

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NADIA NAFFE, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> JOHN PATRICK FREY, an individual, CHRISTI FREY, an individual, STEVE M. COOLEY, an individual, and the COUNTY OF LOS ANGELES, a municipal entity, <br><br> Defendants. | Case No. CV 12-8443 GW (MRWx) <br><br> Honorable George H. Wu <br><br> **DEFENDANT STEVE M. COOLEY'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ALEXANDRA B. ZUIDERWEG AND EXHIBITS IN SUPPORT THEREOF** <br><br> *[[Proposed] Order filed concurrently herewith]* <br><br> Date:  December 20, 2012 <br> Time:  8:30 a.m. <br> Crtm:  10 |

TO THE HONORABLE COURT, ALL PARTIES, AND TO THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on December 20, 2012 at 8:30 a.m., or as soon thereafter as the matter may be heard in Courtroom 10, United States District Court, located at 312 N. Spring Street, Los Angeles, California, 90012

1

Defendant Steve M. Cooley ("Defendant Cooley") will and hereby does move the Court to dismiss the Complaint against him pursuant to Fed. R. Civ. P. Rule 12(b)(6) on the following grounds:

1. Plaintiff's claim pursuant to 42 U.S.C. § 1983 must fail because she has not and cannot allege that her constitutional rights were violated as a result of any action taken by Defendant Cooley;
2. Plaintiff fails to state a claim pursuant to 42 U.S.C. § 1983 because she has not alleged facts sufficient to establish that Defendant Cooley acted under color of law; and,
3. Plaintiff's § 1983 claim fails because Plaintiff has not and cannot allege that she suffered the deprivation of any constitutional right.

This Motion will be based upon this Notice of Motion, the attached Memorandum of Points and Authorities and Declaration of Alexandra B. Zuiderweg, the pleadings on file herein, and upon such further evidence as may be presented at or before the hearing. This Motion is made following counsel for Defendant's unsuccessful attempt to informally resolve issues pursuant to Local Rule 7-3. (*See*, Declaration of Alexandra B. Zuiderweg and accompanying exhibits attached thereto.)

Dated:  November 21, 2012                    LAWRENCE BEACH ALLEN & CHOI, PC


By    /s/  Alexandra B. Zuiderweg
      Alexandra B. Zuiderweg
      Attorneys for Defendant
      Steve M. Cooley

**TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES ......................................... 1

I.   INTRODUCTION. ................................................................................. 1

II.  PLAINTIFF'S COMPLAINT FAILS TO STATE A § 1983 CLAIM AGAINST DEFENDANT COOLEY. .......................................................... 2

    A.   There Is No Respondeat Superior Liability Under 42 U.S.C. § 1983 .................................................................................................. 2

    B.   The Actions Alleged In Plaintiff's Complaint Are Not Under Color Of State Law. .................................................................................. 3

    C.   Plaintiff's Complaint Does Not Set Forth Facts Illustrating A Deprivation Of A Constitutional Right. ............................................. 5

III. CONCLUSION. ..................................................................................... 7

DECLARATION OF ALEXANDRA B. ZUIDERWEG ....................................... 8

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Warner,*
    451 F.3d 1063 (9th Cir. 2006) ............................................................... 3

*Barren v. Harrington,*
    152 F.3d 1193 (9th Cir.1998), *cert. denied,* 525 U.S. 1154, 119 S.Ct.
    1058, 143 L.Ed.2d 63 (1999) ................................................................ 2

*Carlos v. Santos,*
    123 F.3d 61 (2d Cir. 1997) .................................................................... 4

*Estate of Brooks ex rel. Brooks v. United States,*
    197 F.3d 1245 (9th Cir. 1999) ............................................................... 2

*Farah v. Esquire Magazine, Inc.,*
    863 F.Supp.2d 29 (D.D.C. 2012) .......................................................... 3

*Hansen v. Black,*
    885 F.2d 642 (9th Cir. 1989) ................................................................. 2

*Ivey v. Bd. of Regents of the Univ. of Alaska,*
    673 F.2d 266 (9th Cir. 1982) ) .............................................................. 5

*Johnson v. Duffy,*
    588 F.2d 740 (9th Cir. 1978) ................................................................. 2

*Linda R.S. v. Richard D.,*
    410 U.S. 614, 93 S. Ct. 1146 (1973) ..................................................... 6

*Mark v. Borough of Hatboro,*
    51 F.3d 1137 (3d Cir. 1995) .................................................................. 4

*McCrary v. County of Nassau,*
    493 F.Supp.2d 581 (E.D.N.Y. 2007) .................................................... 7

*McRorie v. Shimoda,*
    795 F.2d 780 (9th Cir. 1986) ................................................................. 2

*Mendocino Envtl. Ctr. v. Mendocino Cnty.,*
    192 F.3d 1283 (9th Cir. 1999) ............................................................... 6

*Monell v. New York City Dept. of Social Services,*
    436 U.S. 658, 98 S. Ct. 2018 (1978) ..................................................... 2

*Morgan v. Tice,*
    862 F.2d 1495 (11th Cir. 1989) ............................................................. 4

*Obsidian Finance Group, LLC v. Cox,*
    812 F.Supp.2d 1220 (D. Or. 2011) ....................................................... 3

*Price v. Hawaii*,
 939 F.2d 702 (9th Cir. 1991) ...........................................................................5

*Rizzo v. Goode*,
 423 U.S. 362, 96 S. Ct. 598 (1976) .................................................................2

*Screws v. United States*,
 325 U.S.91, 65 S. Ct. 1031 (1945) ..................................................................3

*Simmons v. Sacramento County Superior Court*,
 318 F.3d 1156 (9th Cir. 2003) ........................................................................5

*Staley v. Grady*,
 371 F.Supp.2d 411 (S.D.N.Y. 2005)................................................................7

*Trump v. Montgomery County Sheriff*,
 2010 WL 1278596 (W.D. VA 2010)................................................................6

*United States v. Classic*,
 313 U.S. 299, 61 S. Ct. 1031 (1941) ...............................................................4

*Van Ort v. Estate of Stanewich,*
 92 F.3d 831 (9th Cir. 1996) .............................................................................2

*West v. Atkins*,
 487 U.S. 42, 108 S. Ct. 2250 (1988) ...............................................................3

**Statutes**

42 U.S.C. § 1983..................................................................................................1, 2, 5

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  Introduction.

In the instant action, Plaintiff Nadia Naffe alleges that Patrick Frey ("Defendant Frey"), a deputy district attorney, violated Plaintiff's constitutional rights when he posted on his personal web blog constitutionally protected opinions regarding matters of public interest. (Complaint, ¶¶ 43-48.) By Plaintiff's own admission, Defendant Frey's blog contains a disclaimer stating that the statements posted therein are "personal opinions . . . not made in any official capacity." (Complaint, ¶ 38.) Yet, Plaintiff still alleges a claim under 42 U.S.C. § 1983 against Defendant Steve M. Cooley, the duly elected Los Angeles County District Attorney, seeking to hold him liable for the purported acts of Defendant Frey. (Complaint, ¶¶ 43-48.)

Indeed, Plaintiff's only allegations against Defendant Cooley are as follows: (1) that Defendant Frey is purportedly supervised by Defendant Cooley (Complaint, ¶ 4); (2) that Defendant Frey and his wife acted with the "permission and consent of" Defendant Cooley when Defendant Frey posted entries on his personal blog (Complaint, ¶ 9); and (3) that Defendant Frey's purported "harassment" of Plaintiff "created a situation in which Plaintiff believed (a) she would not receive fair treatment from . . . Cooley . . .and (b) any case in which Plaintiff was involved would be prejudged by Cooley." (Complaint, ¶ 46). These allegations are insufficient to state a § 1983 claim against Defendant Cooley for numerous reasons.

First, there is no *respondeat superior* liability under 42 U.S.C. § 1983. Accordingly, Defendant Cooley cannot be held liable for the acts of Defendant Frey. Second, the acts alleged in Plaintiff's Complaint are not under color of law, as Plaintiff alleges that the purported violations occurred while he was acting as a private citizen. Third and finally, Plaintiff has not alleged the required facts showing that she suffered a deprivation of a Constitutional right.

## II. Plaintiff's Complaint Fails To State A § 1983 Claim Against Defendant Cooley.

### A. There Is No *Respondeat Superior* Liability Under 42 U.S.C. § 1983.

Plaintiff's Complaint contains no factual allegations illustrating that Plaintiff's Constitutional rights were violated as a result of any action taken by Defendant Cooley. It is well settled that there is no *respondeat superior* liability under § 1983. *See, Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 691, 98 s. Ct. 2018, 2036 (1978); *Hansen v. Black*, 885 F.2d 642, 645-646 (9th Cir. 1989) ("supervisory officials are not liable for actions of subordinates on any theory of vicarious liability.") Rather, to state a claim against any individual defendant, the plaintiff must allege facts showing a "personal participation in the deprivation," or that a defendant set in motion a series of acts "by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978); *see, McRorie v. Shimoda*, 795 F.2d 780, 783 (9th Cir. 1986); *Rizzo v. Goode*, 423 U.S. 362, 371, 96 S. Ct. 598, 604 (1976) (absent a factual showing of an affirmative causal link between the acts of the defendant and the plaintiff's alleged constitutional injury, there can be no liability on the part of a governmental supervisor).

"A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir. 1998), *cert. denied,* 525 U.S. 1154, 119 S.Ct. 1058, 143 L.Ed.2d 63 (1999); *see also Estate of Brooks ex rel. Brooks v. United States,* 197 F.3d 1245, 1248 (9th Cir. 1999) (where "the element of causation is missing from the § 1983 claim, . . . dismissal with prejudice was proper"); *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 837 (9th Cir. 1996) (proximate cause analysis of traditional tort law applies in § 1983 actions).

Here, Plaintiff's sole allegation against Defendant Cooley claims that **Defendant Frey's** purported harassment of Plaintiff led her to believe that she would not "receive fair treatment" from Defendant Cooley and any unspecified "case" in which Plaintiff was involved would somehow be prejudged by Defendant Cooley. (Complaint, ¶ 46.) These conclusory and speculative allegations are insufficient to state a § 1983 claim against Defendant Cooley. Plaintiff does not allege, nor can she allege, that Defendant Cooley personally took any action whatsoever that ultimately caused Plaintiff's claimed Constitutional injury. Indeed, by Plaintiff's own allegations, it was Mr. Frey's actions that serve as the basis for her § 1983 claim.[1] (Complaint, ¶ 46.) As such, on these grounds alone, Plaintiff's claims against Defendant Cooley fail as a matter of law.

### B.  The Actions Alleged In Plaintiff's Complaint Are Not Under Color Of State Law.

Additionally, in order to allege a claim under § 1983, a plaintiff must establish that (1) a right under the Constitution of the United States was violated, and (2) the defendant violated that right acting under "color of state law." *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2255 (1988). The United States Supreme Court has explicitly held that though "under color of law" means under pretense of law, "**acts of officers in the ambit of their personal pursuits are plainly excluded**." *Screws v. United States*, 325 U.S. 91, 111, 65 S. Ct. 1031, 1040 (1945) (emphasis added);

---

[1] To the extent that Plaintiff's Complaint alleges that Defendant Cooley should have somehow prevented Defendant Frey from posting speech on a blog regarding his personal political beliefs and issues of public interest, any such action by Defendant Cooley would have, in fact, violated Defendant Frey's constitutional right to free speech. *See, Farah v. Esquire Magazine, Inc.,* 863 F.Supp.2d 29, 39-40 (D.D.C. 2012) (blog posts concerning matter of public interest are protected by the First Amendment); *Obsidian Finance Group, LLC v. Cox,* 812 F.Supp.2d 1220, 1234 (D. Or. 2011) (holding blogger's hyperbolic language in expressing opinions are protected by the First Amendment).

3

*see, Anderson v. Warner,* 451 F.3d 1063, 1069 (9th Cir. 2006) (to constitute action under color of law, "the challenged conduct must be related in some meaningful way to either the officer's governmental status or the performance of his duties.") (internal quotations and citations omitted). Indeed, "[a]n otherwise private tort is not committed under the color of law simply because the tortfeasor is an employee of the state." *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1150-51 (3d Cir. 1995). Rather, in order for a tortfeasor to be acting under color of law, his act must entail "misuse of power, possessed by virtue of state law and **made possible only because the wrongdoer is clothed with the authority of state law.**" *Id.* (quoting *United States v. Classic*, 313 U.S. 299, 326, 61 S. Ct. 1031, 1043 (1941); *see, Carlos v. Santos,* 123 F.3d 61, 65 (2d Cir. 1997) (holding acts of town board members were not under color of law because "any citizen may perform the [acts alleged]; they were not made possible only because" the wrongdoers were clothed with official authority); *Morgan v. Tice*, 862 F.2d 1495,1499 (11th Cir. 1989), *cert. denied,* 493 U.S. 813 (1989) (a public official was not acting under color of law when he went to newspaper publisher, presented his business card as town manager, and made defamatory statements regarding the plaintiff).

  Here, Plaintiff makes no factual allegations illustrating that Defendant Cooley took any action that resulted in a violation of Plaintiff's rights, much less an allegation that such an action was taken in the performance of his duties as the Los Angeles County District Attorney. In fact, Plaintiff only alleges in a conclusory manner that Mr. Frey acted under the color of state law and "act[ed] within the scope of their authority as an agents [*sic*] and employees with the permission and consent of COOLEY and the COUNTY." (Complaint, ¶¶ 9, 44.) Such allegations that Defendant Frey posted a blog regarding his personal beliefs with "permission and consent" of Defendant Cooley cannot establish that Plaintiff acted under color of law. Plaintiff does not allege, nor can she allege, that state authority enabled Defendant Frey to post statements regarding Plaintiff on his blog, nor does Plaintiff

4

allege that the permission and consent of Defendant Cooley is required under state law to post such statements.[2]

Therefore, because the actions complained of were not under color of law, Plaintiff's § 1983 claim must fail on this additional ground.

### C. Plaintiff's Complaint Does Not Set Forth Facts Illustrating A Deprivation Of A Constitutional Right.

Finally, even assuming *arguendo* that Plaintiff had alleged sufficient facts regarding Defendant Cooley's purported involvement in Defendant Frey's personal blog posts,[3] Plaintiff has not, because she cannot, allege that such conduct resulted in a violation of her Constitutional rights. Plaintiff attempts to allege a Constitutional deprivation under two theories, both of which fail.

Plaintiff first alleges that Defendant Frey's blog entries violated her First Amendment rights by "intimidating her into silence regarding O'KEEFE [sic] wiretapping of Representative Waters" (Complaint, ¶ 45). To establish a § 1983 claim on a theory that Plaintiff's First Amendment rights were chilled, she must

---

[2] Even if Plaintiff had alleged that Cooley was acting under color of state law, which she has not, such conclusory allegations, without more, are insufficient to state a § 1983 claim against Defendant Cooley. *See, Ivey v. Bd. of Regents of the Univ. of Alaska,* 673 F.2d 266, 268 (9th Cir. 1982) ("Vague and conclusory allegations of official participation in civil rights violations are not sufficient" to withstand dismissal of a § 1983 claim.); *see also*, *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156 (9th Cir. 2003) (conclusory allegations that attorney was acting under color of law through conspiracy with state actors was insufficient to state a §1983 claim); *Price v. Hawaii,* 939 F.2d 702, 707-08 (9th Cir. 1991) (conclusory allegations of action under color of state law, unsupported by facts, are insufficient to state claim under § 1983).

[3] Defendant Frey's motion to dismiss (Docket No. 17) is scheduled to be heard on December 10, 2010. Because Plaintiff's claim against Defendant Cooley are solely based on the purported wrongful conduct of Defendant Frey, if the Court grants Defendant Frey's motion, then Plaintiff's claims against Defendant Cooley must also be dismissed.

5

establish that the complained-of actions "would chill or silence a person of ordinary firmness" from making their intended speech. *Mendocino Envtl. Ctr. v. Mendocino Cnty.,* 192 F.3d 1283, 1300 (9th Cir. 1999).

Not only has Plaintiff failed to allege specific facts that show that her speech was chilled by Defendant Cooley's actions, the facts she does allege directly contradict any such allegations that Plaintiff could make. By Plaintiff's own admission, she engaged in the following activities: (1) she publicly threatened to report Mr. Frey to the Office and to the State Bar (Complaint, ¶ 30); (2) she publicly filed a claim with the County against Mr. Frey (Complaint, ¶ 41); and (3) she publicly filed her lawsuit, which extensively describes her complaints against Defendant Frey and James O'Keefe, a third party. Plaintiff cannot, in one breath claim to have been "intimidated into silence" by Defendant Frey, then in the next claim to have made numerous public threats and complaints about Defendant Frey's purported wrongful acts, including threatening to complain to Plaintiff's employer (the very same office that Plaintiff speculates would not treat her fairly) .

Plaintiff further alleges that Mr. Frey violated her due process rights by somehow "creat[ing] a situation" in which she "believed she would not receive fair treatment" from Defendant Cooley. Yet, Plaintiff does not (because she cannot) allege any factual basis for her unreasonable subjective belief or that Defendant Cooley had any role whatsoever in causing Plaintiff to form such a belief.

Even if the Court reads Plaintiff's Complaint to suggest that the District Attorney's Office might not adequately investigate or pursue her allegations that Mr. O'Keefe wiretapped Representative Waters (Complaint, ¶ 25), such allegations do not constitute a due process violation. Plaintiff has no right, due process or otherwise, to any investigation or prosecution of Mr. O'Keefe. *Linda R.S. v. Richard D.,* 410 U.S. 614, 619, 93 S. Ct. 1146, 1149 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Trump v. Montgomery County Sheriff*, 2010 WL 1278596, *1 (W.D. VA

6

2010) (rejecting § 1983 claim and holding that the plaintiff "as a private citizen, he has no right to compel law enforcement officers or officers of the court to investigate or bring criminal charges against another person. Therefore, he cannot bring a lawsuit to enforce his desire for prosecution of that person."); *McCrary v. County of Nassau,* 493 F.Supp.2d 581, 588 (E.D.N.Y. 2007) ("A private citizen does not have a constitutional right to compel government officials to arrest or prosecute another person."); *Staley v. Grady*, 371 F.Supp.2d 411, 415 (S.D.N.Y. 2005) (stating same rule in rejecting § 1983 action premised on nonprosecution).

      Plaintiff's Complaint effectively seeks to hold Defendant Cooley liable under § 1983 simply because she may not have felt welcome at the District Attorney's Office. However, Plaintiff's speculative fear did not prevent her from threatening to report Defendant Frey to his employer. (Complaint, ¶ 30.) Simply put, Plaintiff has failed to allege facts sufficient to show that either her First Amendment or due process rights were violated. Therefore, this Court should dismiss Plaintiff's § 1983 claim for the additional reason that she fails to state facts supporting a violation of her Constitutional rights.

### III. **Conclusion.**

      Based on the foregoing, this Court should dismiss Plaintiff's First Claim against Defendant Cooley without leave to amend.

Dated: November 21, 2012        LAWRENCE BEACH ALLEN & CHOI, PC

By   /s/ Alexandra B. Zuiderweg
     Alexandra B. Zuiderweg
     Attorneys for Defendant
     Steve M. Cooley

## DECLARATION OF ALEXANDRA B. ZUIDERWEG

I, Alexandra B. Zuiderweg, hereby declare:

1. I am an attorney at law, duly licensed to practice before this Court and all of the courts of the State of California, and an associate of the law firm of Lawrence Beach Allen & Choi, PC, attorneys of record for Defendant Steve M. Cooley ("Defendant") in the above-captioned matter. I have personal knowledge of the facts stated herein, except those stated upon information and belief and, as to those matters, I believe them to be true. If called upon to testify to the matters herein, I could and would competently do so.

2. This Motion is made after an unsuccessful effort to resolve the issues informally with Plaintiff's counsel, as required by Local Rule 7-3. On November 8, 2012, I spoke with Taylor Emerson of Leiderman Divine, LLP, Plaintiff's counsel in this action, regarding this Motion. During our conversation, Ms. Emerson was unable to discuss any of the substantive issues addressed in the instant Motion. Accordingly, on November 14, 2012, I sent Plaintiff's other counsel, James B. Devine, a meet and confer letter specifically addressing the grounds for Defendant's contemplated motion. Attached hereto as Exhibit "A" is a true and correct copy of my November 14, 2012 letter to Mr. Devine.

3. On November 15, 2012, Ms. Emerson sent my office a letter stating that Plaintiff would voluntarily dismiss Defendant Cooley from the second, third, fourth, fifth, sixth, and seventh claims in Plaintiff's Complaint. Attached hereto as Exhibit "B" is a true and correct copy of the letter I received from Ms.

///
///
///

Emerson. Defendant did not address Plaintiff's second through seventh claims in the instant Motion based on Ms. Emerson's representation that these claims would be dismissed as to Defendant Cooley.

      I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

      Executed on November 21, 2012, at Glendale, California.

                                    /s/  Alexandra B. Zuiderweg
                                  ALEXANDRA B. ZUIDERWEG