# EXHIBIT "A"

# LAWRENCE BEACH ALLEN & CHOI · PC

ATTORNEYS AT LAW

www.lawrencebeach.com

100 West Broadway, Suite 1200
Glendale, California 91210
T 818-545-1925
F 818-545-1937

Orange County
1600 North Broadway, Suite 1010
Santa Ana, California 92706
T 714-479-0180
F 714-479-0181

November 14, 2012

**VIA FACSIMILE AND U.S. MAIL**

James B. Devine
Leiderman Devine LLP
5740 Ralston St., Suite 300
Ventura, CA 93003

    Re:    Naffe, Nadia v. County of Los Angeles, et al.
              U.S.D.C. No. CV 12-08443 GW (MRWx)

Dear Mr. Devine:

        This letter follows up on my meet and confer efforts with your associate, Taylor Emerson, regarding Defendant Steve Cooley's ("Defendant") contemplated motion to dismiss pursuant to FRCP Rule 12(b) and motion to strike. On November 8, 2012, I called you to meet and confer regarding Defendant's motion. Later that day, your associate, Ms. Emerson, returned my phone call. When I attempted to meet and confer regarding the substance of Defendant's motion, Ms. Emerson was unable to discuss any of the issues. Subsequently, on November 8, 2012, Ms. Emerson sent my office a letter stating that the deadline to meet and confer regarding Defendant's motion to dismiss was November 9, 2012. This is incorrect. Pursuant to Local Rule 7-3, "[i]f the proposed motion is one which under the F. R. Civ. P. must be filed within a specified period of time (*e.g.*, a motion to dismiss pursuant to F. R. Civ. P. 12(b) . . . then this conference shall take place at least five (5) days prior to the last day for filing the motion." Defendant's deadline to respond to Plaintiff's Complaint is November 21, 2012. Accordingly, the deadline to complete the meet and confer regarding Defendant's motion is November 16, 2012. Nevertheless, the issues to be raised in Defendant's motion to dismiss are addressed below.

        First, there are insufficient allegations that Defendant acted personally to **proximately cause** the alleged constitutional deprivation, either by a "personal participation in the deprivation," or "by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978); *McRorie v. Shimoda*, 795 F.2d 780, 783 (9th Cir. 1986);

LAWRENCE BEACH | ATTORNEYS AT LAW
ALLEN & CHOI · PC

James B. Devine
Re: <u>Naffe, Nadia v. County of Los Angeles, et al.</u>
November 14, 2012
Page 2

*Rizzo v. Goode*, 423 U.S. 362, 371 (1976) (absent a showing of an affirmative causal link between the acts of the defendant and the plaintiff's alleged constitutional injury, there can be no liability on the part of a governmental supervisor). Indeed, it is well settled that there is no *respondeat superior* liability under § 1983. *See, Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978). Other than conclusory allegations, there are no specific allegations of any personal involvement by Defendant that caused the alleged constitutional violation. Similarly, with respect to Plaintiff's state law claims, under Government Code §820.8, Defendant is immune from liability for the actions of others.

Second, Plaintiff's § 1983 claim fails because the conduct alleged in the complaint is not "under color of law". *See, e.g., Screws v. United States*, 325 U.S. 91, 111 (1945); *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

Third, Plaintiff's § 1983 claim fails to allege the deprivation of a constitutional right. *See, Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1972); *Mendocino Envtl. Ctr. v. Mendocino Cnty.*, 192 F.3d 1283, 1300 (9th Cir.1999).

Fourth and finally, Plaintiff's Complaint should be dismissed as to Defendant for all the reasons set forth in Defendants Christi and Patrick Frey's Motion to Strike pursuant to California Code of Civil Procedure § 425.16 and Motion to Dismiss pursuant to FRCP Rule 12(b)(6).

To avoid unnecessary law and motion, it is respectfully requested that Plaintiff file an amended complaint attempting to cure the deficiencies discussed above, or dismiss Defendant Cooley. Please contact my office no later than Friday, November 16, 2012 to discuss the contents of this letter. Otherwise, Defendant will assume that the issues addressed herein cannot be informally resolved and will proceed with filing a motion to dismiss pursuant to FRCP Rule 12(b) and motion to strike.

Thank you for your courtesy and cooperation.

Very truly yours,

LAWRENCE BEACH ALLEN & CHOI, PC

Alexandra B. Zuiderweg

## Confirmation Report – Memory Send

```
Page        : 001
Date & Time : 12-11-14  09:05
Line 1      : +
Line 2      : +
Machine ID  : L B A C
```

| | |
|---|---|
| Job number | : 920 |
| Date | : 11-14  09:04 |
| To | : ☏18056540280 |
| Number of pages | : 003 |
| Start time | : 11-14  09:04 |
| End time | : 11-14  09:05 |
| Pages sent | : 003 |
| Status | : OK |
| Job number  : 920 | *** SEND SUCCESSFUL *** |

---

### FACSIMILE COVER MEMO

**LAWRENCE BEACH ALLEN & CHOI, PC**
100 WEST BROADWAY, SUITE 1200
GLENDALE, CALIFORNIA 91210-1219
(818) 545-1925
FAX NO. (818) 545-1937

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED, AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

DATE: November 14, 2012
TIME: _____

| | |
|---|---|
| TO: | James B. Devine |
| COMPANY: | Leiderman Devine LLP |
| TELEPHONE NO.: | (805) 654-0200 |
| FACSIMILE NO.: | (805) 654-0280 |
| OUR FILE: | Naffe v. Frey, et al. (0010-956) |
| FROM: | Alexandra B. Zuiderweg |

Total number of pages (including this cover page):  3

If there is any problem receiving this transmission, please call Ana at (818) 545-1925.

---

**COMMENTS:** Please see the attached letter.

## FACSIMILE COVER MEMO

### LAWRENCE BEACH ALLEN & CHOI, PC
100 WEST BROADWAY, SUITE 1200
GLENDALE, CALIFORNIA 91210-1219
(818) 545-1925
FAX NO. (818) 545-1937

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED, AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

DATE: November 14, 2012

TIME: _____

TO:                James B. Devine

COMPANY:           Leiderman Devine LLP

TELEPHONE NO.:     (805) 654-0200

FACSIMILE NO.:     (805) 654-0280

OUR FILE:          Naffe v. Frey, et al. (0010-956)

FROM:              Alexandra B. Zuiderweg

Total number of pages (including this cover page):   3

If there is any problem receiving this transmission, please call Ana at (818) 545-1925.

**COMMENTS:** Please see the attached letter.