GOETZ FITZPATRICK LLP
RONALD D. COLEMAN
rcoleman@goetzfitz.com
One Penn Plaza, Suite 4401
New York, NY  10119
Telephone:  212.695.8100
Facsimile:  212.629.4013

Counsel for Defendants
JOHN PATRICK FREY AND
CHRISTI FREY

BROWN WHITE & NEWHOUSE LLP
KENNETH P. WHITE (Bar No. 238052)
kwhite@brownwhitelaw.com
333 South Hope Street, 40th Floor
Los Angeles, CA  90071-1406
Telephone:  213. 613.0500
Facsimile:  213.613.0550

Local Counsel for Defendants
JOHN PATRICK FREY AND
CHRISTI FREY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NADIA NAFFE, an individual,<br><br>            Plaintiff,<br><br>      v.<br><br>JOHN PATRICK FREY, an individual, CHRISTI FREY, an individual, STEVE M. COOLEY, an individual, and the COUNTY OF LOS ANGELES, a municipal entity,<br><br>            Defendants. | Case No.: CV12-08443-GW (MRWx)<br><br>Judge:    Hon. George H. Wu<br><br>**REPLY MEMORANDUM OF DEFENDANTS JOHN PATRICK FREY AND CHRISTI FREY IN SUPPORT OF MOTION TO DISMISS FIRST THROUGH SIXTH CAUSES OF ACTION IN COMPLAINT PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**<br><br>Hearing Date:  December 10, 2012<br>Time:  ___      8:30 a.m.<br>Courtroom:    10<br><br>Complaint Filed:  October 2, 2012 |

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ..................................................................................1

II.   ARGUMENT ........................................................................................2

      A.    Plaintiff's Extrinsic Evidence Is Improper ....................................2

      B.    Plaintiff Has Dismissed The Claims Against Christi Frey .............3

      C.    The Complaint Fails To State A Claim Under Section 1983 .........3

            1.    Plaintiff Alleges No Facts Sufficient to Show Action under Color of State Law .....................................................................3

            2.    Plaintiff Does Not Plead Facts Showing a Deprivation of Constitutional Rights ...........................................................8

      D.    If The Court Does Not Grant Defendants' Anti-SLAPP Motion, It Should Also Dismiss Ms. Naffe's Other Claims Against Them ..................10

      E.    The Court Should Dismiss Without Leave To Amend.................10

III.  CONCLUSION ...................................................................................11

# **TABLE OF AUTHORITIES**

Page

Cases

*Abudiab v. City & County of San Francisco,*
    C 09-1778 MHP, 2010 WL 2076022 (N.D. Cal. Apr. 12, 2010) ..............................3

*Anderson v. Warner,*
    451 F.3d 1063 (9th Cir. 2006) .........................................................................3

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ......................................................................................7, 10

Cato v. United States,
    70 F.3d 1103 (9th Cir.1995) ...........................................................................11

*Dumas v. Kipp,*
    90 F.3d 386 (9th Cir. 1996) ...........................................................................11

*Gallop v. Cheney,*
    642 F.3d 364 *reh'g denied*, 645 F.3d 519 (2d Cir. 2011) ...........................................9

*Huffman v. County of Los Angeles,*
    147 F.3d 1054 (9th Cir. 1998) .......................................................................4

*Jiang v. Lee's Happy House,*
    2007 WL 3105087, *3 (N.D. Cal. 2007) .........................................................2

*Linda R.S. v. Richard D.,*
    410 U.S. 614 (1973) .......................................................................................9

*Oughtred v. E*Trade Fin. Corp.,*
    08 CIV. 3295 SHS, 2011 WL 1210198 (S.D.N.Y. Mar. 31, 2011)...........................9

*Price v. Hawaii,*
    939 F.2d 702 (9th Cir.1991) ...........................................................................4, 7

*Russell v. U.S. Department of the Army,*
    191 F.3d 1016 (9th Cir. 1999) .......................................................................11

*Stanislaus Food Products Co. v. USS-POSCO Indus.,*
    782 F. Supp. 2d 1059 (E.D. Cal. 2011) .........................................................8

*Van Ort v. Stanewich,*
    92 F.3d 831 (9th Cir. 1996) .........................................................................4, 5

Statutes

18 U.S.C. § 2511 ...................................................................................................10

Rules

Fed. R. Civ. P. 12(b)(6).......................................................................................*passim*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

In their motion to dismiss ("the Motion"), defendants Mr. Frey and Mrs. Frey ("Defendants") demonstrated that Plaintiff Nadia Naffe ("Plaintiff") fails to state a cause of action in her Complaint against them. The weakness of Plaintiff's response ("the Opposition") underlines the vexatious and harassing nature of this lawsuit.

Plaintiff reacted to the Motion by dismissing all claims against Mrs. Frey. Given her utter inability to allege relevant facts about Mrs. Frey, she could hardly do otherwise. But Plaintiff sued Mrs. Frey in the first place as part of an effort to harass, intimidate, and silence Mr. Frey in retaliation for his exercise of his First Amendment rights, and the Opposition to Mr. Frey's motion should be seen in that light. Indeed, the Opposition shows that Plaintiff cannot support her claims against Mr. Frey, either: they stand as bare conclusions of law, unsupported by relevant allegations of fact.

Specifically, the Opposition shows that Plaintiff's Complaint is deficient for the following reasons:

- Even though she is opposing a Rule 12(b)(6) Motion to dismiss, Plaintiff improperly cites extraneous materials in her Opposition, including a declaration.
- Plaintiff argues vociferously that she has pleaded a case for her claim that Mr. Frey's blogging was done "under color of law," but her arguments all rely on legal formulations and conclusions rather than specific relevant allegations of fact.  Moreover, she ignores authority establishing that activities are performed under color of law only when they are related to an actor's official duties, and fails to cite any allegations whatsoever that could establish that writing a political blog is related to Mr. Frey's official duties (which, of course, it is not).
- Plaintiff tries, but fails, to point to facts showing that she suffered a

1  deprivation of rights. Her arguments about her First Amendment rights
2  remain internally inconsistent and unsupported by specific factual
3  allegations, and her due process claim collapses with her necessary
4  admission that she has no right to anyone being prosecuted at her say-so and
5  thus no "due process right" based on her allegations that she was deprived of
6  this supposed privilege.

7  • Plaintiff asks the Court for leave to amend, but even after submitting
8    extraneous material in opposition to this 12(b)(6) motion, she cites no
9    additional facts she could allege in an amended pleading that would enable
10   her to state a sustainable legal claim.

11 Plaintiff's Opposition utterly fails to rebut the points established in the Motion.
12 She has failed to state a claim, and there is no prospect that she will be able to do so if
13 given leave to amend. Therefore the Court should dismiss the Complaint without
14 leave to amend.

## II.

## ARGUMENT

### A.   Plaintiff's Extrinsic Evidence Is Improper

18      Though she is responding to a motion to dismiss pursuant to Rule 12(b)(6),
19 Plaintiff improperly relies upon extrinsic evidence.  She repeatedly cites to her
20 declaration in support of her opposition to Mr. Frey's anti-SLAPP motion. She also
21 cites to an extrinsic web site, not referred to in her Complaint, in service of a bizarre,
22 non-sequitur-laden attack on Mr. Frey's counsel.  (Opposition at 7 n.2.)

23      Plaintiff's reliance on extrinsic materials is improper, and the Court should not
24 consider it.  *See, e.g.*, *Jiang v. Lee's Happy House*, 2007 WL 3105087, *3 (N.D. Cal.
25 2007) ("In the context of a motion to dismiss under Rule 12(b)(6), the Court cannot
26 consider extrinsic evidence such as the declaration offered by defendants . . . ."). Her
27 decision to cite such materials further demonstrates the frivolousness of her position,
28 and her personal attack on Mr. Frey's counsel should not be countenanced by the

2

Court.

**B.** **Plaintiff Has Dismissed The Claims Against Christi Frey**

      In the Motion, Defendants demonstrated conclusively that Plaintiff failed to allege *any relevant facts whatsoever* against Christi Frey.  (Motion at 8-9.) Plaintiff, lacking any way to respond, has now filed a voluntary dismissal pursuant to Rule 41(a)(1) as to all claims against Ms. Frey. Plaintiff's behavior in suing Mrs. Frey without any relevant facts whatsoever – and then dismissing as soon as she was called on it – demonstrates that this action is, and was never intended as anything other than, a tool of vexatious harassment.

**C.** **The Complaint Fails To State A Claim Under Section 1983**

      In his Motion, Mr. Frey established that Plaintiff fails to state a claim under Section 1983 because she does not plead facts establishing that Mr. Frey was acting under color of state law, nor facts showing a deprivation of constitutional rights. Plaintiff's Opposition fails to rebut that showing.

      **1.** **Plaintiff Alleges No Facts Sufficient to Show Action under Color of State Law**

      In his Motion, Mr. Frey demonstrated that the facts Plaintiff pleads in the Complaint about Mr. Frey's conduct affirmatively describe conduct that is *not* under color of state law, and that Plaintiff has alleged no facts showing the contrary. (Motion at 9-13.) In Opposition, Plaintiff has no apt response.

      Most importantly, Plaintiff offers no answer whatsoever to the authority cited by Mr. Frey to the effect that "acts committed by a state actor even while on duty and in uniform are not necessarily under color of law unless they are related to the performance of governmental duties." *Abudiab v. City & County of San Francisco*, C 09-1778 MHP, 2010 WL 2076022 (N.D. Cal. Apr. 12, 2010); *Anderson v. Warner*, 451 F.3d 1063, 1069 (9th Cir. 2006) (to constitute action under color of law, "the challenged conduct must be related in some meaningful way either to the officer's governmental status or to the performance of his duties"). Plaintiff offers no contrary

3

authority and does not even attempt to distinguish these cases from the case at bar. Nor does she cite any facts whatsoever that could possibly support the ridiculous and counterintuitive proposition that Mr. Frey's political blogging was related in any way to the performance of his governmental duties.

Instead, Plaintiff seeks refuge in her own bare conclusions of law. First, Plaintiff cites cases for the uncontroversial propositions that there is "no rigid formula" for determining whether action is under color of state law and that courts look to the "totality of the circumstances" in making that assessment. (Opposition at 6.) But Plaintiff offers neither a non-rigid formula nor some perspective on the factual circumstances alleged to support her claim. Rather, she regurgitates her legally insufficient conclusions and speculations.

Next, Plaintiff admits again that Mr. Frey's blog has a disclaimer that it is "not made in any official capacity," but cites her allegation that this disclaimer is "illusory and false." But her unsupported conclusion to this effect does not amount to allegation of a specific fact capable of supporting a sustainable claim. *Price v. Hawaii,* 939 F.2d 702, 707-08 (9th Cir.1991) (conclusory allegations of action under color of state law, unsupported by facts, are insufficient to state claim under Section 1983). Similarly, Plaintiff speculates that Mr. Frey was motivated by a personal relationship to Mr. O'Keefe, but does not explain how, even if this speculation is treated as true for purposes of this motion, such a motive would transform Mr. Frey's personal acts into actions under color of state law – which, as a matter of law, they cannot.

Continuing on her blind drive through the Complaint, Plaintiff cites *Huffman v. County of Los Angeles*, 147 F.3d 1054 (9th Cir. 1998) and *Van Ort v. Stanewich*, 92 F.3d 831 (9th Cir. 1996) for the proposition that a state actor who "purports or pretends" to act under color of state law is liable under Section 1983 even if "his goals were private." But Plaintiff fails to explain the applicability of such a rule to a Complaint that cites no *facts* supporting her assertion that Mr. Frey "purported or pretended" to be acting under color of state law by blogging, especially when

juxtaposed with her admission that Mr. Frey's blog had a specific disclaimer that he was acting on his own behalf, not behalf of his office. This juxtaposition does not require the Court to decide which party it believes, which it will not do on a 12(b)(6) motion; it merely requires the Court to reconcile the undisputed fact of the disclaimer with an conclusory allegation that is logically incompatible with that fact, with no credible factual explanation for the contradiction.

The other facts Plaintiff does cite similarly do not support her claim:

- Plaintiff cites her information-and-belief assertion that Mr. Frey used County time and resources to blog, but does not specify what resources he used, or explain how the timing of his blogs could plausibly be taken, contrary to both intuition and common sense, as an official imprimatur of his activities.

- Plaintiff cites her conclusory claim that Mr. Frey "wants his readers to associate him and his website with his official title and to add credibility," but does not cite facts to support either her conclusion concerning Mr. Frey's personal desires nor the facts from which the Court could infer either a widespread or even private perception that what she imagined Mr. Frey "wanted" was ever achieved. Moreover, even if she had done so, her "credibility" argument would be directly negated by the Ninth Circuit's holding in *Van Ort* that "[m]erely because a police officer is recognized as an individual employed as a police officer does not alone transform private acts into acts under color of state law." 92 F.3d at 839.

- Plaintiff also repeats her conclusory allegation that Mr. Frey uses his official position to "advance his personal political agenda," but once again offers no facts whatsoever in support of that conclusion nor provides legal support for the suggestion that, even if she had alleged such facts, this would amount to conduct under color of state law.

BROWN, WHITE & NEWHOUSE^LLP
A T T O R N E Y S

- Plaintiff cites extrinsic evidence to assert that Mr. Frey "threatened her with a criminal investigation," but admits that by this she only means that he said on Twitter: "My first task is learning what criminal statutes, if any, you have admitted violating." (Opposition at 8.) Plaintiff cites no facts to support the utterly ridiculous proposition that a blogger working in a prosecutor's office here in California, uttering those words in the course of an online political argument with a person from Massachusetts, regarding events that took place in the State of New Jersey, could be construed as threatening to initiate a criminal investigation in this state. (Complaint at ¶¶ 3, 4, 15.)

Plaintiff's frivolous core argument is that a blogger engaging in expression protected by the First Amendment should be treated as conducting an official proceeding if that blogger happens to work for the government. Hence she complains that Mr. Frey "conducted what amounted to a personally motivated, public, ex parte cross-examination" of her on his blog. But cross-examination happens *in a courtroom*. "Ex parte" refers to communications in *official proceedings*. A blog is not a courtroom, and a Twitter feed is not an official proceeding. Twitter employs neither bailiffs nor marshals to pursue recalcitrant debaters and compel their continued participation in Internet polemics; there is no contempt power at the disposal of the "blogosphere." Unlike a witness on the stand during a trial, Plaintiff could at any time have ended this supposed "cross-examination" by simply declining to engage further with Mr. Frey.

The truth, however, is that in that very same public forum, Plaintiff accused a controversial public figure of a crime and – when she thought her accusation was not being covered properly by the media or was being distorted by "misconceptions" – embarked on a series of blog posts arguing her side of the story to the public. (Complaint at ¶ 28.) Plaintiff might *wish* that everyone take her at face value, and that nobody criticize or question her story. But she has no special right to make

6

1    accusations against public figures without others questioning those accusations. And

2    she certainly has no right to hail an adversary in this public discourse into federal

3    court if he has the temerity to question her credibility.

4          Plaintiff knows quite well that no judicial power required her to submit to Mr.

5    Frey's supposed "cross examination," but nonetheless she asks this Court to take up

6    her cudgel and coercively regulate the course of verbal interaction on the Internet.

7    Plaintiff cites no basis for the bizarrely narcissistic proposition that disagreeing with

8    her public pronouncements about a public issue amounts to launching an official

9    proceeding against her, upon pain of disbarment, unemployment and legal sanction

10   under the claims she has prosecuted in this action.

11         It takes little imagination to see that Plaintiff's arguments, if accepted, would

12   have pernicious results, in terms of the First Amendment's protections of free

13   expression, in terms of the ability of public employees to express themselves on issues

14   of public interest bearing no relation to their work, and on the operation of public

15   agencies – which ultimately are made up of men and women who work there –

16   themselves. If accepted, Plaintiff's views would mean that any state official who

17   spoke on a controversial topic could be sued under Section 1983 based merely on

18   conclusory allegations that he or she must be acting under color of state law, that he or

19   she must intend to trade on his or her title, and that he or she must be implicitly

20   threatening unlawfully to use the weight of the state to promote his views.

21         That is not the law. Both generally, and in the specific context of claims that a

22   defendant was acting under color of state law, conclusory allegations do not suffice to

23   state a claim.  *Bell Atlantic Corporation v. Twombly*, 550 U.S. 554, 555 (2007).

24   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *Price,* 939 F.2d at 707-08 (9th Cir.1991).

25   The application of the rule of law enunciated in these cases to this Complaint were set

26   forth extensively in Mr. Frey's moving brief, and Plaintiff has failed miserably at

27   meeting even a single one of them.

28   //

7

BROWN, WHITE & NEWHOUSE
A T T O R N E Y S

## 2.     Plaintiff Does Not Plead Facts Showing a Deprivation of Constitutional Rights

Mr. Frey's Motion established that Plaintiff has not pled facts establishing a deprivation of a constitutional right. The Opposition does not rebut this showing.

Mr. Frey demonstrated that Plaintiff's Complaint is self-contradictory because on the one hand, Plaintiff admits threatening Mr. Frey on Twitter that she would be reporting him to the DA's Office, filing administrative claims, and filing this lawsuit, yet on the other hand simultaneously claims she was chilled from speech. (Motion at 14-15.)  Plaintiff attempts to parse this inconsistency, saying in conclusory fashion without explanation that she continued to engage in some speech but not other speech. (Opposition at 8-9.) Improperly relying on a declaration, she also claims that she was "forced" to make her previously public website and Twitter account private.  (*Id.*)

Plaintiff's conclusory explanations fail when the whole of her allegations and factual slaloming is taken into account. Plaintiff cannot reconcile, on the one hand, her admitted threats to report Mr. Frey to the DA's Office (Complaint at ¶ 30), and, on the other hand, her conclusory claim that Mr. Frey's conduct "chilled" her from reporting Mr. O'Keefe's alleged conduct to the DA's Office – in both cases, she is the same complainant; it is the same office; and, according to her allegations, there is no basis for a distinction between a complaint against Mr. Frey or his alleged "friend," Mr. O'Keefe. Similarly, Plaintiff does not and cannot explain why being criticized and questioned by Mr. Frey "forced" her to make a website and Twitter account private, when she specifically pleads in her Complaint that she deliberately resorted to those channels to "combat misconceptions" about herself.  (¶¶ 28, 30.) And Plaintiff does not, and cannot, respond to the authority Mr. Frey cited establishing that a pleading patched together from such contradictory allegations is properly dismissed. *See Stanislaus Food Products Co. v. USS-POSCO Indus.*, 782 F. Supp. 2d 1059, 1078 (E.D. Cal. 2011) (where allegations are internally inconsistent they are implausible as a matter of law, dismissing complaint); *Gallop v. Cheney*, 642 F.3d 364, 368 *reh'g*

8

BROWN, WHITE & NEWHOUSE^LLP
A T T O R N E Y S

*denied*, 645 F.3d 519 (2d Cir. 2011) ("unsubstantiated and inconsistent allegations" properly dismissed); *Oughtred v. E\*Trade Fin. Corp*., 08 CIV. 3295 SHS, 2011 WL 1210198 (S.D.N.Y. Mar. 31, 2011) (internal inconsistencies in complaint provide ground for 12(b)(6) dismissal).

With respect to her due process claim, Plaintiff concedes, as she must, that she has no due process right to the investigation or prosecution of Mr. O'Keefe under *Linda R.S. v. Richard D.,* 410 U.S. 614 (1973) and its progeny. (Opposition at 9.) Plaintiff baldly asserts that "the crux of this claim has nothing to do with Mr. O'Keefe," then immediately contradicts herself, insisting that her due process rights have been violated because "she fears" that Mr. Frey, and "any attorney at the LA County DA's Office – as an officer of the state" has "prejudged her character and credibility" and that she would be "unwelcome" at the office regardless of the "strength of her evidence," and that "coming forward" with evidence about Mr. O'Keefe "would accomplish nothing."  (Opposition at 9-10.)

Plaintiff's argument is nonsensical, conclusory, and meritless. Plaintiff concedes that she has no due process right to the DA's Office investigating or prosecuting Mr. O'Keefe, but asserts – without any authority whatsoever – that she still has a due  process right to the DA's Office *being receptive to her evidence* against Mr. O'Keefe. This posited exception that would swallow the rule of *Linda R.S.* and allow citizens to sue the government not on the theory that it didn't *prosecute* someone, but on the theory that it *didn't fairly consider whether or not to prosecute* someone. Plaintiff's formulation is, to put it mildly, a distinction without a difference, and a transparent attempt to get around the rule of *Linda R.S.* by recasting the issue incoherently. This Court should have none of it.

Even on their own terms, her allegations are conclusory and nonsensical. Plaintiff suggests that she fears Mr. Frey would has prejudged her, but pleads no facts to support the fanciful proposition that Mr. Frey would be responsible in any way for receiving, evaluating, or acting upon her claim. She suggests that she fears that other

1   people in the DA's Office would not be receptive to her evidence, but pleads no facts

2   supporting her conclusory, speculative and unsupported assertion that other attorneys

3   at the DA's Office prejudge witnesses based on Mr. Frey's private blog.[1]

4          In short, Plaintiff's claims of deprivations of constitutional rights are

5   insufficient as a matter of law because they amount to mere "labels and conclusions,

6   and a formulaic recitation of the elements of a cause of action" and do not provide

7   "factual content that allows the court to draw the reasonable inference that the

8   defendant is liable for the misconduct alleged." *Twombly*, 550 U.S. at 555; *Iqbal*, 556

9   at 678.

10   **D.    If The Court Does Not Grant Defendants' Anti-SLAPP Motion, It Should**
         **Also Dismiss Ms. Naffe's Other Claims Against Them**

12          Mr. Frey has asked this Court, in the alternative to granting his separately filed

13   anti-SLAPP motion, to dismiss Plaintiff's Second through Sixth Causes of Action for

14   the reasons stated in that motion.  As Mr. Frey's reply memorandum in support of his

15   anti-SLAPP motion shows, Plaintiff's arguments in opposition to that motion are

16   without merit.

17   **E.    The Court Should Dismiss Without Leave To Amend**

18          Plaintiff asks this Court to grant her leave to amend if the Court grants this

19   Motion.  (Opposition at 10.)  The Court should refuse, because Plaintiff's own

20   allegations and her submissions in opposition to this Motion show that the

21   deficiencies in the Complaint cannot be cured by amendment.

22          The Court need not grant leave to amend when such amendment would be

23   futile.  *Cato v. United States,* 70 F.3d 1103 (9th Cir.1995) (dismissal without leave to

24

25   _____
     [1]  Plaintiff does not even explain why she would involve the District Attorney's Office in the
     first place with evidence of wiretapping of a federal official, rather than to the U.S.
26   Attorney's Office, which prosecutes wiretapping under 18 U.S.C. § 2511.  The explanation,
     however, is clear:  Plaintiff's supposed desire to report the matter to the Los Angeles County
27   DA's Office is a pure invention, a vain effort to support her frivolous, malicious, and
     censorious attack on an effective critic who happens to work there.

28

BROWN, WHITE & NEWHOUSE^{LLP}
A T T O R N E Y S

amend is appropriate when the deficiencies in a complaint cannot be cured by amendment); *Dumas v. Kipp*, 90 F.3d 386, 390 (9th Cir. 1996) (affirming district court's refusal to allow futile amendment to plaintiff's Section 1983 claim of First Amendment violation); *Russell v. U.S. Department of the Army*, 191 F.3d 1016, 1019 (9th Cir. 1999) (district court did not abuse discretion in refusing to grant leave to make futile Section 1983 amendment).

Amendment here would be futile. Plaintiff does not specify what additional facts she might add to her Complaint, or how those facts would suffice to state a claim. Despite submitting additional material from outside the pleadings, in contravention of the proper standards for a motion under Fed. R. Civ. P. 12(b)(6), that extraneous material neither provides any suggestion of a meritorious amended complaint nor illuminates any conceivable as-yet unpled basis for relief. Plaintiff's silence on these points is telling. Moreover, for the reasons stated above, the facts she *does* allege show affirmatively that she is not entitled to relief. Therefore, the Court should dismiss without leave to amend.

### III.

### CONCLUSION

Based on the foregoing, this Court should dismiss the First Cause of Action without leave to amend. If the Court does not grant Defendant's concurrently filed Anti-SLAPP Motion, the Court should also dismiss the First through Sixth Causes of Action without leave to amend.

DATED:  November 26, 2012

Respectfully submitted,
GOETZ FITZPATRICK LLP LLP


By   *s/Ronald D. Coleman*

RONALD D. COLEMAN
Counsel for Defendants
JOHN PATRICK FREY AND
CHRISTI FREY

1

2  DATED:  November 26, 2012

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,
BROWN WHITE & NEWHOUSE LLP


By    _s/Kenneth P. White_
          KENNETH P. WHITE
       Local Counsel for Defendants
       JOHN PATRICK FREY AND
          CHRISTI FREY

REPLY IN SUPPORT OF MOTION TO DISMISS FIRST THROUGH SIXTH CAUSES OF ACTION
760595.1