JASON S. LEIDERMAN, SBN 203336
jay@leidermandevine.com
JAMES B. DEVINE, SBN 205270
james@leidermandevine.com
LEIDERMAN DEVINE LLP
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

Attorneys for Plaintiff
NADIA NAFFE

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| NADIA NAFFE, an individual, | Case No.: CV12-08443-GW (MRWx) |
| Plaintiff, | **PLAINTIFF'S OPPOSITION TO DEFENDANT STEVE M. COOLEY'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6).** |
| vs. | |
| JOHN PATRICK FREY, an individual, STEVE M. COOLEY, an individual, COUNTY OF LOS ANGELES, a municipal entity, and DOES 1 to 100, inclusive, | Hearing Date:   December 20, 2012<br>Time:   8:30 a.m.<br>Courtroom:   10 |
| Defendants. | |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiff Nadia Naffe ("Plaintiff" or "Naffe") hereby submits her Opposition to Defendant Steve M. Cooley's ("Defendant" or "Cooley") Motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss him from the Complaint.

OPPOSITION TO STEVE COOLEY'S MOTION TO DISMISS,

Page 1

LEIDERMAN DEVINE LLP
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

**INTRODUCTION**

In a personally-motivated abuse of his position as a Los Angeles County District Attorney, Defendant John Patrick Frey ("Mr. Frey") engaged in a harassment campaign intended to discredit Ms. Naffe and to intimidate her into not coming forward with evidence of a crime in his own jurisdiction. Despite cloaking his conduct in denials and disclaimers, Mr. Frey's online persona "Patterico" is inextricably intertwined with—and intentionally benefits from—his offline government position as a county prosecutor; as such, he was acting under color of state law. By intimidating Ms. Naffe into withholding evidence of a crime committed in Mr. Frey's own jurisdiction, and forcing her out of the realm of public debate on the Internet, Mr. Frey's harassment campaign succeeded in suppressing her speech and denying her the possibility of fair treatment.

Defendant Steve M. Cooley, Mr. Frey's supervisor, was deliberately indifferent to the constitutional injuries Mr. Frey was inflicting, sometimes while on the clock. Having received complaints from Ms. Naffe and others, Mr. Cooley knew that Mr. Frey used his official title to improperly target his perceived political enemies. Despite his actual knowledge of Mr. Frey's abuse of his title, Mr. Cooley failed to act. His omissions make him principally liable, independent of any *respondeat superior* theory. Accordingly, the court should deny Mr. Cooley's Motion to Dismiss.

**SUMMARY OF ALLEGATIONS**

The primary state actor in this case was, undoubtedly, Mr. Frey. Motivated by his personal friendship with James O'Keefe, he directly engaged in the unconstitutional harassment campaign against Ms. Naffe. (Compl. ¶ 36.) He published the patterico.com blog posts; he published the @patterico tweets; he posted Ms. Naffe's social security number and private medical information for anyone in the world to peruse. (*Id.* at ¶¶ 24, 31.)

However, Mr. Cooley knew what Mr. Frey was doing. He knew Mr. Frey was

LEIDERMAN DEVINE LLP
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

engaging in unconstitutional, personally-motivated harassment under color of state law.[1] Mr. Cooley had actual or constructive knowledge that Mr. Frey was using County time and resources to harass Ms. Naffe and others.  (Compl. ¶ 76.)  Mr. Cooley knew because as Mr. Frey's supervisor, he had received complaints from others who have also been victims of Mr. Frey's targeted harassment.  (*Id.* at ¶ 75.)  Yet Mr. Cooley *failed to take any action whatsoever*.  (*Id.* at ¶ 78.)  In the face of his knowledge, Mr. Cooley's indifference to Mr. Frey's unconstitutional conduct makes him independently liable for Ms. Naffe's constitutional injuries.

## ARGUMENT

### I.   PLAINTIFF'S ALLEGATIONS AGAINST MR. COOLEY, AS PLED, ARE SUFFICIENT TO WITHSTAND THE LOW STANDARD OF NOTICE PLEADING.

As a threshold matter, it is important to point out that at the pleading stage, a plaintiff's burden is merely to *allege* the facts supporting the elements of the complaint, not to prove them.  Under the federal court system's notice pleading rules, a complaint must only provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8.  On a motion to dismiss courts "must take all of the factual allegations in the complaint as true."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007).  To survive such a motion, the complaint need only contain "factual content that allows the court to draw a reasonable inference" of the elements of the plaintiff's stated causes of action.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### II.   PLAINTIFF'S COMPLAINT STATES A COGNIZABLE VIOLATION OF 42 U.S.C. § 1983.

Plaintiff has sufficiently alleged facts supporting a claim under 42 U.S.C. § 1983.[2] In general, to succeed on a § 1983 claim, a plaintiff must show that (1) the defendant

---

[1] Although Plaintiff has dismissed count 7 against Mr. Cooley, the factual allegations relevant to Plaintiff's supervisory liability claim against Mr. Cooley appear under the count 7 heading in the Complaint.  Counsel apologizes for any confusion.

[2] In full, the statute states:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights,

LEIDERMAN DEVINE LLP
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

acted under color of state law; and (2) the plaintiff suffered deprivation of a constitutional right.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Defendant argues that Plaintiff's Complaint does not satisfactorily allege either element.  Moreover, Defendant objects on the ground that there is no *respondeat superior* liability under § 1983.  Each of these arguments fails.

### A.   MR. COOLEY IS LIABLE AS A PRINCIPAL; PLAINTIFF DOES NOT RELY ON A THEORY OF VICARIOUS LIABILITY.

Mr. Cooley's first objection to Ms. Naffe's § 1983 claim against him is that § 1983 does not support *respondeat superior* liability.  (Def. Steve M. Cooley's Notice of Mot. and Mot. to Dismiss Compl. Pursuant to Fed. R. Civ. P. 12(b)(6) ("MTD"), DN 21 at p. 2.)  Plaintiff agrees with this point, but disagrees that her claim requires application of any theory of vicarious liability.[3]  Instead, Mr. Cooley should be held liable as a principal under a theory of supervisory liability.  *See, e.g.*, *Sanchez v. Pereira-Castillo*, 590 F.3d 31, 49 (1st Cir. 2009) ("Although 'Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*,' supervisory officials may be liable on the basis of their own acts or omissions." (internal citations omitted)).

"Supervisory liability is imposed against a supervisory official in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates, for his acquiescence in the constitutional deprivations of which the complaint is made, or for conduct that showed a reckless or callous indifference to the

---

privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.  For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.
42 U.S.C. § 1983.

[3] True, ¶ 77 of Plaintiff's Complaint refers to the doctrine of *respondeat superior*.  This paragraph was intended to present a theory of liability with respect to all allegations and is not presently relevant, given the dismissal of Mr. Cooley on counts 2 through 7.  Plaintiff waives any reliance on strict *respondeat superior* liability with respect to the § 1983 claim.

LEIDERMAN DEVINE LLP
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

rights of others." *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991) (internal citations, quotations and alterations omitted).  To impose supervisory liability, "the supervisor need not be 'directly and personally involved in the same way as are the individual officers who are on the scene inflicting constitutional injury.'" *Starr v. Baca*, 652 F.3d 1202, 1205 (9th Cir. 2011) (quoting *Larez*, 946 F.2d at 645).  "A supervisor may be liable if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (citing *Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987)).  The "causal connection" required can be established by evidence that the supervisor "knowingly refused to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury." *Dubner v. City & Cnty. of San Francisco*, 266 F.3d 959, 968 (9th Cir. 2001); *see also Starr v. Baca*, 652 F.3d at 1207-08 (same).

Here, Mr. Cooley is unquestionably liable for his omissions.  He knew or reasonably should have known that Mr. Frey was causing constitutional injury to others by bullying them into silence.  (Compl. ¶ 76.)  Indeed, he had received complaints indicating as much.  (*Id.* at ¶ 75.)  But Mr. Cooley nonetheless refused to take any action. (*Id.* at ¶ 78.)  This knowing refusal to take action in the "training, supervision, or control" of Mr. Frey provides a "causal connection" between Mr. Cooley's conduct and the constitutional injuries suffered by Ms. Naffe.  As such, the court should impose supervisory liability on Mr. Cooley for his culpable inaction.

**B.   PLAINTIFF'S COMPLAINT ALLEGES FACTS DEMONSTRATING THAT MR. FREY AND MR. COOLEY ACTED "UNDER COLOR OF STATE LAW."**

Plaintiff has also sufficiently alleged that Mr. Frey and Mr. Cooley were acting under color of state law.  There is "no rigid formula for measuring state action for purposes of section 1983 liability." *Ouzts v. Md. Nat'l Ins. Co.*, 505 F.2d 547, 550 (9th Cir. 1974).  "In order to determine color of law, a court must examine the totality of the

OPPOSITION TO STEVE COOLEY'S MOTION TO DISMISS,

Page 5

LEIDERMAN DEVINE LLP
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

circumstances." *Abudiab v. City and Cnty. of San Francisco*, No. C 09-1778 MHP, 2010 WL 207622 at 3 (N.D. Cal. Apr. 12, 2010). Generally, "acts of officers in the ambit of their personal pursuits are plainly excluded." *Screws v. United States*, 325 U.S. 91, 111 (1945). However, a state officer who "purports or pretends" to act under color of law in the course of his personal pursuits is liable, "even if his goals were private and outside the scope of authority." *Huffman v. Cnty. of Los Angeles*, 147 F.3d 1054, 1058 (9th Cir. 1998); *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 838 (9th Cir. 1996).

As argued fully in Plaintiff's Opposition to Mr. Frey's Motion to Dismiss, Mr. Frey purported to act under color of state law, despite his illusory disclaimers to the contrary. (*See* DN 18 at 6-7.) Plaintiff will not re-hash the argument here.

Mr. Cooley objects that Plaintiff has not alleged that he "took any action that resulted in a violation of Plaintiff's rights, much less an allegation that such an action was taken in the performance of his duties as the Los Angeles County District Attorney." (MTD at 4.) But, as discussed above, it is not any action that Mr. Cooley took that makes him liable. It is his *inaction*, his failure to stop Mr. Frey from abusing his position as a District Attorney that makes Mr. Cooley liable. By virtue of his official government position as County District Attorney, Mr. Cooley was obliged to use his state authority to supervise Mr. Frey. In this light, his alleged inaction was no doubt "under color of state law."

## C.   PLAINTIFF'S COMPLAINT ALLEGES FACTS AMOUNTING TO A DEPRIVATION OF CONSTITUTIONAL RIGHTS.

The actions of Mr. Frey and Mr. Cooley constitute a violation of Ms. Naffe's First Amendment and Due Process rights.

### 1.   Plaintiff's First Amendment Rights Were Violated.

With respect to the First Amendment claim, Defendant suggests that Plaintiff's Complaint "directly contradict[s]" itself. (MTD at 6.) Defendant claims that Ms. Naffe's right to free speech could not possibly have been infringed because she did speak out in some limited circumstances: she (1) informed Mr. Frey via Twitter that she would report

LEIDERMAN DEVINE LLP
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

his harassment to his employer, (2) filed an administrative claim against Mr. Frey, and (3) filed this lawsuit.  (MTD at 6.)

This argument, however, demonstrates a misunderstanding of Plaintiff's First Amendment claim.  Ms. Naffe does not claim that, as a result of Mr. Frey's harassment and Mr. Cooley's ratification thereof, she ceased speaking entirely.  Nor does she claim that Mr. Frey's harassment chilled her from reporting his misconduct.  Instead, she alleges that Mr. Frey's harassment stopped her from coming forward with evidence of a crime committed in Mr. Frey's jurisdiction—clearly protected speech.  (Compl. ¶ 36.)[4] Just because Plaintiff attempted to stop the harassment without first resorting to the federal court for assistance by exhausting other possible remedies (such as self-help and filing state/administrative complaints) does *not* mean that her allegations are contradictory.  On the contrary, these other efforts *add* weight to her allegations by demonstrating the authenticity of her desire to stop Mr. Frey's behavior.

## 2.    Plaintiff's Due Process Rights Were Violated.

Addressing the due process claim, Defendant correctly observes that one possible basis is Plaintiff's fear that the DA's Office would "not adequately investigate or pursue her allegations that Mr. O'Keefe wiretapped Representative Waters."  (MTD at 6.) Defendant also correctly observes that no citizen has a due process right to an investigation or prosecution of another.  *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (dismissing for lack of standing a complaint for an injunction requiring the district attorney to prosecute a crime, even though a state statute required the district attorney to do so).  *If* the due process claim hinged entirely on this fact, it would fail.  But that is simply not the case here.

The crux of the Ms. Naffe's claim has nothing to do with whether or not the County would or would not prosecute or even investigate Mr. O'Keefe.  Instead, it rests

---

[4] In a supplemental declaration attached to Plaintiff's Opposition to Mr. Frey's Motion to Strike, Ms. Naffe further states that Mr. Frey's harassment forced her out of at least two forums for public speech on the Internet: she has made private both her previously public Twitter account and her previously public personal website. (Naffe Decl. at ¶ 36.)

OPPOSITION TO STEVE COOLEY'S MOTION TO DISMISS,

Page 7

on Ms. Naffe's right against patently unfair treatment from personally-motivated government actors. Ms. Naffe feared (and continues to fear) that Mr. Frey and Mr. Cooley—indeed, any attorney at the LA County DA's Office—as officers of the state, have prejudged her character and credibility. (Compl. ¶ 46.) She fears that she would be entirely unwelcome at the Office in all cases, not just with respect to Mr. O'Keefe; she fears that they would turn her away at the outset, regardless of the strength of her evidence; and she fears that ultimately, coming forward would accomplish nothing more than subjecting her to further harassment from Mr. Frey. (Naffe Decl. at ¶ 31.) In sum, Ms. Naffe felt and still feels that Mr. Frey's conduct toward her was intended as a message: do not come forward to incriminate Mr. O'Keefe, *or else*. Just as making threats to potential defense witnesses constitutes prosecutorial misconduct, *see, e.g.*, *In re Martin*, 44 Cal.3d 1, 39-40 (Cal. 1987), so does making threats to potential state witnesses. Plaintiff's due process claim should stand.

## III. IF THE COURT GRANTS DEFENDANT'S MOTION IN WHOLE OR IN PART, IT SHOULD GRANT PLAINTIFF LEAVE TO AMEND.

Should the court grant Defendant's Motion to Dismiss, it should also grant Plaintiff leave to amend. Indeed, Plaintiff may amend her Complaint "as a matter of course" within 24 days of service of Defendant's Motion to Dismiss. *See* Fed. R. Civ. P. 15(a)(1)(B); Fed. R. Civ. P. 6(d). Further, the court "should freely give leave when justice requires." Fed. R. Civ. P. 15(a)(2). It should do so here.

Dated: November 28, 2012                                    LEIDERMAN DEVINE LLP

                                                            By: */s/ Jay Leiderman*
                                                            _____
                                                            Jason S. Leiderman
                                                            James B. Devine
                                                            Attorneys for Plaintiff
                                                            NADIA NAFFE

LEIDERMAN DEVINE LLP
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280