PAUL B. BEACH, State Bar No. 166265
pbeach@lbaclaw.com
ALEXANDRA B. ZUIDERWEG, State Bar No. 270177
azuiderweg@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
100 West Broadway, Suite 1200
Glendale, California 91210-1219
Telephone No. (818) 545-1925
Facsimile No. (818) 545-1937

Attorneys for Defendant
Steve M. Cooley

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NADIA NAFFE, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>JOHN PATRICK FREY, an individual, CHRISTI FREY, an individual, STEVE M. COOLEY, an individual, and the COUNTY OF LOS ANGELES, a municipal entity,<br><br>    Defendants. | Case No. CV 12-8443 GW (MRWx)<br><br>Honorable George H. Wu<br><br>**DEFENDANT STEVE M. COOLEY'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**<br><br>Date:   December 20, 2012<br>Time:   8:30 a.m.<br>Crtm:   10 |

TO THE HONORABLE COURT, ALL PARTIES, AND TO THEIR COUNSEL OF RECORD:

///

///

///

1

1 | Defendant Steve M. Cooley hereby submits the following Memorandum of
2 | Points and Authorities in Reply To Plaintiff's Opposition to Defendant's Motion
3 | to Dismiss.

Dated: December 6, 2012      LAWRENCE BEACH ALLEN & CHOI, PC

By   /s/ Alexandra B. Zuiderweg
      Alexandra B. Zuiderweg
      Attorneys for Defendant
      Steve M. Cooley

# TABLE OF CONTENT

MEMORANDUM OF POINTS AND AUTHORITIES ........................................... 1

I. Introduction. ................................................................................................ 1

II. Plaintiff Has Failed To Sufficiently State A Claim Against Cooley Based On Supervisor Liability. .................................................................. 1

III. Plaintiff Cites No Authority Indicating That Publishing On A Personal Blog Which Specifically Disclaims Any Association With The District Attorney's Office Constitutes An Action Under Color Of Law. ........................................................................................................ 2

IV. Plaintiff's Complaint Fails To Allege A Constitutional Violation. .............. 4

V. Leave To Amend Would Be Futile. ............................................................ 5

VI. Conclusion. ................................................................................................ 6

# TABLE OF AUTHORITIES

**Cases**

*Bonsignore v. City of New York,*
   683 F.2d 635 (2d Cir. 1982) ................................................................... 4

*Brown v. Rumsfield,*
   211 F.R.D. 601 (N.D. Cal. 2002). ............................................................ 5

*Elk v. Incorporated Village of Monroe,*
   815 F. Supp. 2d 801 (S.D.N.Y. 2011) ..................................................... 3

*Gallop v. Cheney,*
   642 F.3d 364 *reh'g denied*, 645 F.3d 519 (2d Cir. 2011) ......................... 5

*Hansen v. Black,*
   885 F.2d 642 (9th Cir. 1989) .................................................................. 1

*Huffman v. County of Los Angeles,*
   147 F.3d 1054 (9th Cir. 1998) ................................................................ 3

*Hydrick v. Hunter,*
   669 F.3d 937 (9th Cir. 2012) .................................................................. 1

*Mark v. Borough of Hatboro,*
   51 F.3d 1137 (3d Cir. 1995) ................................................................... 3

*Ramirez v. County of Los Angeles*
   2012 WL 2574826 (C.D. Cal. 2012) ...................................................... 2

*Reddy v. Litton Indus., Inc,*
   912 F.2d 291 (9th Cir. 1990). .................................................................. 5

*Rios v. City of Del Rio, Tex.,*
   444 F.3d 417 (5th Cir. 2006) .................................................................. 2

*Stanislaus Food Products Co. v. USS-POSCO Indus.,*
   782 F. Supp. 2d 1059 (E.D. Cal. 2011) .................................................. 5

*Starr v. Baca,*
   652 F.3d 1202 (9th Cir. 2011) ................................................................ 2

*Tucker v. City of Santa Monica,*
   2012 WL 2970587 at *5 (C.D. Cal. 2012) .............................................. 2

*Van Ort v. Estate of Stanewich,*
   92 F.3d 831 (9th Cir. 1996) .................................................................... 3

**Statutes**

42 U.S.C. § 1983 ............................................................................................ 1, 2, 4

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Introduction.

In her opposition to Defendant Steve M. Cooley's ("Cooley") motion to dismiss, Plaintiff Nadia Naffe ("Plaintiff") fails to point to specific factual allegations that state a valid claim pursuant to 42 U.S.C. § 1983. Instead, Plaintiff simply repeats the conclusory (and largely contradictory) allegations found in the Complaint, while citing to no legal authority indicating that such allegations are sufficient to state a claim under § 1983. Ultimately, as set forth below, Plaintiff's opposition simply confirms that Plaintiff has not and cannot allege a set of facts supporting Cooley's liability for the purported constitutional violation. As such, Cooley's motion to dismiss should be granted without leave to amend.

## II. Plaintiff Has Failed To Sufficiently State A Claim Against Cooley Based On Supervisor Liability.

Plaintiff's attempt to twist her allegations into a claim against Cooley for supervisory liability is without merit, as Plaintiff's Complaint contains no specific allegations that Cooley was made aware of and consented to any wrongdoing whatsoever. As Plaintiff correctly states, a supervisor may only be liable under 42 U.S.C. § 1983 "if there exists either (1) his or her personal involvement in the constitutional deprivation or (2) sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Hansen v. Black*, 885 F.2d 642 (9th Cir. 1989). However, at the pleadings stage, a plaintiff must "allege sufficient **facts** to plausibly establish the defendant's 'knowledge of' and acquiescence in' the unconstitutional conduct of his subordinates." *Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012) (emphasis added). "[B]ald and conclusory allegations are insufficient to establish liability under 42 U.S.C. § 1983." *Id.* (internal quotations omitted).

Here, Plaintiff makes only conclusory allegations that Cooley knew or should have known that Patrick Frey was engaging in political speech on his

personal blog that somehow violated Plaintiff's constitutional rights. (Complaint, ¶¶ 75-76.) Such allegations, with no **specific** facts that Cooley was given notice of Frey's personal blog and the purported resulting constitutional violations, are simply not enough to establish any supervisory liability as to Cooley.[1] *See, Tucker v. City of Santa Monica*, 2012 WL 2970587 at *5 (C.D. Cal. 2012) (absent any specific incidents of misconduct by officers of which their supervisors received notice, the plaintiff could not state a § 1983 claim based on supervisory liability); *Ramirez v. County of Los Angeles*, 2012 WL 2574826 at *4 (C.D. Cal. 2012) (dismissing supervisory liability claim when plaintiff did not allege specific past incidents of excessive force of which Sheriff Baca received notice).

Accordingly, on this ground alone, Plaintiff's § 1983 claim against Cooley should be dismissed.

## III. Plaintiff Cites No Authority Indicating That Publishing On A Personal Blog Which Specifically Disclaims Any Association With The District Attorney's Office Constitutes An Action Under Color Of Law.

Plaintiff fails to point to a single allegation indicating that Frey[2] was acting under color of law when he posted articles on a blog that he expressly states is

---

[1] In her opposition papers, Plaintiff cites to *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011). *Starr* is highly distinguishable from the instant action because the plaintiff's complaint in *Starr* contained pages of detailed factual allegations regarding the defendant's knowledge of various instances of excessive force. *Hydrick*, 669 F.3d at 941 (explaining that the decision in *Starr* depended on the "detailed factual allegations" of the complaint). Plaintiff has included no such detailed allegations in the Complaint at issue here.

[2] Although the instant motion to dismiss is made on behalf of Cooley, the analysis regarding color of law and the purported underlying constitutional violation focus on Plaintiff's allegations regarding Frey's conduct. If Frey's conduct was not under color of law, Cooley cannot be held liable on a supervisory basis. *See, e.g., Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 425-26 (5th Cir. 2006) (elements for imposing supervisory liability under § 1983 cannot be met if there is no

**not associated with the District Attorney's Office**. (Complaint, ¶ 38.) Even Plaintiff recognizes in her opposition that a government officer must "purport or pretend" to act under the color law while engaging in conduct in pursuit of personal goals in order to spark liability under § 1983. *Huffman v. County of Los Angeles,* 147 F.3d 1054, 1058 (9th Cir. 1998) (officers who engage in confrontations for personal reasons unrelated to law enforcement, and do not purport or pretend to be officers, do not act under color of law); *Van Ort v. Estate of Stanewich,* 92 F.3d 831, 838 (9th Cir. 1996) (holding that deputy's attempts to rob private citizens, although done while in uniform, were not under color of law).

Contrary to Plaintiff's conclusory assertions otherwise, an individual cannot "purport or pretend" to act under color of law and, yet, simultaneously overtly disclaim any association with the state actor. Even taking as true Plaintiff's allegations that the disclaimer posted on Frey's blog is, in fact, false, Plaintiff's complaint includes no specific factual allegation illustrating that Frey gave any impression whatsoever that he was acting under color of law, as required to properly plead that he was, in fact, so acting under § 1983. *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1151 (3d Cir. 1995) (individual who gave no impression that he was acting on behalf of state actor while committing arson could not be acting under color of law).

Plaintiff's only allegations in support of her conclusory contention that Frey acted under "color of law" are as follows: (1) that Frey used "County time and resources" to publish his blog and "research his enemies" (Complaint ¶¶ 24, 29, and 30); (2) that Frey wanted readers to associate him with the District

---

underlying constitutional violation); *Elk v. Incorporated Village of Monroe,* 815 F. Supp. 2d 801, 808 (S.D.N.Y. 2011) ("[B]ecause Plaintiff has not established any underlying constitutional violation, she cannot state a claim for § 1983

3

1   Attorney's Office (even though he posted a disclaimer repudiating any such
2   association) (Complaint ¶ 40); and (3) that he used his position to advance his
3   personal agenda. (Complaint, ¶ 38.) These allegations are insufficient to state a
4   claim under § 1983 because Plaintiff has not and cannot allege that Frey posted
5   his political blog **pursuant to** any of his duties as a deputy district attorney, nor
6   can Plaintiff allege that Frey actively led his readers to believe that his blog was
7   posted as a part of his job duties. *See, Mark*, 51 F.3d at 1151 ("[E]ven acts
8   committed . . . while on duty and in uniform are not under color of state law
9   unless they are in some way related to the performance . . . of duties.");
10  *Bonsignore v. City of New York,* 683 F.2d 635, 638-39 (2d Cir. 1982) (If a
11  person's actions "were not committed in the performance of any actual or
12  pretended duty, the actions were not committed under color of law.") (internal
13  quotations omitted). Accordingly, Plaintiff's § 1983 claim fail as a matter of law.

14  **IV.    Plaintiff's Complaint Fails To Allege A Constitutional Violation.**

15      With respect to Plaintiff's conclusory claim that her due process rights
16  were violated, Plaintiff does not and cannot cite to a single case standing for the
17  proposition that there is a due process right to "feel welcome" by the District
18  Attorney's Office. Plaintiff admits that a private citizen lacks a due process right
19  to an investigation or prosecution of another, yet still summarily concludes
20  (without any supporting authority) that there is a due process right to "feel
21  welcome" during the investigation or prosecution of another. Accordingly, to the
22  extent that Plaintiff bases her § 1983 claim on purported due process violations,
23  such unsupported claims should be rejected by the Court.

24      Similarly, Plaintiff fails to include any specific allegations in her
25  Complaint regarding any purported chilling effect occurring as a result of Frey's
26  blog. Rather, the Complaint alleges the following: Plaintiff was involved in the

27  ───────────────────────────────────

28  supervisor liability.") For this reason, if the Court grants Frey's motion to
    dismiss, then the Court should also dismiss Cooley.

4

wire tap of the office of Congresswoman Maxine Waters. (Complaint, ¶ 21.) Yet, rather than report this illegal activity to the District Attorney's Office immediately, Plaintiff chose to launch a media campaign against O'Keefe, a campaign which drew contrary opinions from Frey and others. (Complaint, ¶¶ 26-30.) Cooley cannot be held liable for the backlash (and Plaintiff's "feelings" regarding the backlash) that resulted from Plaintiff's conscious decision to wait to report O'Keefe's misconduct.

Furthermore, by Plaintiff's own admission, she threatened to report Frey's purportedly unlawful conduct to the District Attorney's Office. (Complaint, ¶ 30.) Plaintiff cannot credibly allege that she felt intimidated and unwelcome by the District Attorney's Office with respect to certain speech, but not with respect to other speech. Accordingly, these allegations are insufficient to illustrate that Plaintiff's speech was chilled as result of Frey's blog. *See, Stanislaus Food Products Co. v. USS-POSCO Indus.*, 782 F. Supp. 2d 1059, 1078 (E.D. Cal. 2011) (dismissing complaint based on inherently inconsistent allegations); *Gallop v. Cheney*, 642 F.3d 364, 368 *reh'g denied*, 645 F.3d 519 (2d Cir. 2011) ("unsubstantiated and inconsistent allegations" properly dismissed).

As such, Plaintiff's § 1983 claim against Cooley should be dismissed.

### V.  Leave To Amend Would Be Futile.

"The Court need not grant leave to amend a complaint where it is clear that amendment will serve no purpose, because the complaint cannot be cured to constitute a claim for relief." *Brown v. Rumsfield*, 211 F.R.D. 601, 604-5 (N.D. Cal. 2002). Similarly, in order for the Court to properly grant leave to amend, it must be clear that the defect can be cured "without contradicting any of the allegations of [the] original complaint." *Reddy v. Litton Indus., Inc,* 912 F.2d 291, 296 (9th Cir. 1990).

As demonstrated above, Plaintiff has not and cannot add allegations against Cooley that would state a claim under § 1983 without contradicting the facts

alleged in her current Complaint, nor does Plaintiff specifically articulate any such facts that could be alleged if leave to amend were granted. Accordingly, the Court should grant the instant motion, without leave to amend.

## VI. Conclusion.

Based on the foregoing, the Court should grant Cooley's motion to dismiss in its entirety.

Dated: December 6, 2012          LAWRENCE BEACH ALLEN & CHOI, PC


By    /s/  Alexandra B. Zuiderweg
       Alexandra B. Zuiderweg
       Attorneys for Defendant
       Steve M. Cooley