1  GOETZ FITZPATRICK LLP
   RONALD D. COLEMAN
2  rcoleman@goetzfitz.com
   One Penn Plaza, Suite 4401
3  New York, NY  10119
   Telephone:  212.695.8100
4  Facsimile:  212.629.4013

5  Counsel for Defendant
   JOHN PATRICK FREY

6

7  BROWN WHITE & NEWHOUSE LLP
   KENNETH P. WHITE (Bar No. 238052)
8  kwhite@brownwhitelaw.com
   333 South Hope Street, 40th Floor
9  Los Angeles, CA  90071-1406
   Telephone:  213. 613.0500
10 Facsimile:   213.613.0550

11 Local Counsel for Defendant
   JOHN PATRICK FREY

12

13            UNITED STATES DISTRICT COURT

14            CENTRAL DISTRICT OF CALIFORNIA

15 | NADIA NAFFE, an individual, | Case No.: CV12-08443-GW (MRWx) |
|---|---|
16 | Plaintiff, | Judge:   Hon. George H. Wu |
17 | v. | |
18 | JOHN PATRICK FREY, an individual, CHRISTI FREY, an individual, STEVE M. COOLEY, an individual, and the COUNTY OF LOS ANGELES, a municipal entity, | **DEFENDANT JOHN PATRICK FREY'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST THROUGH SIXTH CAUSES OF ACTION IN THE FIRST AMENDED COMPLAINT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE** |
19 | | |
20 | | |
21 | Defendants. | |
22 | | |
23 | | Hearing Date:  February 14, 2013 Time:            8:30  a.m. Courtroom:       10 |
24 | | |
25 | | Complaint Filed:  October 2, 2012 |

26

27

28

BROWN, WHITE & NEWHOUSE LLP
ATTORNEYS

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 14, 2013, at 8:30 a.m. in Courtroom 10 in the United States Courthouse located at 312 N. Spring Street, Los Angeles, California 90012, the Honorable George H. Wu presiding, Defendant John Patrick Frey  ("Defendant") will move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the First, Second, Third, Fourth, Fifth, and Sixth Causes of Action of the First Amended Complaint brought by Plaintiff Nadia Naffe ("Plaintiff") on the following grounds:

1.      Plaintiff has failed to state a claim for violation of 42 U.S.C. § 1983 because she has not pled facts sufficient to establish that Defendants acted under color of state law or that she suffered a violation of any Constitutional right.

3.      Plaintiff has failed to state any claim under her Second Through Sixth Causes of Action for the reasons set forth in Defendants' concurrently filed Special Motion to Strike.

This Motion is based on this Notice of Motion and attached Memorandum of Points and Authorities, on all judicially noticeable documents, including those attached to the concurrently filed Request for Judicial Notice, on the concurrently filed Declarations of John Patrick Frey and Kenneth P. White and Exhibits thereto (but only to the extent they attach documents properly considered in a Rule 12(b)(6) motion, such as documents referred to and incorporated in the FAC), on all pleadings and papers on file in this action, and on other such matters and arguments as may be presented to this Court in connection with this Motion.

//

//

773150.1

BROWN, WHITE & NEWHOUSE
A T T O R N E Y S

1         This Motion is made following the telephonic conference of counsel which took

2    place on December 31, 2012.

3    DATED:  January 11, 2013          Respectfully submitted,

4                                 GOETZ FITZPATRICK LLP LLP

5                               By   _s/Ronald D. Coleman_____

6                                    RONALD D. COLEMAN

7                                    Counsel for Defendants

8                                    JOHN PATRICK FREY AND
                                     CHRISTI FREY

9

10   DATED:  January 11, 2013          Respectfully submitted,

11                                BROWN WHITE & NEWHOUSE LLP

12                              By   _s/Kenneth P. White_____

13                                     KENNETH P. WHITE

14                                   Local Counsel for Defendants
                                     JOHN PATRICK FREY AND

15                                     CHRISTI FREY

16

17

18

19

20

21

22

23

24

25

26

27

28

773150.1

BROWN, WHITE & NEWHOUSE LLP
ATTORNEYS

## TABLE OF CONTENTS

Page

I.     INTRODUCTION .................................................................................................1

II.    SUMMARY OF PLAINTFF'S NEW ALLEGATIONS ...........................................3

III.   ARGUMENT ......................................................................................................6

    A.     The Court Need Not Accept Plaintiff's Conclusions of Law Or
        Assertions That Contradict Documents She Incorporates ............................6

    B.     Plaintiff Has Ignored the Holdings of the Court's Tentative Opinion
        Regarding Pleading Facts Sufficient to Show State Action ...........................7

    C.     Ms. Naffe Does Not Plead Facts Showing a Deprivation of
        Constitutional Rights ...................................................................................14

    D.     If The Court Does Not Grant Mr. Frey's Renewed Motion to Strike, It
        Should Also Dismiss Plaintiff's Other Claims .............................................16

    E.     The Court Should Dismiss Without Further Leave To Amend ....................16

IV.    CONCLUSION .................................................................................................16

DEFENDANTS' MOTION TO DISMISS FIRST THROUGH SIXTH CAUSES OF ACTION

773150.1

# TABLE OF AUTHORITIES

Pages

## Cases

*Bell Atlantic Corporation v. Twombly*,
    550 U.S. 554 (2007)...................................................................6

*Anderson v. Warner*,
    451 F.3d 1063 (9th Cir. 2006) ...................................................7

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)................................................................6, 7

Cato v. United States,
    70 F.3d 1103 (9th Cir.1995) .....................................................16

*Daniels-Hall v. National Educ. Ass'n*,
    629 F.3d 992, 998 (9th Cir. 2010) ..............................................7

*Huffman v. County of Los Angeles*,
    147 F.3d 1054 (9th Cir. 1998) ...............................................7, 11

Lee v. City of Los Angeles,
    250 F.3d 668 (9th Cir. 2001) .....................................................6

*Linda R.S. v. Richard D.*,
    410 U.S. 614 (1973)..................................................................16

*Price v. Hawaii*,
    939 F.2d 702 (9th Cir.1991) ......................................................6

## Statutes

42 U.S.C. § 1983 ........................................................................*passim*

## Rules

Fed. R. Civ. P. 12(b)(6)...............................................................1

DEFENDANTS' MOTION TO DISMISS FIRST THROUGH SIXTH CAUSES OF ACTION

773150.1

BROWN, WHITE & NEWHOUSE LLP
ATTORNEYS

1

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

2

## I.   <u>INTRODUCTION</u>

3      This is a motion to dismiss Plaintiff's First Amended Complaint ("FAC").  In

4   moving to dismiss the first Complaint filed in this action, defendant John Patrick Frey

5   (and former defendant Christi Frey) argued that that pleading consisted of no more

6   than a morass of meritless defamation claims recast as specious causes of action,

7   including a dubious federal claim under 42 U.S.C. § 1983 ("Section 1983").  The

8   Freys asked the Court to acknowledge that Plaintiff Nadia Naffe was seeking no more

9   than to use the courts to punish Mr. Frey—a vigorous political opponent—for

10  exercising his First Amendment rights.  The Court agreed that Plaintiff had failed to

11  state a federal claim, issuing a Tentative Ruling on December 10, 2012 that focused

12  on Mr. Frey's Fed. R. Civ. P. 12(b)(6) challenge to Plaintiff's Section 1983 claim and

13  found the claim fatally lacking.  The Court's main basis for dismissal was that, based

14  on the allegations in the Complaint and black-letter law, nothing Mr. Frey is accused

15  of doing could possibly meet even the most minimal legal standards for stating a

16  claim under that statute.

17      The Tentative Ruling rejected as insufficient Plaintiff's conclusory claims that

18  Plaintiff's hated political rival and critic, Mr. Frey, was acting under color of law

19  based on the mere fact that he works as a Deputy District Attorney.  The Court

20  rejected Plaintiff's suggestion that an assistant district attorney who "uses his blog and

21  his Twitter account as a vehicle for his thoughts and opinions [even] during the time

22  he was supposed to be working as a district attorney and using resources made

23  available to him as a district attorney" was therefore acting "under color of state law."

24  (Tentative Ruling at 7.)  The Court also rejected Plaintiff's proposition that Mr. Frey

25  was "known" or identified by others as a district attorney (*Id*. at 7-8.) or that he

26  referred to "criminal statutes" that Plaintiff may have violated in one of his tweets.

27  (*Id*. at 10.)

28      Summing up its analysis, the Court concluded as follows, referring to various

1

Brown, White & Newhouse^LLP
A T T O R N E Y S

material referred to by Plaintiff in opposition to Mr. Frey's motion that was not part of, or directly incorporated into, the Complaint, and expressing doubt about the validity of Plaintiff's entitlement to a federal forum absent some saving amendment of her Section 1983 claim:

> This material, which does not inform whether or not the Court should dismiss the instant allegations, does inform whether the Court would conclude that any attempt by Plaintiff to amend her allegations should be deemed futile. The Court would therefore determine whether this is all Plaintiff has further to offer on the question of state action undertaken by Mr. Frey. If so, the Section 1983 claim would be dismissed *without* leave to amend, and the Court would have to determine what, if anything, Plaintiff planned to do about her diversity allegations. If the answer is "nothing" and Plaintiff is unable to persuade that she still may maintain an action against Cooley and the County under Section 1983 then the Court would dismiss the remaining claims pursuant to 28 U.S.C. § 1367(c)(3). If the answer is "nothing" and Plaintiff does persuade that she still would have a viable Section 1983 claim against Cooley and/or the County then the Court would dismiss the remaining claims pursuant to 28 U.S.C. § 1367(c)(2).

(*Id*. at 10-11.)

Plaintiff recognized that this ruling expressed great skepticism that she could state a Section 1983 claim. Her FAC shows a desperate attempt to say something – anything – that would be sufficient to articulate a fact showing that Mr. Frey acted under color of state law, or that her constitutional rights were violated.  But as is shown below, Plaintiff does not and cannot articulate specific facts, plausible or otherwise, consistent with the record she has placed before the Court and sufficient to enable her to salvage the FAC.  Once again she relies almost entirely on bald, conclusory statements in an attempt to manufacture state action.  She also escalates by making allegations that directly contradict the very documents she cites and incorporates – for instance, by citing posts in which Mr. Frey expressly stated that he was acting in his own capacity, by misrepresenting to the Court what Mr. Frey said in a tweet she incorporates, and by misrepresenting what Mr. Frey's counsel said in a

DEFENDANTS' MOTION TO DISMISS FIRST THROUGH SIXTH CAUSES OF ACTION

blog post she incorporates.  In short, she utterly fails to state any facts to repair the deficiencies identified by the Court.  For these reasons, the Court should dismiss the FAC without further leave to amend.

## II.      SUMMARY OF PLAINTFF'S NEW ALLEGATIONS[1]

The Court is familiar with the narrative of the Complaint, having recapitulated it, in sum and substance, in its Tentative Ruling.  For purposes of the convenience of the Court and all the parties, and considering that a detailed Declaration of Mr. Frey is being submitted herewith, Mr. Frey focuses here only on the distinctions between the original Complaint and the FAC that are of relevance to Mr. Frey's motion.

Plaintiff has added to the description of herself in ¶ 3 the allegation that she is a "sexual assault victim" who has been "defamed" by Mr. Frey, "a state actor with a bully pulpit who committed his misdeeds in both his official and unofficial capacities."  No new facts are alleged in ¶ 3; Mr. Frey is merely described as a "state actor" and his actions are alleged to have been committed in his "official capacities."

In ¶ 4, Plaintiff now alleges that Mr. Frey is a lawyer, is admitted to the bar of the State of California and is subject to its various regulations concerning attorneys.  That paragraph also includes the allegation that Mr. Frey committed the various acts of complained of "during District Attorney business hours and from COUNTY facilities with the knowledge and consent of the COUNTY."

¶¶ 9 and 10 refer to Plaintiff's blog and allege, on information on belief, that "Frey's online persona 'Patterico' is inextricably intertwined with his official persona, 'Deputy District Attorney Patrick Frey; that he uses that status to harass and intimidate his political enemies; and that he has made numerous statements invoking his official position and title as Deputy District Attorney for the COUNTY."  No explanation is provided of the factual meaning or possible legal significance of "inextricable intertwining" of "personas." The "numerous statements" presumably

---

[1] All references to paragraph numbers herein are to the FAC.

DEFENDANTS' MOTION TO DISMISS FIRST THROUGH SIXTH CAUSES OF ACTION

referred to are presumably those described in ¶ 10(a); which quotes Mr. Frey's description of himself as a Deputy District Attorney on his blog; ¶ 10(b) in which, Mr. Frey wrote a blog post in which he stated how long he had had his job; ¶10(c), in which he referred to a time in the past when he was not yet a Deputy District Attorney; ¶10(d), where Mr. Frey refers to himself as a "Deputy DA"; and a raft of other quotes, running through the letter (o) in ¶ 10(o), in which Mr. Frey states that he is, or describes aspects of being, a Deputy District Attorney.

Plaintiff then makes a leap from this collections of statements by Mr. Frey in which he describes his employment to an allegation, in ¶ 11, that "PLAINTIFF is informed and believes and based thereon alleges that FREY intends that the statements he publishes on his blog to be deemed as statements or opinions coming from the Office of the District Attorney for the COUNTY, though there are some limited exceptions to that, and the exceptions are blatant and notable."  Regarding the "blatant and notable" exception, this appears to refer to the allegation in the next paragraph, ¶ 12, in which Mr. Frey is quoted as using an expletive to express contempt to three members of the bench of the Ninth Circuit over a controversial ruling.[2]

Plaintiff proceeds from this collection of allegations that Mr. Frey has referred to himself with reference to his job to the conclusion—once again, all alleged on information and belief—that "has used and does use his position as a COUNTY Assistant District Attorney to advance his personal political agenda, to increase his audience, and to amplify his harassment against political enemies" ( ¶ 13); that various bloggers have referred to Mr. Frey as a Deputy District Attorney at various times (¶ 15); and that Mr. Frey benefits from these descriptions because they enhance his stature (¶ 16-17).

Regarding the explicit disclaimer found on Mr. Frey's blog, Plaintiff alleges in

---

[2] This allegation is of no plausible relevance to Plaintiff's claims.  It was evidently included for the cynical and pathetic purpose of inflaming the Court's ire against Mr. Frey personally.

BROWN, WHITE & NEWHOUSE^LLP
A T T O R N E Y S

¶14 that it is "patently unreasonable" because, Plaintiff alleges, it is too small, and, besides, it is "untrue."

The remaining paragraphs added to the FAC are bizarre, though they do not appear to have any relevance to the "state action" question that is primarily the one before the Court right now.  Briefly summarized, they allege the following:

- Mr. Frey, it is alleged, used his blog "to provide legal advice as a Deputy District Attorney to his cronies and readers, including instructing them on how to prosecute claims against individuals without limitation David Shuster and PLAINTIFF."  (¶ 18.)  These "cronies" are not named or identified in any other fashion.

- Mr. Frey is claimed to have "importuned" O'Keefe, who is not a party to this lawsuit, to sue Shuster and Current TV, neither of which is a party to this lawsuit.  (¶ 19.)

- Plaintiff alleges that Mr. Frey "has the power of moderation over all articles and comments on his blog, and may therefore edit and delete comments and comment timestamps."  (¶ 20.)

The FAC then proceeds to add an entirely new section alleging facts by which Mr. Frey is accused of supporting and assisting O'Keefe, including by writing positive things about him on Patterico's Pontifications.  (¶¶ 21-28.)  Plaintiff repeatedly refers to these activities, which do not involve Plaintiff, as having been undertaken by Mr. Frey "as a state actor," but provides no detail as to how his actions were indeed "state action."  In the following section, Mr. Frey, again as a "state actor," is alleged to have "intimidated plaintiff from reporting a crime committed" by O'Keefe by writing many things on the Patterico's Pontifications blog, many of which Plaintiff did not like and which were appreciated, she alleges, by other people whom she also does not like.  (¶¶ 29-64.)  Plaintiff alleges that because of all the things Mr. Frey wrote, she was intimidated into not reporting the crimes that she alleges took place to the Los Angeles County District Attorney's office, but instead reporting them to United States

DEFENDANTS' MOTION TO DISMISS FIRST THROUGH SIXTH CAUSES OF ACTION
739961.1
773150.1

BROWN, WHITE & NEWHOUSE LLP
A T T O R N E Y S

Department of Justice, "with the intention on the part of the DEFENDANTS of thereby depriving PLAINTIFF of her legal rights and otherwise [to] cause PLAINTIFF injury." (¶¶ 65-68.)

## III.  ARGUMENT

### A.  The Court Need Not Accept Plaintiff's Conclusions of Law Or Assertions That Contradict Documents She Incorporates

This Court already set forth the relevant standards for this Motion, and for evaluation of Plaintiff's Section 1983 claim, in its Tentative Opinion. (Tentative Opinion at 5 – 7.)  Only a brief review of the relevant rules is necessary.

*First,* as the Court held, it need accept as true only well-pleaded statements of fact, not conclusions of law. (Tentative Opinion at 5-6.)  A complaint that relies upon "labels and conclusions, and a formulaic recitation of the elements of a cause of action" does not suffice to state a cause of action. *Bell Atlantic Corporation v. Twombly,* 550 U.S. 554, 555 (2007).  Moreover, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.*  In other words, a complaint must be "plausible on its face" – meaning that the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  In particular, in the context of a Section 1983 action, the Court need not accept conclusory allegations that a defendant acted under color of state law. *Price v. Hawaii,* 939 F.2d 702, 707-08 (9th Cir.1991) (conclusory allegations of action under color of state law, unsupported by facts, are insufficient to state claim under Section 1983).

*Second,* as the Court held, in ruling upon a Motion to Dismiss, it may rely upon not only the four corners of the complaint, but upon judicially noticeable documents and upon documents referred to and incorporated in the complaint itself. (Tentative Opinion at 6.)  *See, e.g., Lee v. City of Los Angeles,* 250 F.3d 668, 688-89 (9th Cir. 2001) (court may consider documents necessarily relied upon by complaint.)

DEFENDANTS' MOTION TO DISMISS FIRST THROUGH SIXTH CAUSES OF ACTION

BROWN, WHITE & NEWHOUSE℠
ATTORNEYS

*Third,* the Court is not required to accept as true allegations that contradict documents of which the Court may take notice. *Daniels-Hall v. National Educ. Ass'n,* 629 F.3d 992, 998 (9th Cir. 2010).

*Fourth,* to show that a defendant committed a particular act under color of state law, "the challenged conduct must be related in some meaningful way either to the officer's governmental status or to the performance of his duties." *Anderson v. Warner,* 451 F.3d 1063, 1069 (9th Cir. 2006) (internal quotation and citation omitted). A defendant "pursuing his own goals" does not act under color of state law unless he "purports or pretends" to do so. *Huffman v. County of Los Angeles,* 147 F.3d 1054, 1057-58 (9th Cir. 1998). Plaintiff's FAC fails under these standards

**B.    Plaintiff Has Ignored the Holdings of the Court's Tentative Opinion Regarding Pleading Facts Sufficient to Show State Action**

Plaintiff has responded to the Court's explicit rulings expressly rejecting the kind of allegations on which the original Complaint was based by simply alleging more, albeit *much* more, of the same. In the process, however, the Plaintiff has not merely reinforced the Court's original conclusion respecting the merits of this lawsuit. She has demonstrated, by vindictively requiring both Mr. Frey and the Court to endure the experience and expense of hacking through her prolix, rambling, and utterly meritless submission, that she views this Court as nothing but a venue for political and polemical gamesmanship.

In its Tentative Ruling, the Court noted the well known rule of *Ashcroft v. Iqbal,* 556 U.S. 662 that it "need not accept as true legal conclusions merely because they are cast in the form of factual allegations, and that a complaint does not suffice if it tenders naked assertions devoid of further factual enhancement." The Court continues, in explaining the "state action" test under Section 1983 as applied to the Complaint as follows:

> Plaintiff locates the necessary state action for her Section 1983 claim in
> her allegation that Mr. Frey acted under color of state law in his

DEFENDANTS' MOTION TO DISMISS FIRST THROUGH SIXTH CAUSES OF ACTION

BROWN, WHITE & NEWHOUSE^LLP
A T T O R N E Y S

harassment of Plaintiff via his website, blog and Twitter account. Given the *factual* allegations in her Complaint, the Court will not credit that conclusory assertion. Apart from her assertion that Mr. Frey used his blog and Twitter account as a vehicle for his thoughts and opinions during the time he was supposed to be working as a district attorney and using resources made available to him as a district attorney, there is nothing *Mr. Frey did* which in any way suggested he was "pontificating" in his role as a district attorney.

(Tentative Ruling at 6-7.)  Plaintiff has responded to this observation by simply making more—many more, it is true, but simply more—allegations that Mr. Frey harassed her "under color of state law" via his website, blog and Twitter account when, in her view, he should have been working.  (¶¶ 3,4, 9 and 10.)  Plaintiff takes a cue from the Court's observation that, in theory, Mr. Frey's "decisions in this regard conceivably might have violated some conduct-related rule(s) within the District Attorney's office"[3] as a suggestion that her case would be deemed worthy if she alleged, in her amended pleading, that Mr. Frey was admitted to the bar of the State of California and is subject to the legal ethics provisions that govern the profession. (¶ 4.)  Besides failing to allege any actual violation of any ethical provision or rule concerning employees of the Los Angeles County District Attorney's office, however, she also ignores the end of that sentence:  That even if Mr. Frey had committed such a violation, "that does not turn his personal actions into actions under color of state law."  (Tentative Ruling at 7.)

Plaintiff's meritless attempts to plead state action fall into the following categories:

**Mere Conclusory Allegations:**  Undeterred by the Tentative Opinion, Plaintiff

---

[3] This supposition is premised on the Court treating the allegations in the Complaint as true. They are not..

739961.1
773150.1

asserts in *conclusory fashion* multiple times that Mr. Frey was acting in his official

capacity in writing on a political blog.  As the Court has already found, conclusory

allegations are insufficient.

**Conclusory Allegations That Contradict The Documents To Which They**

**Refer:**  In numerous instances Plaintiff deceptively asserts that Mr. Frey wrote posts

in his official capacity even though the posts to which she refers establish the exact

contrary.  For instance:

- Plaintiff alleges that "FREY, acting as a Deputy District Attorney,
  criticized journalist Tommy Christopher for failing to vet PLAINTIFF
  before publishing an article about the Barn Incident and subsequent
  lawsuit . . ." (¶ 45).  But the post – which the Court may consider,
  because Plaintiff has referred to it and incorporated it in the FAC – says
  the exact opposite:  "By the way:  given Naffe's admission that she
  accessed O'Keefe's emails, evidently without his permission, has she
  committed a crime?  I offer no opinion on that, as *this post (like all my
  posts!) is written in my private capacity*, as an exercise of my rights as a
  private citizen under the First Amendment."  (Exhibit R to Frey Decl. at
  93 [emphasis added].)

- Plaintiff complains "FREY has also used his blog to publicly encourage
  O'KEEFE to take certain legal action. For example, on May 27, 2010, in
  a post titled 'Brad Friedman: Press Release Confirming Well-Known
  Fact That O'Keefe Intended to Do Undercover Sting Vindicates Me,
  Somehow (Alternate Post Title: Brad Friedman Is a Huge Liar)." (¶ 28.)
  But in the post itself, Mr. Frey says "I think it is actually known as the
  Invasion of Privacy Act, but don't take my word for it; contrary to
  Friedman's suggestions, I am not a wiretap violations prosecutor but a
  gang murder prosecutor, *speaking in my private capacity* as I always do
  on this blog."  (Exhibit P to Frey Decl. at 88-89 [emphasis added].) On

9

739961.1
773150.1

another occasion, Plaintiff deliberately misrepresents the content of a tweet.  She quotes Mr. Frey's tweet as "You owe [O'KEEFE] @gamesokeefeiii a retraction.  A big one.  You'd better issue it promptly. [A threat made as a Deputy District Attorney.]" (¶ 39.)  The placement of the quotation marks suggests dishonestly that the tweet included the "A threat made as a Deputy District Attorney" language.  In fact, the tweet – which Plaintiff incorporated into the FAC – did *not* include that language.  (Exhibit KK to Frey Decl. at 249.)

***Reliance on the Words of Others:***  Plaintiff continues to rely on her theory that because other bloggers refer to Mr. Frey as a Deputy District Attorney, he must be acting in his official capacity.  (¶ 15.)  But as the Court found, "that *others* might have identified him as a district attorney in their comments . . . is irrelevant for this purpose."  (Tentative Opinion at 7-8.)  Moreover, Plaintiff deliberately misrepresents at least one such instance, again directly contradicting the very document she cites and incorporates into the FAC.  Plaintiff quotes a March 26, 2012 blog post by Mr. Frey's counsel of record, Kenneth White, for the proposition that Mr. White agreed that Mr. Frey's list of questions for journalist Tommy Christopher "were intended to provide O'Keefe with legal advice from the COUNTY to defend PLAINTIFF'S criminal harassment lawsuit."  (¶ 45.)  The post in question – which the Court may consider because Plaintiff has cited and incorporated it – shows that Mr. White actually gave that farcical proposition the contempt it deserves:

> Her other two claims are simply ridiculous.  Naffe released assertions publicly in a clear bid for publicity.  The notion that a blogger who happens to be a lawyer can't comment on her claims without straying into "legal advice" to a party is ludicrous.  Such a wide interpretation of ethical rules would not survive First Amendment scrutiny.  (Exhibit OO to White Decl. at 283.)

Plaintiff's willingness to indulge in such dramatic misrepresentations of the

739961.1
773150.1

BROWN, WHITE & NEWHOUSE LLP
A T T O R N E Y S

posts she cites speaks volumes about the lack of merit of her case.

**Attempts to Retreat From Her Concessions:** As the Court noted in its Tentative Opinion, Plaintiff admits that Mr. Frey's blog has a disclaimer stating that the statements therein are his personal opinions not made in any official capacity. (Tentative Opinion at 7 n.5.) Moreover, Plaintiff has already submitted and relied upon (and therefore admitted the authenticity of) a document showing that Mr. Frey's Twitter account bears a similar explicit disclaimer. (Docket Item 23-3 at 1.) Plaintiff now attempts to retreat from that admission, saying that the disclaimer is "patently unreasonable" and "untrue" and "difficult to find." (¶ 14.) Those arguments do not alter the fact that Plaintiff has admitted that Mr. Frey expressly *disclaims* acting in his official capacity. Her arguments that the disclaimer is unreasonable and untrue are legal conclusions, not facts. Her (false) argument that the disclaimer is difficult to find is irrelevant to the question of whether she has any facts affirmatively showing that Mr. Frey purported or pretended to act in his official capacity.

**Mr. Frey's References To His Job:** Plaintiff cites a large number of posts in which Mr. Frey has mentioned that he is a Deputy District Attorney. (¶ 10.) Because she has cited and incorporated them, the Court may consider them; they are attached as exhibits A – L of Mr. Frey's Declaration.

Plaintiff's citation of these posts shows her fundamental misunderstanding of the issue. The question is not whether Mr. Frey *mentioned* that he is a Deputy District Attorney, or that people correctly perceived him to be one. The question is whether he *purported or pretended to be acting in his official capacity* when he wrote on his political blog. *Huffman*, 147 F.3d at 1057-58. Not one of the cherry-picked quotes Plaintiff offers shows any such purporting or pretending. Not one quote suggests that Mr. Frey has been assigned to write on the blog by his office, or that what he is writing is part of some official task. Rather, they show a blogger writing about criminal justice explaining his relevant experience and how it informs his opinion. Plaintiff can cite no authority for the proposition that by *mentioning and discussing*

DEFENDANTS' MOTION TO DISMISS FIRST THROUGH SIXTH CAUSES OF ACTION

state work experience, a writer becomes a state actor. Plaintiff can cite no authority for that proposition because it is ridiculous. Under Plaintiff's logic, every a teacher writing a "tales from the classroom" blog would be writing as a state actor. Every police officer or fireman with a blog about his or her blog would be writing as a state actor. Every politician writing an op-ed piece in the newspaper would be writing as a state actor. That is not the law; Plaintiff cannot show otherwise.

Indeed, Plaintiff oversteps herself – in her eagerness to embarrass and retaliate against Mr. Frey for having the temerity to question her, she quotes a post in which he used obscene language to describe Ninth Circuit judges who issued a decision about prison overcrowding. (¶ 12.) Plaintiff attempts to characterize this as an "exception" to the rule that Mr. Frey blogs in his official capacity, but merely serves to emphasize that (1) her purpose in his suit is to attack and humiliate, not vindicate any actual right, and (2) a political blog given to "pontifications" is self-evidently not purportedly in any official capacity.

*Mr. Frey's Job Duties*:  Plaintiff makes one weak stab at asserting that Mr. Frey's blogging is related to his job duties, opining "on information and belief that it is common and accepted that members of the District Attorney's Office will speak to the press about their cases, as well as other cases of interest to the office and to the administration of criminal justice, and that Deputy District Attorneys are authorized to speak on behalf of the District Attorney's office on such matters." (¶ 38.) But Plaintiff offers no facts supporting this allegation "on information and belief." Plaintiff offers no facts suggesting that her allegations of a sexual assault in New Jersey  was one of "their cases," or in any way "of interest to the office" or to the office's administration of criminal justice.  Plaintiff offers no *facts* or plausible inferences.

*Mr. Cooley's 2010 Campaign:*  Plaintiff suggests that Mr. Frey must have been blogging under color of state law to support Steve Cooley's run for Attorney General of California. (¶16.)  Plaintiff does not and cannot explain how blogging about

Plaintiff in 2012 could have helped Mr. Cooley's campaign, which the Court may determine based on judicial notice ended when he lost the election in question in November 2010. (Exhibit F to Request for Judicial Notice.) Nor does Plaintiff explain how helping a political campaign would have had anything to do with Mr. Frey's duties as a prosecutor.

**The Timing of Mr. Frey's Writing:** Plaintiff repeatedly argues that Mr. Frey was writing during work hours. Although Mr. Frey disputes this assertion, the Court is required to accept it as true for purposes of this motion. However, as is noted above, the Court already found that this is not sufficient to establish either that the blog posts related to his duties or that he purported or pretended to be writing in his official capacity. (Tentative Ruling at 6-7.) Plaintiff can cite no authority to the contrary.

**Mr. Frey's References to Plaintiff's Use of Mr. O'Keefe's Emails:** Plaintiff suggests that Mr. Frey purported to act as a state actor because he "investigated" her or tried to "get her indicted by either his office or to use his influence as a Deputy District Attorney to get her indicted by the federal government" in connection with her use of James O'Keefe's emails. (¶ 43.) Again, the very posts Plaintiff cites contradict her conclusory allegations. In one of the posts Plaintiff cites and incorporates (¶ 45), Mr. Frey addressed this precise issue: "By the way: given Naffe's admission that she accessed O'Keefe's emails, evidently without his permission, has she committed a crime? I offer no opinion on that, as *this post (like all my posts!) is written in my private capacity*, as an exercise of my rights as a private citizen under the First Amendment." (Exhibit Q to Frey Decl. at 93 [emphasis added].) Similarly, Plaintiff's own allegations show that Mr. Frey inquired about what *federal* statutes might address Plaintiff's misappropriation of Mr. O'Keefe's email. (¶48(f), (g).) Plaintiff cites no *facts* explaining (1) what the District Attorney's Office could have prosecuted her for, (2) how Mr. Frey suggested that the District Attorney's Office would prosecute her, or (3) how Mr. Frey had, or used, any official "influence" over federal prosecutors.

DEFENDANTS' MOTION TO DISMISS FIRST THROUGH SIXTH CAUSES OF ACTION

739961.1
773150.1

1    To Plaintiff, it seems, pleading a cognizable claim is merely a game, and the

2    Court, in its Tentative Ruling, has merely supplied her with a new token or clue

3    which, inserted in the right places, will allow her otherwise moribund pleading to live.

4    Responding to the Court's observation that Plaintiff failed, in response to Mr. Frey's

5    first motion, to "even remotely suggest[] that what she has alleged here amounts to

6    'state action' by Mr. Frey" (Tentative Ruling at 8), Plaintiff takes this as a suggestion

7    to just allege more of it.  Observing the Court's observation that "[i]f a government

8    officer does not act within his scope of employment or under color of state law, then

9    that government officer acts as a private citizen . . . and . . . an 'off-duty' public

10   employee acts under color of state law when he or she 'invoke[s]' his or her public

11   status in the course of a private act" (Tentative Ruling at 8), plaintiff seizes on what

12   she seems to think is the magic word "invokes." She then recasts each instance she

13   alleges of Mr. Frey mentioning that he is a Deputy District Attorney as an

14   "invocation" of official authority and turns his personal hobby into "state action."

15    "Unclear," it seems, is the order of the day with respect to Plaintiff's legal

16   theories and the factual grounds on which she purports to continue litigating in federal

17   court.  It is unclear too why Plaintiff believed it necessary to file an amended

18   complaint that merely repeats, amplifies and, ultimately, unintentionally parodies the

19   deficiencies of the original Complaint.  But there is nothing unclear, it is submitted,

20   about what the Court's disposition of this second effort should be under the standards

21   enunciated in Mr. Frey's first motion to dismiss and the Tentative Ruling.

22   **C.**    **Ms. Naffe Does Not Plead Facts Showing a Deprivation of**

23         **Constitutional Rights**

24   In its Tentative Ruling, the Court noted as follows:

25   Because it does not appear at present that Plaintiff has properly pled the

26   necessary state action for a Section 1983 claim, the Court has no need to

27   address the other element - whether Plaintiff has pled a sufficient

28   Constitutional violation. If the Court were to address that issue, Plaintiff s

BROWN, WHITE & NEWHOUSE<sup>LLP</sup>
A T T O R N E Y S

1   due process claim, at a minimum, appears on first glance to have little

2   chance of surviving the pleadings (though it would not conclusively

3   resolve that issue without analyzing it further).

4   (Tentative Ruling at 11, n. 9). As set forth in Mr. Frey's motion to dismiss the

5   original Complaint, Plaintiff failed to plead facts establishing the deprivation of a right

6   protected by the Constitution of the United States. She still fails in the FAC.

7   Plaintiff's theories of how her rights were violated are (1) that Mr. Frey violated

8   her constitutional rights by exercising his First Amendment rights and (2) that Mr.

9   Frey violated her due process rights by somehow depriving her of the good offices of

10   the Los Angeles District Attorney's office. Specifically, she now claims that Mr. Frey

11   violated her First Amendment rights by "(a) intimidating PLAINTIFF into silence

12   regarding O'KEEFE's wiretapping of Congresswoman Waters and (b) chilling her

13   speech by harassing her into making her blog and Twitter feeds private." (¶73.)

14   Similarly, she asserts that he violated her due process rights by "presenting a public

15   face" of the District Attorney's Office in which she would not get fair treatment,

16   "implying" that in any case she would be prejudged, suggesting that she might be

17   investigated for coming forward with evidence of misconduct, and "creating an

18   atmosphere" in which she feared retaliation. (¶74.) These allegations are insufficient

19   as a matter of law, for the reasons set out in detail in Mr. Frey's first motion.

20   First, Plaintiff undermines her own First Amendment claim by admitting that she

21   repeatedly threatened to report Mr. Frey to the State Bar and to the District Attorney's

22   Office, and that she *did report Mr. O'Keefe to the United States Department of*

23   *Justice.* (¶ 65.) She does not cite any *facts* establishing *how*, given her admitted

24   willingness to report Mr. Frey to the District Attorney's Office and Mr. O'Keefe to the

25   State Bar, she was somehow very selectively chilled from reporting Mr. O'Keefe to

26   the District Attorney's Office. Moreover, for the same reasons discussed in Mr.

27   Frey's original Motion, her due process claim remains cloudy and meritless. She has

28   no right, due process or otherwise, for the District Attorney's Office to take any action

BROWN, WHITE & NEWHOUSE<sup>LLP</sup>
A T T O R N E Y S

against Mr. O'Keefe, and does not explain the source of her imagined right to have her accusations against Mr. O'Keefe accepted.  *Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").  Nor does she explain how or why she came to the conclusion that the District Attorney's Office might prosecute her, how Mr. Frey would have any role or influence on that process whatsoever, or how his criticism of her public accusations against a public figure would have any bearing on that process.

Plaintiff has offered no facts, nor plausible inferences therefrom, showing any deprivation of constitutional rights.  Her Section 1983 claim fails for that additional reason.

### D.   If The Court Does Not Grant Mr. Frey's Renewed Motion to Strike, It Should Also Dismiss Plaintiff's Other Claims

The Second through Sixth Causes of Action of the FAC are the subject of Mr. Frey's concurrently filed Renewed Motion to Strike.  To the extent the Court does not grant that Motion, it should dismiss the claims in question under Rule 12(b)(6), for the reasons stated in that Motion.

### E.   The Court Should Dismiss Without Further Leave To Amend

Dismissal without leave to amend is appropriate when the deficiencies in a complaint cannot be cured by amendment.  *Cato v. United States,* 70 F.3d 1103 (9th Cir.1995).  The FAC demonstrates Plaintiff is unable to state a claim, and further amendments would be futile.  The Court should not grant additional leave to amend.

## IV.   CONCLUSION

Based on the foregoing, this Court should dismiss the First Cause of Action without leave to amend.  If the Court does not grant Defendant's concurrently filed Anti-SLAPP Motion, the Court should also dismiss the Second through Sixth Causes of Action without leave to amend.

//

DEFENDANTS' MOTION TO DISMISS FIRST THROUGH SIXTH CAUSES OF ACTION

BROWN, WHITE & NEWHOUSE™
A T T O R N E Y S

1

2    DATED:  January 11, 2013              Respectfully submitted,

3                                         GOETZ FITZPATRICK LLP LLP

4                                         By    s/Ronald D. Coleman

5                                                   RONALD D. COLEMAN

6                                               Attorneys for Defendants
                                               JOHN PATRICK FREY AND
7                                                   CHRISTI FREY

8

9    DATED:  January 11, 2013              Respectfully submitted,

10                                         BROWN WHITE & NEWHOUSE LLP

11                                         By    s/Kenneth P. White

12                                                  KENNETH P. WHITE

13                                              Attorneys for Defendants
                                               JOHN PATRICK FREY AND
14                                                  CHRISTI FREY

15

16

17

18

19

20

21

22

23

24

25

26

27

28

17

739961.1
773150.1