GOETZ FITZPATRICK LLP
RONALD D. COLEMAN
rcoleman@goetzfitz.com
One Penn Plaza, Suite 4401
New York, NY 10119
Telephone: 212.695.8100
Facsimile: 212.629.4013

Counsel for Defendant
JOHN PATRICK FREY

BROWN WHITE & NEWHOUSE LLP
KENNETH P. WHITE (Bar No. 238052)
kwhite@brownwhitelaw.com
333 South Hope Street, 40th Floor
Los Angeles, CA 90071-1406
Telephone: 213. 613.0500
Facsimile: 213.613.0550

Local Counsel for Defendant
JOHN PATRICK FREY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NADIA NAFFE, an individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOHN PATRICK FREY, an individual, and the COUNTY OF LOS ANGELES, a municipal entity,<br><br>　　　　　Defendants. | Case No.: CV12-08443-GW (MRWx)<br><br>Judge:　Hon. George H. Wu<br><br>**DEFENDANT JOHN PATRICK FREY'S NOTICE OF MOTION AND MOTION TO DISMISS SECOND THROUGH SEVENTH CAUSES OF ACTION OF THE FIRST AMEND COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)**<br><br>Hearing Date:　February 14, 2013<br>Time:　　　　　8:30 a.m.<br>Courtroom:　　10<br><br>Complaint Filed: October 2, 2012 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 14, 2013, at 8:30 a.m. in Courtroom 10 in the United States Courthouse located at 312 N. Spring Street, Los Angeles, California 90012, the Honorable George H. Wu presiding, Defendant John Patrick Frey ("Defendant" or "Mr. Frey") will move for an order pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss the Second Through Seventh Causes of Action of the First Amended Complaint on the following grounds:

1. For the reasons set forth in Mr. Frey's concurrently filed Motion To Dismiss First Cause of Action of First Amended Complaint Pursuant to FRCP 12(b)(6), the First Cause of Action must be dismissed, leaving the Court without subject matter jurisdiction, and

2. The Court has stated that it will not exercise supplemental jurisdiction over the state causes of action regardless of federal question jurisdiction, and

3. There is no diversity jurisdiction, because Plaintiff cannot establish the existence of damages in excess of $75,000.

This Motion is based on this Notice of Motion and attached Memorandum of Points and Authorities, the concurrently filed motions by Mr. Frey, all matters of which the Court may take judicial notice, all pleadings and papers on file in this action and other such matters and arguments as may be presented to this Court in connection with this Motion.

This Motion is made following the telephonic conference of counsel which took place on December 31, 2012.

DATED: January 11, 2013

Respectfully submitted,
GOETZ FITZPATRICK LLP LLP

By   *s/Ronald D. Coleman*
RONALD D. COLEMAN
Counsel for Defendants
JOHN PATRICK FREY AND
CHRISTI FREY

1

2  DATED:  January 11, 2013        Respectfully submitted,
3                                  BROWN WHITE & NEWHOUSE LLP
4
                                   By   *s/Kenneth P. White*
5                                       KENNETH P. WHITE
                                        Local Counsel for Defendants
6                                       JOHN PATRICK FREY AND
                                        CHRISTI FREY
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Article I.   In its tentative ruling on Mr. Frey's Motion to Dismiss Plaintiff's original complaint, this Court *sua sponte* questioned whether it had subject matter jurisdiction over Plaintiff Nadia Naffe's ("Plaintiff") claims. (Tentative Ruling at 3 – 5, 11.) The Court indicated that (1) Plaintiff's state law causes of action predominate over her single federal cause of action, such that the Court will decline to exercise jurisdiction over them under 28 U.S.C. § 1367(c)(2) even if Plaintiff's sole federal claim survives; (2) if Plaintiff's federal claim does not survive, the Court will decline to exercise jurisdiction over the state claims under 28 U.S.C. § 1367(c)(3); and (3) there appeared to be a question of whether Plaintiff's allegations suffice to establish the $75,000 in damages necessary to sustain diversity jurisdiction under 28 USC § 1332(a).

Nothing that Plaintiff has added in the First Amended Complaint ("FAC") should change the Court's analysis. The state law claims still predominate over Plaintiff's sole frivolous federal claim. Moreover, though Plaintiff has "supplemented" her allegations with conclusory and cumulative assertions that she has suffered more than $75,000 in damages, both the allegations in the FAC and evidence supplied in this motion demonstrate that Plaintiff cannot demonstrate the existence of damages to meet the jurisdictional threshold. The Court should therefore dismiss the state causes of action – the Second through Seventh Causes of Action – for lack of subject matter jurisdiction, to the extent they survive Mr. Frey's Renewed Motion to Strike.

## II. RELEVANT FACTS

Mr. Frey has extensively summarized the relevant facts in his original Motion to Dismiss and Motion to Strike and in his concurrently filed Motion to Dismiss and Renewed Motion to Strike, and will not consume the Court's time or space with another repetition here. Relevant facts are cited in the argument below.

### III. THE COURT MAY DISMISS STATE CLAIMS FOR LACK OF DIVERSITY JURISDICTION WHEN A PLAINTIFF CANNOT ESTABLISH DAMAGES EXCEEDING THE JURISDICTIONAL THRESHOLD

There are three jurisdictional doctrines relevant to this motion. **First,** the Court may decline to extend supplemental jurisdiction over a state claim accompanying a federal claim when the "claim substantially predominates over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. 1367(a)(2). This Court has already determined that Plaintiff's state claims predominate over her sole federal claim, and that it would decline to exercise supplemental jurisdiction over them even if the federal claim survives. (Tentative Ruling at 4-5, n3., 11.)

**Second,** if the Court "has dismissed all claims over which it has original jurisdiction," it may decline to exercise supplemental jurisdiction over the remaining state claims. 28 U.S.C. 1367(a)(2). This Court has already determined that it would decline to exercise supplemental jurisdiction over Plaintiff's state claims if it dismisses her sole federal claim. (Tentative Ruling at 11.)

**Third**, a Court need not accept a Plaintiff's bare allegation of damages exceeding the jurisdictional threshold for diversity jurisdiction, and may inquire into the adequacy of evidence. Upon challenge by a defendant or the Court, the Plaintiff has the burden to prove, by preponderance of the evidence, facts in support of a quantum of damages that would satisfy the jurisdictional threshold. *Gaus v. Miles, Inc.* 980 F.2d 564, 567 (9th Cir. 1992), citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936). If Plaintiff fails to carry that burden, the Court may dismiss for lack of diversity jurisdiction. *PhotoThera, Inc. v. Oron,* 2007 WL 4259181, *8-9 (S.D. Cal. 2007) (finding damages allegations insufficient to establish amount in controversy for diversity jurisdiction); *Unimax Exp., Inc. v. Evergreen Shipping Agency,* 2012 WL 1884558, (C.D. Cal. 2012) (granting motion to dismiss

under Rule 12(b)(1) where defendant's extrinsic evidence showed that damages were less than $75,000).

A defendant may rely on extrinsic evidence in support of a Rule 12(b)(1) motion challenging subject matter jurisdiction. *Warren v. Fox Family Worldwide, Inc.* 328 F.3d 1136, 1141 n.5 (9th Cir. 2003); *accord*, *Unimax Exp., supra,* 2012 WL 1884558 (considering extrinsic evidence in finding that plaintiff failed to establish damages over jurisdictional threshold).

## IV. PLAINTIFF CANNOT ESTABLISH FACTS EXCEEDING THE JURISDICTIONAL THRESHOLD

Plaintiff alleges "harm to PLAINTIFF's reputation, emotional distress, expense related to medical treatment concerning health issues, including but not limited to bleeding ulcers suffered as a result of stress and trauma caused by defendants, expense incurred in defense and repair of her credit, lost earnings, and other pecuniary loss." FAC at ¶ 79, 83, 87, 90, 94, 102.  She claims these damages amount to more than $75,000.  Even if she could establish liability – and for the reasons stated in Mr. Frey's concurrently filed motions, she cannot – she will not be able to prove damages exceeding the jurisdictional threshold by a preponderance of the evidence, as demonstrated below.  Therefore, to the extent the Second through Seventh Causes of Action survive Mr. Frey's Renewed Motion to Strike, the Court should dismiss them for lack of diversity jurisdiction.

### A. Plaintiff Cannot Establish Emotional Distress Damages Exceeding $75,000

In its tentative ruling, the Court *sua sponte* questioned whether the damages Plaintiff cited in her original complaint were sufficient to meet the jurisdictional threshold for diversity jurisdiction. (Tentative Order at 3-4.)  In raising the issue, the Court cited federal cases that stand for the proposition that trivial injuries arising from personal, i.e., emotional, offense are not sufficient to meet the jurisdictional threshold. *Christensen v. Nw. Airlines, Inc.*, 633 F.2d 529, 530-31 (9th Cir. 1980) (discourteous

1  and rude conduct of airline staff could not create damages satisfying jurisdictional
2  threshold); *Diefenthal v. C. A. B.*, 681 F.2d 1039, 1052 (5th Cir. 1982) (stewardess
3  allegedly causing "humiliation" was insufficient to meet jurisdictional threshold);
4  *PhotoThera, Inc. v. Oron*, 07CV490, 2007 WL 4259181 (S.D. Cal. Dec. 4, 2007).
5  Many other federal courts have reached the same conclusion.  See, e.g., *Popescu v.*
6  *Jack Lalanne Fitness Centers*, 983 F.2d 1077 (9th Cir. 1992) (alleged emotional
7  distress from encounter with health club employees and agents insufficient to exceed
8  jurisdictional threshold);  *Peter SZANTO, Plaintiff, v. British AIRWAYS, et al.,*
9  *Defendant.*, 99-CV-1508-J, 2000 *Szanto v. British Airways,* WL 34017115 (S.D. Cal.
10 Mar. 2000) (detention that damaged plaintiff "in body, mind and spirit" insufficient to
11 satisfy jurisdictional threshold);  *Thornton v. Vonage Tel. Services, Inc.*, 2011 WL
12 768062 (N.D. Ohio 2011) (claims based on anger, upset, and hurt feelings not enough
13 to satisfy jurisdictional requirement).

14   The Court's query is entirely germane to the facts here, especially considering
15 how a jury would evaluate Plaintiff's subjective damages claim here.  It is Plaintiff
16 herself who decided to take on so-called "media mogul" Andrew Breitbart and by
17 blogging about her claims against James O'Keefe to "correct misperceptions."  FAC
18 at ¶36.  Indeed, Mr. Frey's first few posts about Plaintiff's claims didn't even
19 question, much less "harass," Plaintiff – rather, they were about media coverage of her
20 claims, which Mr. Frey argued diverged from facts ascertainable from sworn
21 testimony she gave in the probable cause hearing on her harassment complaint against
22 James O'Keefe.  Frey Decl. at ¶¶ 11-15 , Exhibits Y, Z, AA to Frey Decl.  Only later
23 did Mr. Frey directly question Plaintiff's veracity directly.  Frey Decl. at ¶ 16-26,
24 Exhibits Q, BB, CC to Frey Decl.

25   Plaintiff's emotional damages claim must be considered in the context of the
26 premise of this lawsuit, which is that Plaintiff is free to deliberately make public and
27 notorious allegations against a public figure, but is (she claims) immune from having
28 those allegations discussed critically, questioned or tested.  Evidently she also deems

herself immune from criticism for her own public utterances and behavior. And how "sensitive" is the Plaintiff to such offense? One revealing example is the fact that on the day Andrew Breitbart died of an apparent heart attack, Plaintiff saw fit to publicly utter a heart attack joke about him to all her Twitter followers. Yet she pretends great offense that Mr. Frey referred to that conduct as "callous and self-absorbed" -- and even claims to believe she is entitled to compensation for it. FAC at ¶¶ 42, 81; Frey Decl. at ¶ 16. The cases cited above teach that even allegations of plausible offense cannot justify, on a motion under Rule 12(b)(1), a finding that a plaintiff has pleaded damages exceeding the jurisdictional threshold. It hardly needs to be said that patently cynical claims of hurt feelings, such as those of the Plaintiff here, are worth even less.

Indeed, Plaintiff's own words are the best measure of the fact that her purported emotional injuries are insufficient to justify damages exceeding the threshold. Plaintiff sneered "Perhaps, it's best to ignore Patterico & move on. There is no common ground. I have much larger fish to fry." Frey Decl. at ¶ 39(g). Far from shrinking like the victim of Mr. Frey's criticism she now claims to be, Plaintiff then engaged in a series of vituperative threats against him and encouraged others to "report him" to his employer for the offense of commenting about a public issue that put her in a bad light, all in an effort to silence him. Frey Decl. at ¶ 39 (a)-(g), Exhibit NN to Frey Decl.

Moreover, while her claim is that she was cowed by Mr. Frey's criticism or that she had to discontinue her blog because of it, Plaintiff in fact continued to blog openly and defiantly:

> Patrick Frey may have believed that posting my Social Security Number and medical records online to his blog, in retaliation, would intimidate and stop me from telling the truth about O'keefe [sic], chill my First Amendment right and dissuade me from

coming forward to report a crime committed in his jurisdiction. Though, what he has accomplished is precisely the opposite. These two civil servants, both deputy district attorney's [sic] in Los Angles [sic] County, in the past were able to bully and harass private individuals, with impunity. But their patent on intimidation and retribution expired when they came to me. The Frey's [sic] are the poster children for the type of rampant corruption Carmen Trutanich, Alan Jackson and Danette Myers [sic] have each spoken out against.  (Exhibit LL at 268-269.)

In the same post, and in Twitter messages sent during the same time period, Plaintiff gleefully bragged of her intention to use – i.e., to abuse – the discovery process in this case to probe, not matters related to her alleged damages, but (1) how Mr. Frey and his wife afforded their house; (2) an unrelated incident in which Mr. Frey was the victim of a false police report; and (3) the identity of an unrelated anonymous blogger.  Frey Decl. at ¶¶ 37 - 38; Exhibits LL, MM to Frey Decl. Plaintiff's game-like approach to federal litigation is shamelessly evident in the FAC itself, bristling as it does with vituperation about people whose political views differ from hers.  *See*, e.g., FAC at ¶ 58 ("Moreover, FREY published his blog to the delight of a bunch of sycophantic follows who [*sic*] he calls 'The Jury.'  The Jury consists of hardcore conservatives who spend a good deal of their life reading far right conservative blogs, like 'Patterico's Pontifications' and frequently comment about topics that FREY blogs about.")

These tweets, this post and the very words of her FAC all demonstrate nothing but a sham attempt to elevate embarrassment over being bested in public debate into a spurious claim of emotional damages exceeding the jurisdictional threshold.  The Court should not accept that Plaintiff's pique is a valid ground to waste the time of a federal court.  Mr. Frey submits that, based on all the foregoing, Plaintiff will not be

able to present evidence supporting emotional distress damages exceeding $75,000 by a preponderance of the evidence.

### B. Plaintiff Cannot Establish Identity Theft Damages Exceeding The Jurisdictional Threshhold

Plaintiff asserts that her identity has been stolen as a result of Mr. Frey publishing a deposition transcript containing her Social Security number. Plaintiff makes that allegation even though the transcript was in the public record on PACER for nearly seven years before Mr. Frey re-published it for a very brief time on his blog. Frey Decl. at ¶ 2-25, Exhibits DD, EE, FF, GG to Frey Decl. Regardless of its legal merits – which Mr. Frey has demonstrated in his other motions are non-existent – Plaintiff will not be able to spin that supposed injury into more than $75,000 in damages either.

It is not plausible to that Plaintiff could demonstrate that the cost of "defense and repair" of her credit was anything close to $75,000. Nor does is there any legal basis on which she could be held responsible if her Social Security number is abused. The Fair Credit Billing Act, 16 U.S.C. § 1601 *et seq.*, limits liability for fraudulent use of credit cards to $50. The Electronic Fund Transfer Act, 15 U.S.C. § 1693, provides similar protections for electronic transfers from her accounts. Plaintiff does not, and cannot, explain what costs other than the trivial expense of credit monitoring she has incurred as a result of identity theft that has already occurred, only speculating about what such future costs might be. But speculation about possible future harm resulting from possible identity theft is not cognizable harm. *Ruiz v. GAP, Inc.*, 622 F.Supp.2d 908, 913-914 (N.D. Cal. 2009) (finding that risk of loss from future identity theft is not sufficient to state damages for negligence cause of action for disclosure of Social Security Number).

For these reasons, even if, contrary to the arguments in Mr. Frey's Renewed Motion to Strike, Plaintiff could demonstrate that Mr. Frey were liable for a third person's identity theft resulting from Mr. Frey's brief re-publication of an already

1  public document, she cannot show damages exceeding the jurisdictional threshold by
2  a preponderance of the evidence.  And Plaintiff's other claimed items of damages,
3  such as lost earnings and damage to reputation, are presented in solely conclusory
4  form, absent any allegation of facts from which the Court could credit them.  She will
5  not be able to prove those harms by a preponderance of the evidence, either.

## V.   CONCLUSION

Based on the foregoing, in the event Plaintiff's Second through Seventh causes of action survive Mr. Frey's Renewed Motion to Strike, this Court should dismiss them for lack of diversity jurisdiction, in light of the Court's previously expressed decision to decline to exercise jurisdiction over them under 28 U.S.C. § 1367(c)(2).

DATED:  January 11, 2013        Respectfully submitted,
                                GOETZ FITZPATRICK LLP LLP


                            By   *s/Ronald D. Coleman*
                                  RONALD D. COLEMAN
                                  Attorneys for Defendant
                                  JOHN PATRICK FREY


DATED:  January 11, 2013        Respectfully submitted,
                                BROWN WHITE & NEWHOUSE LLP


                            By   *s/Kenneth P. White*
                                  KENNETH P. WHITE
                                  Attorneys for Defendant
                                  JOHN PATRICK FREY