| | |
|---|---|
| 1 | GOETZ FITZPATRICK LLP |
|   | RONALD D. COLEMAN |
| 2 | rcoleman@goetzfitz.com |
|   | One Penn Plaza, Suite 4401 |
| 3 | New York, NY  10119 |
|   | Telephone:  212.695.8100 |
| 4 | Facsimile:  212.629.4013 |
| 5 | Counsel for Defendant |
|   | JOHN PATRICK FREY |
| 6 | |
| 7 | BROWN WHITE & NEWHOUSE LLP |
|   | KENNETH P. WHITE (Bar No. 238052) |
| 8 | kwhite@brownwhitelaw.com |
|   | 333 South Hope Street, 40th Floor |
| 9 | Los Angeles, CA  90071-1406 |
|   | Telephone:  213. 613.0500 |
| 10 | Facsimile:   213.613.0550 |
| 11 | Local Counsel for Defendant |
|    | JOHN PATRICK FREY |
| 12 | |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| NADIA NAFFE, an individual, | Case No.: CV12-08443-GW (MRWx) |
|---|---|
| Plaintiff, | Judge:  Hon. George H. Wu |
| v. | |
| JOHN PATRICK FREY, an individual, and the COUNTY OF LOS ANGELES, a municipal entity, | **DEFENDANTS JOHN PATRICK FREY'S NOTICE OF MOTION AND MOTION FOR A SECURITY UNDERTAKING PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE 1030** |
| Defendants. | |
| | Hearing Date:  February 14, 2013 |
| | Time:  8:30 a.m. |
| | Courtroom:  10 |
| | Complaint Filed:  October 2, 2012 |

DEFENDANT'S MOTION FOR SECURITY UNDERTAKING

773221.1

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 14, 2013, at 8:30 a.m. in Courtroom 10 in the United States Courthouse located at 312 N. Spring Street, Los Angeles, California 90012, the Honorable George H. Wu presiding, Defendant John Patrick Frey and Christi Frey will move for an order requiring Plaintiff Nadia Naffe to post a security undertaking pursuant to California Code of Civil Procedure 1030 on the following grounds:

1. Plaintiff Nadia Naffe resides outside of the State of California, and

2. Defendant John Patrick Frey has a reasonable probability of prevailing in the case.

This Motion is based on this Notice of Motion and attached Memorandum of Points and Authorities, the concurrently filed Declarations of John Patrick Frey and Kenneth P. White and exhibits thereto, the Request for Judicial Notice and exhibits thereto, all pleadings and papers on file in this action, all matters of which the Court may take judicial notice, and other such matters and arguments as may be presented to this Court in connection with this Motion.

DATED: January 11, 2013          Respectfully submitted,

                                            GOETZ FITZPATRICK LLP LLP

                                            By    _s/Ronald D. Coleman_
                                                   RONALD D. COLEMAN
                                                    Counsel for Defendant
                                                  JOHN PATRICK FREY

DATED: January 11, 2013          Respectfully submitted,
                                            BROWN WHITE & NEWHOUSE LLP

                                            By    _s/Kenneth P. White_
                                                   KENNETH P. WHITE
                                                Local Counsel for Defendant
                                                JOHN PATRICK FREY

# TABLE OF CONTENTS

Page

I. INTRODUCTION ...................................................................................................1

II. SUMMARY OF RELEVANT FACTS .................................................................1

III. LEGAL STANDARD FOR REQUIRING AN UNDERTAKING............................1

IV. THE COURT SHOULD REQUIRE AN UNDERTAKING BECAUSE MR. FREY HAS A "REASONABLE POSSIBILITY" OF PREVAILING .....................3

    A. Mr. Frey Will Prevail On The Section 1983 Claim.........................................3

    B. Mr. Frey Will Prevail On Plaintiff's Public Disclosure Invasion of Privacy Claim ......................................................................................................5

    C. Mr. Frey Will Prevail On Plaintiff's False Light Invasion of Privacy and Defamation Claims ..........................................................................................6

    D. Mr. Frey Will Prevail On Plaintiff's Intentional Infliction of Emotional Distress Claim..................................................................................................9

    E. Mr. Frey Will Prevail on Plaintiff's Negligence Claim..................................9

V. THE COURT SHOULD REQUIRE PLAINTIFF TO POST A $75,000 UNDERTAKING ..................................................................................................10

VI. CONCLUSION....................................................................................................12

## TABLE OF AUTHORITIES

Page

### Cases

*Alshafie v. Lallande*,
    89 Cal.Rptr.3d 788 (2009) ..................................................................................2

*Anderson v. Warner*,
    451 F.3d 1063 (9th Cir. 2006) ............................................................................4

*Beilenson v. Superior Court*,
    44 Cal.App.4th 944 (1996) .................................................................................7

*Cannon v. City of Petaluma*,
    2011 WL 3267714 (N.D. Cal. 2011) ...............................................................7, 8

*Chaker v. Mateo*,
    209 Cal.App.4th 1138 (2012) .............................................................................7

*Crusader Ins. Co. v. Scottsdale Ins. Co.*,
    62 Cal. Rptr. 2d 620 (Cal. Ct. App. 1997) .......................................................10

*Flores v. Von Kleist*,
    739 F.Supp.2d 1236 (2010) ................................................................................7

*Gabriel Technologies Corp. v. Qualcomm Inc.*,
    2010 WL 3718848 (S.D. Cal. 2010) ...............................................................2, 3

*Hiraide v. Vast systems Technology Corp.*,
    2009 WL 2390352 (N.D. Cal. 2009) ..................................................................2

*Information Control v. Genesis One Computer Corp.*,
    611 F.2d 781 (9th Cir.1980) ...............................................................................7

*Linda R.S. v. Richard D.*,
    410 U.S. 614 (1973) ............................................................................................5

*Manufactured Home Communities, Inc. v. County of San Diego*,
    655 F.3d 1171 (9th Cir. 2011) ..........................................................................11

*Milkovich v. Lorain Journal Co.*,
    497 U.S. 1 (1990) ................................................................................................7

*Moreno v. Hanford Sentinel, Inc.*,
    172 Cal.App.4th 1125 (2009) .............................................................................6

*Nicosia v. De Rooy*,
    72 F.Supp.2d 1093 (N.D. Cal. 1999) ..................................................................7

*Pittman v. Avish Partnership* )
    2011 WL 9160942, * 1 (C.D. Cal. 2011) .......................................................2, 3

*Reader's Digest Assn. v. Superior Court*,
    37 Cal. 3d 244 (1984) .........................................................................................8

*Rosenaur v. Scherer*,
    88 Cal.App.4th 260 (2001) ...............................................................................11

## TABLE OF AUTHORITIES

Page

*Snyder v. Phelps*,
   131 S.Ct. 1207 (2011) ................................................................................................ 9

*Vikco Ins. Servs., Inc. v. Ohio Indem. Co.*,
   82 Cal. Rptr. 2d 442 (Cal. Ct. App. 1999) ............................................................... 10

*West v. Atkins*,
   487 U.S. 42 (1988) ..................................................................................................... 3

*Yao v. Superior Court,*
   104 Cal.App. 4th 327 (2002) ..................................................................................... 2

### Statutes

28 U.S.C. § 1920 ............................................................................................................ 11

Cal. Civ. Code § 1798.85 ................................................................................................. 9

Code Civ. Proc. § 425.16, subd. (c) ............................................................................... 11

### Other Authorities

Assembly Comm. Hearing,
   S.B. 168 (Cal. June 18, 2001) .................................................................................. 10

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Nadia Naffe ("Plaintiff") has filed a patently frivolous First Amended Complaint ("FAC") against Defendant John Patrick Frey ("Mr. Frey"). Mr. Frey expects to prevail, expects to secure a judgment for costs, and may secure attorney fees under his concurrently filed Motion to Strike under California's Anti-SLAPP statute. However, Plaintiff is a resident of Massachusetts. How is Mr. Frey to recover his costs and fees?

Fortunately California law and federal precedent provide an answer: Mr. Frey is entitled to a security undertaking ordered by this Court. Mr. Frey hereby respectfully requests that the Court order Plaintiff to post an undertaking in the amount of $75,000 pursuant to California Code of Civil Procedure § 1030, which this Court applies to cases before it. Mr. Frey satisfies the requirements of that statute: Plaintiff is a resident of another state, and Mr. Frey can easily clear the very low hurdle of showing a "reasonable possibility" of prevailing in the case. The Court should require Plaintiff to post the bond to make ensure that Mr. Frey can recover costs and fees when he prevails, to the extent the FAC survives Mr. Frey's concurrently filed Motions to Dismiss and Renewed Motion to Strike.

## II. SUMMARY OF RELEVANT FACTS

Mr. Frey has extensively summarized the relevant facts in his original Motion to Dismiss and Motion to Strike and in his concurrently filed Motion to Dismiss and Renewed Motion to Strike, and will not consume the Court's time or space with another repetition here. Relevant facts are cited in the argument below.

## III. LEGAL STANDARD FOR REQUIRING AN UNDERTAKING

California Code of Civil Procedure Section 1030 permits a defendant to seek an order requiring an out-of-state plaintiff to post an undertaking to cover costs and recoverable fees. Section 1030 provides, in relevant part, as follows:

Case 2:12-cv-08443-GW-MRW   Document 36   Filed 01/11/13   Page 7 of 17   Page ID #:485

(a)  When the plaintiff in an action or special proceeding resides out of the state, or is a foreign corporation, the defendant may at any time apply to the court by noticed motion for an order requiring the plaintiff to file an undertaking to secure an award of costs and attorney's fees which may be awarded in the action or special proceeding. For the purposes of this Section, "attorney's fees" means reasonable attorney's fees a party may be authorized to recover by a statute apart from this Section or by contract. (b)The motion shall be made on the grounds that the plaintiff resides out of the state or is a foreign corporation and that there is a reasonable possibility that the moving defendant will obtain judgment in the action or special proceeding. The motion shall be accompanied by an affidavit in support of the grounds for the motion and by a memorandum of points and authorities. The affidavit shall set forth the nature and amount of the costs and attorney's fees the defendant has incurred and expects to incur by the conclusion of the action or special proceeding.

"The purpose of [Section 1030] is to [1] enable a California resident sued by an out-of-state resident to secure costs in light of the difficulty of enforcing a judgment for costs against a person who is not within the court's jurisdiction ... [and][2] prevent out-of-state residents from filing frivolous lawsuits against California residents." *Pittman v. Avish Partnership* ) 2011 WL 9160942, * 1 (C.D. Cal. 2011), *quoting Alshafie v. Lallande,* 89 Cal.Rptr.3d 788, 794 (2009) and *Yao v. Superior Court,* 104 Cal.App. 4th 327, 331 (2002).  Federal courts in California apply Section 1030 to cases before them as part of their inherent authority to require security for costs. *Pittman, supra*, 2011 WL 9160942 at * 1 (granting Section 1030 motion in case asserting violations of Americans With Disabilities Act); *Hiraide v. Vast systems Technology Corp.,* 2009 WL 2390352, *14 (N.D. Cal. 2009) (granting in part Section 1030 motion in breach of contract and slander case); *Gabriel Technologies Corp. v. Qualcomm Inc.,* 2010 WL 3718848 (S.D. Cal. 2010) (granting in part Section 1030 motion).

2
DEFENDANT'S MOTION FOR SECURITY UNDERTAKING

773221.1

A defendant seeking a bond under Section 1030 must demonstrate that (1) the plaintiff is an out-of-state resident and (2) the defendant has a "reasonable possibility" of prevailing. *Pittman, supra*, 2011 WL 9160942 at * 2. Because of the statute's prophylactic purpose, under the second prong Mr. Frey need not show that he *will* prevail, but that there is a reasonable *possibility* that he will prevail. *Id.*, *citing Gabriel Technologies Corp.,* 2010 WL 3718848 at *5 ("Defendants must produce sufficient evidence to demonstrate they have a "reasonable possibility" of defeating each of Plaintiffs' claims, but no more.)

## IV. THE COURT SHOULD REQUIRE AN UNDERTAKING BECAUSE MR. FREY HAS A "REASONABLE POSSIBILITY" OF PREVAILING

Plaintiff concedes that she is a resident and domicile of Massachusetts. (FAC at ¶ 3.) This leaves Mr. Frey only to show that he has a "reasonable possibility" of prevailing on her claims. This he can do quite easily.

### A. Mr. Frey Will Prevail On The Section 1983 Claim

As this Court has already noted, for Plaintiff to prevail on her Section 1983 claim against Mr. Frey, she must prove that (1) a right under the Constitution of the United States was violated, and (2) Mr. Frey violated that right acting under "color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988). The Court previously dismissed the original complaint because its allegations were insufficient, as a matter of law, to state that Mr. Frey's activities were under color of state law. Even if the conclusory allegations of Plaintiff's new complaint were sufficient to survive Mr. Frey's new Motion to Dismiss – and they are not – Plaintiff will not be able to produce sufficient admissible *evidence* at trial or on summary judgment to show that Mr. Frey was blogging about politics under color of state law.

As the Court acknowledged in the Tentative Ruling, Plaintiff has admitted that Mr. Frey's blog contains an express disclaimer that he is blogging in his private capacity. She has submitted evidence showing that his Twitter profile has a disclaimer stating, "All statements are made in my private capacity and not on behalf of my

employer." (Docket Item 20-3 at 1.) *Even in the posts Plaintiff complains about in the FAC,* Mr. Frey specifically stated that he was acting in his private capacity.[1] Moreover, Mr. Frey has now submitted *additional* posts showing *other* occasions on which he has repeatedly emphasized that he blogs in his personal capacity. Exhibits T - X. Moreover, he has offered his own testimony that he blogs in his own capacity and that his blogging is not supervised, approved, or assigned by anyone with the government. Frey Decl. at ¶ 5. Based on all this, as well as the Court's initial determinations set forth in its Tentative Ruling, Plaintiff will not be able to show that Mr. Frey's political blogging "related in some meaningful way either to the officer's governmental status or to the performance of his duties." *Anderson v. Warner*, 451 F.3d 1063, 1069 (9th Cir. 2006). Nor, in light of this evidence, will Plaintiff be able to offer evidence that he *purported* to do so. Plaintiff has only conclusory statements of law and utter fatuities – like her suggestion that Mr. Frey's blogging about Plaintiff *in 2012* was somehow designed to promote Steve Cooley's *2010* gubernatorial candidacy. FAC at ¶ 16; Exhibit F to Request for Judicial Notice.

Additionally, Plaintiff will not be able to show that Mr. Frey violated her rights under the United States Constitution. Plaintiff asserts that Mr. Frey's blogging about her chilled her from reporting James O'Keefe to authorities and chilled her into making her blog and her twitter feed private. But Mr. Frey has produced competent evidence, which Plaintiff will not be able to rebut, showing that in May 2012 – months after the

---

[1] *Compare* FAC at ¶ 45 *with* Exhibit Q at 93 ("By the way: given Naffe's admission that she accessed O'Keefe's emails, evidently without his permission, has she committed a crime? I offer no opinion on that, as this post (like all my posts!) is written in my private capacity, as an exercise of my rights as a private citizen under the First Amendment."); FAC at ¶ 28 *with* Exhibit P at 88-89) ("I think it is actually known as the Invasion of Privacy Act, but don't take my word for it; contrary to Friedman's suggestions, I am not a wiretap violations prosecutor but a gang murder prosecutor, speaking in my private capacity as I always do on this blog."). Plaintiff cites a wealth of posts in which Mr. Frey – who writes about criminal justice issues – *mentions* that he is a Deputy District Attorney, but in none of those does Mr. Frey *purport that he is acting in his official capacity* by writing on a blog about political and legal topics. (Exhibits A-L.)

4
DEFENDANT'S MOTION FOR SECURITY UNDERTAKING

773221.1

blog posts in question – Plaintiff was *still blogging openly*, and was proudly proclaiming that she would not be "chilled":

> Patrick Frey may have believed that posting my Social Security Number and medical records online to his blog, in retaliation, would intimidate and stop me from telling the truth about O'keefe [sic], chill my First Amendment right and dissuade me from coming forward to report a crime committed in his jurisdiction. Though, what he has accomplished is precisely the opposite.
>
> These two civil servants, both deputy district attorney's [sic] in Los Angles [sic] County, in the past were able to bully and harass private individuals, with impunity. But their patent on intimidation and retribution expired when they came to me. The Frey's [sic] are the poster children for the type of rampant corruption Carmen Trutanich, Alan Jackson and Danette Myers [sic] have each spoken out against. (Exhibit LL at 268-269.)

The same defiant statement shows that Plaintiff will not be able to establish any due process violation, even if she had some due process right to have the Los Angeles County District Attorney's Office regard her report about Mr. O'Keefe in any particular way, which she does not. *Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

In short, Mr. Frey does not merely have a "reasonable possibility" of prevailing on Plaintiff's Section 1983 claim, which is all that is required under Section 1030. Rather, he is overwhelmingly likely to prevail both on the law and the facts.

### B. Mr. Frey Will Prevail On Plaintiff's Public Disclosure Invasion of Privacy Claim

Mr. Frey has also shown a reasonable possibility of prevailing on Plaintiff's Second Cause of Action for Public Disclosure Invasion of Privacy. As set forth in both Mr. Frey's original Motion to Strike and his Renewed Motion to Strike, Plaintiff cannot

prevail on her claim.

Plaintiff claims that Mr. Frey's publication of the transcripts of her deposition in her lawsuit against the Republican Party of Florida constituted a public disclosure of private facts. But "a matter that is already public or that has previously become part of the public domain is not private." *Moreno v. Hanford Sentinel, Inc.*, 172 Cal.App.4th 1125, 1129-30 (2009). This information was public because the transcripts were already published, and available to essentially anyone, on PACER. Plaintiff has, in the FAC, attempted to backpedal from her initial admission on this point, but Mr. Frey has presented evidence in the forms of the transcripts (which bear the PACER stamp on each page) and his receipt for his March 24, 2012 download of them. (Frey Decl. at ¶¶ 23-25; Exhibits DD, EE, FF, GG.)

Furthermore, though Plaintiff complains that the declarations contain private information about her medical condition, she ignores the fact that the public litigation filings to which the declarations were attached also refer to her medical condition, as does her public response to it. Request for Judicial Notice Exhibits B at 22 ("Naffe even claimed that because of the medication she was taking, her doctor told her 'it is possible that I can't give accurate answers.'"); C at 43 ("Defendant Republican Party of Florida decided it did not like Plaintiff's statement that she spoke with her treating doctor who told her that her medication could affect her memory and testimony.")

Because Mr. Frey published public documents, and for other reasons set forth in his motions to dismiss and to strike, he has much more than a mere "reasonable possibility" of prevailing on this claim.

### C. Mr. Frey Will Prevail On Plaintiff's False Light Invasion of Privacy and Defamation Claims

Plaintiff's Third Cause of Action for False Light Invasion of Privacy and Fourth Cause of Action for Defamation are interrelated, and Mr. Frey is more than reasonably likely to prevail on both of them, for the reasons established in Mr. Frey's original and renewed Motion to Strike.

1   When a false-light invasion of privacy claim "is in substance equivalent to an
2   accompanying defamation claim, the false-light claim should be dismissed as
3   superfluous." *Cannon v. City of Petaluma,* 2011 WL 3267714, *3 (N.D. Cal. 2011).
4   Moreover, if the underlying defamation claim fails, the accompanying false light
5   invasion of privacy claim fails with it. *Flores v. Von Kleist*, 739 F.Supp.2d 1236, 1259
6   (2010) (false light claim failed with defamation claim absent proof of a defamatory
7   statement); *Cannon,* 2011 WL 3267714, *3 (false light claim failed with defamation
8   claim when complained-of statement was true). Here, Plaintiff's defamation and false
9   light invasion of privacy claims fall together.

10   The First Amendment provides absolute protection to statements that cannot
11   "reasonably [be] interpreted as stating actual facts" but instead amount to "imaginative
12   expression" or "rhetorical hyperbole." *Milkovich v. Lorain Journal Co.,* 497 U.S. 1, 20
13   (1990). Statements are particularly likely to be taken as hyperbole and rhetoric, not as a
14   false statement of fact, when they concern political disputes, litigation disputes, or are
15   published in informal online fora. *Beilenson v. Superior Court*, 44 Cal.App.4th 944,
16   950 (1996) (campaign mailer charging politician with "ripp[ing] off" taxpayers "when
17   taken in context with the other information contained in the mailer [is] rhetorical
18   hyperbole common in political debate" and not defamatory); *Information Control v.
19   Genesis One Computer Corp.,* 611 F.2d 781, 784 (9th Cir.1980) (in context of legal
20   dispute, "language which generally might be considered as statements of fact may well
21   assume the character of statements of opinion."); *Chaker v. Mateo*, 209 Cal.App.4th
22   1138 (2012) (affirming anti-SLAPP order where online insults were properly
23   understood as opinion; surveying California cases establishing that online expression
24   more likely to be taken as opinion than fact); *Nicosia v. De Rooy*, 72 F.Supp.2d 1093
25   (N.D. Cal. 1999) (granting anti-SLAPP motion and motion to dismiss where "readers
26   are less likely to view statements as assertions of fact" in context of web site's claims of
27   misconduct).
28   Here, the basis for Plaintiff's defamation claim is characterization of Plaintiff as a

7
DEFENDANT'S MOTION FOR SECURITY UNDERTAKING

773221.1

"liar whose lies will be exposed" and "full of false allegations."  FAC at ¶ 86.  These are classic examples of heated rhetoric in an online debate about politics and litigation, cannot reasonably be taken as literally true, and therefore cannot be the basis for a defamation action.  And even if they *were* amenable to being taken as literally true, they actually *are*.  Mr. Frey had a more than adequate basis to attack Plaintiff's veracity.  Plaintiff made a public accusation against a public figure, and specifically alleges that she chose to make her case to the public about it.  She pleads that she "publicly challenged" "media mogul" Andrew Breitbart on her blog and her Twitter account "in order to correct misconceptions."  FAC at ¶ 36. Plaintiff herself "thrust [her] case . . . into the public eye," making her a public figure who must prove actual malice in order to prove defamation.  *Reader's Digest Assn. v. Superior Court*, 37 Cal. 3d 244, 255 (1984).  She cannot do so.

Similarly, Mr. Frey challenged Plaintiff's veracity because she asserted that Mr. O'Keefe participated in a "rape plot" to assault her sexually in the so-called Barn Incident.  Mr. Frey had more than adequate basis to do so:  He had the transcript of the December 11, 2011 probable cause hearing on Plaintiff's harassment claim against Mr. O'Keefe, during which Plaintiff explicitly claimed, under oath, that the only harassment occurred *after* the Barn Incident and that no harassment, touching, or threat occurred during the Barn Incident.  Exhibit D to Request for Judicial Notice at 60-62.)  Plaintiffs' contradiction of her prior sworn testimony is more than adequate to support a statement that she tells untruths.[2]

Plaintiff therefore cannot prevail on her claim for defamation.  Her false light invasion of privacy falls with it. *Cannon,* 2011 WL 3267714, *3.  This is more than adequate to show that Mr. Frey has a "reasonable possibility" of prevailing.

---

[2] As another example, Plaintiff now claims that Mr. O'Keefe offered her money to bribe her into silence, but testified under oath that she did not know why he was offering her money. FAC at ¶ 34; Exhibit D to Request for Judicial Notice at 60.)

### D. Mr. Frey Will Prevail On Plaintiff's Intentional Infliction of Emotional Distress Claim

Mr. Frey will also prevail on Plaintiff's Fifth Cause of Action for Intentional Infliction of Emotional Distress. As Mr. Frey established in his original Motion to Strike and his renewed Motion to Strike, commentary on a matter of public interest cannot form the basis of a claim for intentional infliction of emotional distress. *Snyder v. Phelps*, 131 S.Ct. 1207, 1219 (2011) ("In public debate [we] must tolerate insulting, and even outrageous, speech in order to provide adequate breathing space to the freedoms protected by the First Amendment."). Plaintiff herself showed her allegations about Mr. O'Keefe to be a matter of public interest and public debate; she uttered them publicly, she identifies Mr. O'Keefe as a controversial public figure, and she "publicly challenged" "media mogul" Andrew Breitbart on her blog and her Twitter account "in order to correct misconceptions" about her accusations. FAC at ¶¶ 24, 36. Moreover, the accusations were the subject of commentary by national journalists and were discussed in multiple articles. Frey Decl. at ¶¶ 11-17. What Mr. Frey did – using public documents (like court records and transcripts of hearings) to question a public accusation against a public figure, and to criticize the media coverage of that accusation – is classic "public debate." (Exhibits Q, R, S, T to Frey Decl.)

Based on this, Mr. Frey has much more than a "reasonable possibility" of prevailing on Plaintiff's intentional infliction of emotional distress claim.

### E. Mr. Frey Will Prevail on Plaintiff's Negligence Claim

Mr. Frey will also prevail on Plaintiff's claim for negligence, as Mr. Frey demonstrated in his original and Renewed Motion to Strike.

Plaintiff claims that Mr. Frey had an affirmative duty to redact her Social Security Number under California Civil Code § 1798.85, which provides, in relevant part, that "a person or entity may not . . . (1) Publicly post or publicly display in any manner an individual's social security number." Plaintiff is incorrect: the statute does *not* create any such cause of action or duty. A statute creates a private right of action

only if the statutory language or legislative history affirmatively indicates legislative intent to do so. *Vikco Ins. Servs., Inc. v. Ohio Indem. Co.*, 82 Cal. Rptr. 2d 442, 446-447 (Cal. Ct. App. 1999); *Crusader Ins. Co. v. Scottsdale Ins. Co.*, 62 Cal. Rptr. 2d 620, 626-627 (Cal. Ct. App. 1997).  Absent such an indication, "a party contending for judicial recognition of such a right bears a heavy, perhaps insurmountable, burden of persuasion." *Crusader*, 62 Cal. Rptr. 2d at 627.  This statute indicates no such intent, which is no mere error of omission:  The California Legislature considered creating a private cause of action for violation of the statute but chose not to do so. *See* Assembly Comm. Hearing, S.B. 168, at 4-5 (Cal. June 18, 2001).

Moreover, Mr. Frey has submitted evidence that Plaintiff's Social Security Number was in the public record on PACER in the Florida case for nearly seven years before he downloaded it.  Frey Decl. at ¶¶23-25 ; Exhibits DD, GG to Frey Decl.  Plaintiff knew of it; in fact, she filed a motion in the case publicly referring to her medical condition and referring to the transcripts in question.  Request for Judicial Notice, Exhibit C.  Under these circumstances, Plaintiff cannot establish that it was Mr. Frey who was negligent for *republishing* something that Plaintiff had already let linger in the public record for years.  This is especially so given that Mr. Frey showed reasonable care by redacting the Social Security Number from his own publication within hours of publication immediately upon learning of it.  Frey Decl. at ¶ 28.

Mr. Frey has shown more than a reasonable possibility of prevailing on Plaintiff's negligence claim.

## V. THE COURT SHOULD REQUIRE PLAINTIFF TO POST A $75,000 UNDERTAKING

The foregoing demonstrates that, to the extent any portion of the FAC survives Mr. Frey's concurrently filed Motions, the Court should require Plaintiff to post an undertaking because (1) Plaintiff is an out-of-state resident, and (2) Mr. Frey has a reasonable possibility of prevailing with respect to all of her claims.

1  The amount the Court should require as an undertaking, Mr. Frey submits, is $75,000. An undertaking is designed to "secure an award of costs and attorney's fees which may be awarded in the action or special proceeding. For the purposes of this Section, 'attorney's fees' means reasonable attorney's fees a party may be authorized to recover by a statute apart from this Section or by contract." Code Civ. Proc. § 425.16, subd. (c). Here, if Mr. Frey prevails on *any* part of his Renewed Motion to Strike, he will be entitled to attorneys' fees. Because Mr. Frey's original Motion to Strike and Renewed Motion to Strike are intertwined, and because they are intertwined with his other motions, he will likely be entitled to fees for the bulk of his attorneys' work on the case as a whole. *Manufactured Home Communities, Inc. v. County of San Diego* 655 F.3d 1171, 118, n.1 (9th Cir. 2011). This is the case even though his attorneys have agreed to represent him pro bono as a result of the importance of the First Amendment issues presented by this case. *Rosenaur v. Scherer*, 88 Cal.App.4th 260, 285 (2001). Mr. Frey will also be entitled to filing fees, transcript costs, printing costs, and copying costs under 28 U.S.C. § 1920.

Mr. Frey's attorneys have already incurred more than $70,000 in fees at their respective hourly rates. Declaration of Kenneth P. White at ¶ 3; Declaration of Ronald D. Coleman at ¶ 2. A large portion of those fees are inextricably intertwined with the Motion to Strike and Renewed Motion to Strike, and should be recoverable. The Court should require Plaintiff to post a $75,000 undertaking to assure that there will be funds available to satisfy any judgment Mr. Frey wins in this case.

//

//

## VI. CONCLUSION

Based on the foregoing, Mr. Frey respectfully moves the Court for an order requiring Plaintiff to post a bond in the amount of $75,000 if she wishes to continue with this case, to the extent any portion of the case survives Mr. Frey's concurrently filed Motions.

DATED: January 11, 2013

Respectfully submitted,
GOETZ FITZPATRICK LLP LLP

By  *s/Ronald D. Coleman*
RONALD D. COLEMAN
Attorneys for Defendants
JOHN PATRICK FREY AND
CHRISTI FREY

DATED: January 11, 2013

Respectfully submitted,
BROWN WHITE & NEWHOUSE LLP

By  *s/Kenneth P. White*
KENNETH P. WHITE
Attorneys for Defendants
JOHN PATRICK FREY AND
CHRISTI FREY