1  PAUL B. BEACH, State Bar No. 166265
   pbeach@lbaclaw.com
2  ALEXANDRA B. ZUIDERWEG, State Bar No. 270177
   azuiderweg@lbaclaw.com
3  LAWRENCE BEACH ALLEN & CHOI, PC
   100 West Broadway, Suite 1200
4  Glendale, California 91210-1219
   Telephone No. (818) 545-1925
5  Facsimile No. (818) 545-1937

6  Attorneys for Defendant
   County of Los Angeles
7

8                  UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10

11  NADIA NAFFE, an individual,          )  Case No. CV 12-8443 GW (MRWx)
                                         )
12                Plaintiff,             )  Honorable George H. Wu
                                         )
13                                       )  DEFENDANT COUNTY OF LOS
         vs.                             )  ANGELES' NOTICE OF MOTION
14                                       )  AND MOTION TO DISMISS
                                         )  PLAINTIFF'S FIRST AMENDED
15  JOHN PATRICK FREY, an                )  COMPLAINT PURSUANT TO
    individual, and the COUNTY OF LOS    )  FED. R. CIV. P. 12(b)(6);
16  ANGELES, a municipal entity,         )  MEMORANDUM OF POINTS AND
                                         )  AUTHORITIES; DECLARATION
17                Defendants.            )  OF ALEXANDRA B. ZUIDERWEG
                                         )  AND EXHIBITS IN SUPPORT
18                                       )  THEREOF
                                         )
19                                       )  [[Proposed] Order filed concurrently
                                         )  herewith]
20                                       )
                                         )
21                                       )  Date:   February 21, 2013
                                         )  Time:   8:30 a.m.
22                                       )  Crtm:   10

23

24

25        TO THE HONORABLE COURT, ALL PARTIES, AND TO THEIR

26  COUNSEL OF RECORD:

27  ///

28  ///

                                    1

PLEASE TAKE NOTICE that on February 21, 2013 at 8:30 a.m., or as soon thereafter as the matter may be heard in Courtroom 10, United States District Court, located at 312 N. Spring Street, Los Angeles, California, 90012, Defendant County of Los Angeles ("Defendant" or "County") will and hereby does move the Court to dismiss Plaintiff Nadia Naffe's ("Plaintiff") First Amended Complaint ("FAC") against it pursuant to Fed. R. Civ. P. Rule 12(b)(6) on the following grounds:

1. Plaintiff's claim pursuant to 42 U.S.C. § 1983 must fail because she has not and cannot allege that her constitutional rights were violated as a result of any policy, practice, or custom of the County;

2. Plaintiff fails to state a claim pursuant to 42 U.S.C. § 1983 because she has not alleged facts sufficient to establish that the alleged acts were under color of law;

3. Plaintiff's § 1983 claim fails because she has not and cannot allege that she suffered the deprivation of any constitutional right;

4. Plaintiff's state law claims fail because the alleged acts were not within the course and scope of Patrick Frey's employment with the County of Los Angeles;

5. Plaintiff's state law claims have no statutory basis;

6. Plaintiff's state law claims are barred by California Government Code § 821.6; and,

///
///
///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

7. Plaintiff may not recover punitive damages against a public entity.[1]

This Motion will be based upon this Notice of Motion, the attached Memorandum of Points and Authorities and Declaration of Alexandra B. Zuiderweg, the pleadings on file herein, and upon such further evidence as may be presented at or before the hearing.  This Motion is made following counsel for Defendant's unsuccessful attempt to informally resolve issues pursuant to Local Rule 7-3.  (*See*, Declaration of Alexandra B. Zuiderweg ["Zuiderweg Decl."], ¶ 2; Exhibit "A".)

Dated:  January 11, 2013                    LAWRENCE BEACH ALLEN & CHOI, PC


By ____/s/  Alexandra B. Zuiderweg_____
                Alexandra B. Zuiderweg
                Attorneys for Defendant
                County of Los Angeles

---

[1] Alternatively, Defendant seeks to dismiss Plaintiff's improper request for exemplary damages via a motion to strike pursuant to Fed. R. Civ. P. Rule 12(f). In the Ninth Circuit, there is a split in authority regarding the appropriate vehicle by which to seek dismissal of damages sought that are not recoverable as a matter of law.  *Compare*, *Whittlestone Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974-75 (9th Cir. 2010) (discussing motion to strike); *Arres v. City of Fresno*, 2011 WL 284971 *6 (E.D. Cal. 2011), *with*, *Dorger v. City of Napa*, 2012 WL 3791447 *7 (N.D. Cal. 2012) (discussing motion to dismiss).  Accordingly, out of an abundance of caution, Defendant moves to strike Plaintiff's improper prayer for relief via both Fed. R. Civ. P. Rule 12(b)(6) and Fed. R. Civ. P. Rule 12(f).

1

# TABLE OF CONTENTS

2

3

MEMORANDUM OF POINTS AND AUTHORITIES..........................................1

I.      Introduction. .........................................................................................1

II.     Plaintiff's FAC Fails To State A § 1983 Claim Against The County. .........2

      A.      Plaintiff Has Not, And Cannot, Allege That The Purported
            Constitutional Violations Occurred Pursuant To A Policy,
            Practice, Or Custom Of The County Of Los Angeles. ......................2

      B.      The Actions Alleged In Plaintiff's FAC Are Not Under Color
            Of State Law. .............................................................................3

      C.      Plaintiff's FAC Does Not Set Forth Facts Illustrating A
            Deprivation Of A Constitutional Right.............................................6

III.    Plaintiff's State Law Claims Fail As A Matter Of Law...............................8

      A.      Frey Was Not Acting Within The Course And Scope Of His
            Employment When He Posted On His Personal Blog.......................8

      B.      Plaintiff's State Law Claims Against The County Have No
            Statutory Basis. ..........................................................................10

      C.      Plaintiff's State Law Claims Are Barred By Government Code
            § 821.6........................................................................................11

IV.     Punitive Damages Are Not Recoverable Against A Public Entity.............12

V.      Conclusion...........................................................................................13

DECLARATION OF ALEXANDRA B. ZUIDERWEG ......................................14

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

i

# TABLE OF AUTHORITIES

## Cases

*Alma W. v. Oakland Unified School Dist.,*
123 Cal.App.3d 133 (1981) ................................................................11

*Amylou R. v. County of Riverside,*
28 Cal.App.4th 1205 (1994) ..............................................................15

*Anderson v. Warner,*
451 F.3d 1063 (9th Cir. 2006) .............................................................4

*Arres v. City of Fresno,*
2011 WL 284971 (E.D. Cal. 2011) ......................................................3

*Board of County Comm'rs v. Brown,*
520 U.S. 397, 117 S. Ct. 1382 (1997) ..................................................3

*Carlos v. Santos,*
123 F.3d 61 (2d Cir. 1997) ..................................................................5

*City of Canton v. Harris,*
489 U.S. 378, 109 S. Ct. 1197 (1989) ..................................................3

*Cochran v. Herzog Engraving Co.,*
155 Cal.App.3d 405 (1984) ................................................................12

*Compare, Whittlestone Inc. v. Handi-Craft Co.,*
618 F.3d 970 (9th Cir. 2010) ...............................................................3

*Dorger v. City of Napa,*
2012 WL 3791447 (N.D. Cal. 2012) ....................................................3

*Farmers Ins. Group v. County of Santa Clara,*
11 Cal.4th 992 (1995 .........................................................................11

*Gillan v. City of San Marino,*
147 Cal.App.4th 1033 (2007) .............................................................14

*Hoblitzell v. City of Ione,*
110 Cal.App.4th 675 (2003) ...............................................................10

*Ivey v. Bd. of Regents of the Univ. of Alaska,*
673 F.2d 266 (9th Cir. 1982) ...............................................................7

*Linda R.S. v. Richard D.,*
410 U.S. 614, 93 S. Ct. 1146 (1973) ....................................................9

*Lopez v. Southern Cal. Rapid Transit Dist.,*
40 Cal.3d 780 (1985) ........................................................................13

*Mark v. Borough of Hatboro,*
51 F.3d 1137 (3d Cir. 1995) ................................................................4

*McCrary v. County of Nassau,*
    493 F.Supp.2d 581 (E.D.N.Y. 2007).................................................9

*Mendocino Envtl. Ctr. v. Mendocino Cnty.,*
    192 F.3d 1283 (9th Cir. 1999)......................................................8

*Monell v. New York City Dept. of Social Services,*
    436 U.S. 658, 98 S. Ct. 2018 (1978) .............................................3

*Morgan v. Tice,*
    862 F.2d 1495 (11th Cir. 1989)....................................................5

*Newport City v. Fact Concerts, Inc.,*
    453 U.S. 247, 101 S. Ct. 2748 (1981) .........................................16

*Patterson v. City of Los Angeles,*
    174 Cal.App.4th 1393 (2009)......................................................14

*Peter W. v. San Francisco Unified School Dist.*
    60 Cal.App.3d 814 (1976) .........................................................13

*Price v. Hawaii,*
    939 F.2d 702 (9th Cir. 1991)......................................................7

*Ramsey v. City of Lake Elsinore*
    220 Cal.App.3d 1530 (1990)......................................................12

*St. Louis v. Praprotnik,*
    485 U.S. 112, 108 S. Ct. 915 (1988) ...........................................3

*Screws v. United States,*
    325 U.S. 91, 65 S. Ct. 1031, (1945) ...........................................4

*Simmons v. Sacramento County Superior Court,*
    318 F.3d 1156 (9th Cir. 2003)....................................................7

*Staley v. Grady,*
    371 F.Supp.2d 411 (S.D.N.Y. 2005) ..........................................10

*Susman v. City of Los Angeles,*
    269 Cal.App.2d 803 (1969) .......................................................13

*Trujillo v. City of Ontario,*
    428 F.Supp.2d 1094 (C.D. Cal. 2006) .........................................15

*Trump v. Montgomery County Sheriff,*
    2010 WL 1278596 (W.D. VA 2010)...........................................9

*United States v. Classic,*
    313 U.S. 299, 61 S. Ct. 1031 (1941) ...........................................4

*Van Ort v. Estate of Stanewich*
    92 F.3d 831 (9th Cir. 1996)......................................................12

iii

*West v. Atkins,*
    487 U.S. 42, 108 S. Ct. 2250 (1988) ...........................................................4

*Westlands Water Dist. V. Amoco Chemical Co.,*
    953 F.2d 1109 (9th Cir. 1991).........................................................16

**Statutes**

42 U.S.C. § 1983.............................................................................................2

California Govenrment Code § 818.................................................................13

California Government Code § 815.2..............................................................11

California Government Code § 821.6.................................................................2

California Government Code § 26500................................................................9

iv

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### **I.** **Introduction.**

Plaintiff Nadia Naffe ("Plaintiff") alleges that Patrick Frey ("Frey"), a private citizen who also happens to be employed as a deputy district attorney, violated her rights when the two engaged in an online debate regarding Plaintiff's allegations against James O'Keefe, a well-known conservative activist. Although the allegations in Plaintiff's FAC make it clear that Frey's blog posts regarding Plaintiff were entirely unrelated to his employment with the Los Angeles County District Attorney's Office (and Frey's blog even includes an express disclaimer stating as much), Plaintiff still improperly attempts to hold the County liable for Frey's protected speech. In fact, in addition to the disclaimer that regularly appears on Frey's blog stating that his statements are made in his personal capacity, Frey also included such statements disclaiming any association between his blog and his employer in many of the posts Plaintiff references in her FAC (yet Plaintiff conveniently declined to attach to her FAC).

In its tentative ruling on Frey's motion to dismiss Plaintiff's original complaint, the Court denied leave to amend. Only after oral argument, during which counsel for Plaintiff affirmatively represented to the Court that he could plead a wealth of factual allegations in support of Plaintiff's claims, did the Court graciously grant Plaintiff leave to amend. However, the Court warned Plaintiff that she would have one and only opportunity to add these factual allegations. Despite the Court's clear and unequivocal admonitions, Plaintiff added no such factual allegations in the FAC. Rather, Plaintiff simply repeatedly alleged, in a conclusory manner, that Frey was acting in his capacity as a deputy district attorney. Such conclusory allegations, unsupported by any factual allegations and largely made based on information and belief, are insufficient, irrespective of how many times they are repeated in the FAC.

1

Plaintiff's FAC includes the following seven claims against the County: violations of 42 U.S.C. § 1983, public disclosure invasion of privacy, false light invasion of privacy, defamation, intentional infliction of emotional distress, negligence, and negligent supervision.  Simply put, Plaintiff's FAC suffers from all the same deficiencies as Plaintiff's original complaint, which was dismissed by the Court.

As was the case in her original complaint, Plaintiff's claim pursuant to 42 U.S.C. § 1983 fails for a number of reasons.  Plaintiff has failed to allege that the purportedly wrongful conduct occurred pursuant to any policy, practice, or custom of the County and further failed to allege facts sufficient to illustrate that Frey's speech was under the color of law.  Moreover, Plaintiff's allegations simply do not constitute a constitutional violation.  Similarly, Plaintiff's state law claims fail because she has failed to allege facts showing that Frey acted within the course and scope of his employment with the County when he posted on his personal blog. Plaintiff's state law claims fail on the additional ground that they lack a statutory basis, and the County is immune under California Government Code § 821.6. Finally, Plaintiff is not entitled to recover exemplary damages against the County of Los Angeles.

**II.** **Plaintiff's FAC Fails To State A § 1983 Claim Against The County.**

    **A.** **Plaintiff Has Not, And Cannot, Allege That The Purported Constitutional Violations Occurred Pursuant To A Policy, Practice, Or Custom Of The County Of Los Angeles.**

The County is not vicariously liable under Section 1983 for an injury purportedly inflicted by individual district attorneys, irrespective of whether the alleged acts occurred under the color of law.  It is well-settled that a municipality cannot be held liable under Section 1983 on a respondeat superior theory.  *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690-91, 98 S. Ct. 2018, 2036 (1978).  Instead, Plaintiff must not only prove a violation of her

Constitutional rights, but also that such violation was a direct result of a government policy, practice, or custom. *Id.* 690-91, 694. Moreover, where a plaintiff seeks to predicate *Monell* liability on the isolated acts of a government employee, a plaintiff must show that the employee acted with final policymaking authority for the entity. *See, St. Louis v. Praprotnik*, 485 U.S. 112, 123, 108 S. Ct. 915, 924 (1988).

Here, Plaintiff has not, because she cannot, alleged that her Constitutional rights were violated because of a government policy or custom, nor has Plaintiff alleged that Frey has final policymaking authority for the District Attorney's Office. Rather, Plaintiff's latest pleading again seeks to hold the County liable for the personal pursuits of Frey. (FAC, ¶¶ 9-68, 72-75.) Therefore, Plaintiff's Section 1983 claim against the County fails as a matter of law. *See, Board of County Comm'rs v. Brown,* 520 U.S. 397, 403, 117 S. Ct. 1382, 1387-88 (1997); *City of Canton v. Harris*, 489 U.S. 378, 385, 109 S. Ct. 1197, 1203 (1989); *Monell*, 436 U.S. at 694.

    **B.**    <u>The Actions Alleged In Plaintiff's FAC Are Not Under Color Of State Law</u>.

Additionally, in order to allege a claim under § 1983, a plaintiff must establish that: (1) a right under the Constitution of the United States was violated, and (2) the defendant violated that right acting under "color of state law." *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2255 (1988). The United States Supreme Court has explicitly held that though "under color of law" means under pretense of law, "**acts of officers in the ambit of their personal pursuits are plainly excluded**." *Screws v. United States*, 325 U.S. 91, 111, 65 S. Ct. 1031, 1040 (1945) (emphasis added); *see, Anderson v. Warner,* 451 F.3d 1063, 1069 (9th Cir. 2006) (to constitute action under color of law, "the challenged conduct must be related in some meaningful way to either the officer's governmental status or the performance of his duties.") (internal quotations and citations omitted). Indeed, "[a]n otherwise private tort is

not committed under the color of law simply because the tortfeasor is an employee of the state." *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1150-51 (3d Cir. 1995). Rather, in order for a tortfeasor to be acting under color of law, his act must entail "misuse of power, possessed by virtue of state law and **made possible only because the wrongdoer is clothed with the authority of state law.**" *Id.* (quoting *United States v. Classic*, 313 U.S. 299, 326, 61 S. Ct. 1031, 1043 (1941); *see, Carlos v. Santos,* 123 F.3d 61, 65 (2d Cir. 1997) (holding acts of town board members were not under color of law because "any citizen may perform the [acts alleged]; they were not made possible only because" the wrongdoers were clothed with official authority); *Morgan v. Tice*, 862 F.2d 1495,1499 (11th Cir. 1989), *cert. denied,* 493 U.S. 813 (1989) (a public official was not acting under color of law when he went to newspaper publisher, presented his business card as town manager, and made defamatory statements regarding the plaintiff).

Here, Plaintiff only alleges in a conclusory manner that Mr. Frey acted under the color of state law and "act[ed] within the scope of their authority as an agents [*sic*] and employees with the permission and consent of COOLEY and the COUNTY."  (FAC, ¶¶ 8, 29, and 72.)  Yet, by Plaintiff's own admission, Frey posted a disclaimer on his personal blog.[2]  (FAC, ¶ 14.)  This disclaimer clearly states that his blog contains "personal opinions . . . not made in any official capacity."  (Zuiderweg Decl., ¶ 4; Exhibit "D," ¶ 38.)  Moreover, many of the blog posts discussed and quoted in Plaintiff's FAC further disclaim association between the blog and the District Attorney's Office.  For example, in his March 23, 2012 post[3] discussed in paragraph 45 of Plaintiff's FAC, Frey explicitly states "I offer no

---

[2]  Interestingly, Plaintiff alleged some of the terms of the disclosure in her original complaint, but omitted it from her FAC.  (Zuiderweg Decl., ¶ 4; Exhibit "D," ¶ 38.)

[3]  Plaintiff erroneously alleges that the blog entry was posted on February 28, 2012, but the content of the March 23, 2012 directly mirrors the content alleged

opinion on that, as this post (like all my posts!) is written in my private capacity, as an exercise of my rights as a private citizen under the First Amendment."  (FAC, ¶ 45; Zuiderweg Decl., ¶ 3; Exhibit "B" at 3.)[4]  Similarly, in his May 27, 2010 post discussed in paragraph 28 of the FAC, Frey writes " . . . I am not a wiretap violations prosecutor but a gang murder prosecutor, **speaking in my private capacity, as I always do on this blog**."  (Zuiderweg Decl., ¶ 3; Exhibit "C" at 3.) (emphasis added).

Such allegations that Frey posted a blog regarding his personal beliefs with "permission and consent" of the County, when taken in conjunction with Frey's many statements to the contrary, cannot establish that Frey acted under color of law. Plaintiff does not allege that state authority enabled Frey to post statements regarding Plaintiff on his blog, nor does Plaintiff allege that the permission and consent of the County is required under state law to post such statements.  For this reason, Plaintiff's allegations that Frey stated that he is employed as a district attorney in his blog posts or the claim that third parties identified Frey as a district attorney are equally unavailing.  Mere reference to Frey's employment did not cloth him with the power to make purportedly defamatory statements about Plaintiff, nor did any of the excerpts of the blog appearing in Plaintiffs' FAC even remotely

---

in paragraph 45 of Plaintiff's FAC.  (FAC, ¶ 45; Zuiderweg Decl., ¶ 3; Exhibit "C".)

[4] Tellingly, Plaintiff chose not to attach these documents to her FAC.  Although motions to dismiss are normally limited to allegations and documents contained within the four corners of the complaint, where a plaintiff refers to a document in the complaint, a defendant may attach the document to a Rule 12(b)(6) motion to show that they do not support the plaintiff's claim. *See, Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).  "The court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Id.* (internal quotations and citations omitted.)

provide his readers with the impression that his blog was posted as a part of his job duties.  Simply put, Frey's publication of his blog expressing his personal beliefs is entirely unrelated to his employment with the County.

Plaintiff's conclusory allegations, devoid of any factual particularity, without more, are insufficient to state a § 1983 claim against the County of Los Angeles.  *See, Ivey v. Bd. of Regents of the Univ. of Alaska,* 673 F.2d 266, 268 (9th Cir. 1982) ("Vague and conclusory allegations of official participation in civil rights violations are not sufficient" to withstand dismissal of a § 1983 claim); *see also*, *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156 (9th Cir. 2003) (conclusory allegations that attorney was acting under color of law through conspiracy with state actors was insufficient to state a §1983 claim); *Price v. Hawaii,* 939 F.2d 702, 707-08 (9th Cir. 1991) (conclusory allegations of action under color of state law, unsupported by facts, are insufficient to state claim under § 1983.  Therefore, because the speech complained of was not under color of law, Plaintiff's § 1983 claim must fail on this additional ground.

### C.  Plaintiff's FAC Does Not Set Forth Facts Illustrating A Deprivation Of A Constitutional Right.

Finally, even assuming *arguendo* that Defendant Frey's personal blog posts were under color of law,[5] Plaintiff has not, because she cannot, allege that such conduct caused a violation of her Constitutional rights.   Plaintiff attempts to allege a Constitutional deprivation under two theories, both of which fail.

Plaintiff first alleges that Defendant Frey's blog entries violated her First Amendment rights by "intimidating her into silence regarding O'KEEFE [sic] wiretapping of Congresswoman Waters."  (FAC, ¶ 73).  To establish a § 1983 claim on a theory that Plaintiff's First Amendment rights were chilled, she must establish

---

[5] Because Plaintiff's claims against the County are based solely on the speech of Frey, if the Court dismisses the instant action against Frey, then Plaintiff's claims against the County also fail.

that the complained-of actions "would chill or silence a person of ordinary firmness" from making their intended speech and her speech was, in fact, chilled.  *Mendocino Envtl. Ctr. v. Mendocino Cnty.,* 192 F.3d 1283, 1300 (9th Cir. 1999).

Plaintiff's FAC is devoid of any factual allegations that Frey's speech objectively would have caused her speech to be chilled.  Moreover, Plaintiff failed to allege specific facts that show that her speech was actually chilled by Frey's actions, and the facts she does allege directly contradict any such allegations that Plaintiff could make.  By Plaintiff's own admission, she engaged in the following activities: (1) she publicly threatened to report Mr. Frey to the District Attorney's Office and to the State Bar (FAC, ¶ 48); (2) she publicly filed a claim with the County against Mr. Frey (FAC, ¶ 69); and (3) she publicly filed her lawsuit, which extensively describes her complaints against Frey and James O'Keefe, a third party. Plaintiff cannot, in one breath, claim to have been "intimidated into silence" by Defendant Frey, then in the next breath claim to have made numerous public threats and complaints about Frey's purported wrongful acts, including threatening to complain to Frey's employer (the very same office that Plaintiff speculates would not treat her fairly) .

Plaintiff further alleges that Frey violated her due process rights by: (1) somehow "presenting a public face" of the District Attorney's Office in which she "believed she would not receive fair treatment" from the County; (2) "implying that any case in which PLAINTIFF was involved would be prejudged"; (3) "suggesting PLAINTIFF herself might be investigated or prosecuted"; and (4) creating an atmosphere under which PLAINTIFF feared retaliation."  (FAC, ¶ 74.)  Yet, Plaintiff does not (because she cannot) allege any factual basis for her vague, unreasonable subjective beliefs.

Even if the Court reads Plaintiff's FAC to suggest that the District Attorney's Office might not adequately investigate or pursue her allegations that Mr. O'Keefe wiretapped the offices of Representative Waters, such allegations do not constitute a

due process violation.  Plaintiff has no right, due process or otherwise, to any investigation or prosecution of Mr. O'Keefe.  *Linda R.S. v. Richard D.,* 410 U.S. 614, 619, 93 S. Ct. 1146, 1149 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Trump v. Montgomery County Sheriff*, 2010 WL 1278596, *1 (W.D. Va. 2010) (rejecting § 1983 claim and holding that the plaintiff "as a private citizen, he has no right to compel law enforcement officers or officers of the court to investigate or bring criminal charges against another person.  Therefore, he cannot bring a lawsuit to enforce his desire for prosecution of that person."); *McCrary v. County of Nassau,* 493 F.Supp.2d 581, 588 (E.D.N.Y. 2007) ("A private citizen does not have a constitutional right to compel government officials to arrest or prosecute another person."); *Staley v. Grady*, 371 F.Supp.2d 411, 415 (S.D.N.Y. 2005) (stating same rule in rejecting § 1983 action premised on nonprosecution).

Plaintiff's FAC effectively seeks to hold the County liable under § 1983 simply because she may not have felt welcome at the District Attorney's Office. However, Plaintiff's speculative fear is irrelevant, and it certainly did not prevent her from threatening to report Defendant Frey to his employer.  (FAC, ¶ 48.) Simply put, Plaintiff has failed to allege facts sufficient to show that either her First Amendment or due process rights were violated.  Therefore, this Court should dismiss Plaintiff's § 1983 claim for the additional reason that she fails to state facts supporting a violation of her Constitutional rights.

III.   **Plaintiff's State Law Claims Fail As A Matter Of Law.**

    A.   **Frey Was Not Acting Within The Course And Scope Of His Employment When He Posted On His Personal Blog.**

Because Defendant Frey's blog is unrelated to his employment with the County of Los Angeles, Plaintiff's state law claims against the County must also fail.

Under California law, a public entity is only vicariously liable for the conduct of an employee if the employee was acting within the course and scope of his employment.  California Govt. Code § 815.2; *Hoblitzell v. City of Ione,* 110 Cal.App.4th 675, 680 (2003).  Moreover, "the law is clear that an employer is not strictly liable for all actions of its employees during work hours."  *Id.* at 681 (internal quotations omitted).  Rather, vicarious liability will not stand where the employee's conduct "**substantially deviates** from the employment duties for personal purposes," even if the complained of conduct occurred during work hours.  *Farmers Ins. Group v. County of Santa Clara*, 11 Cal.4th 992, 1005 (1995) (emphasis in original) (citations omitted).   Therefore, if the employee "inflicts an injury out of personal malice, not engendered by the employment or acts out of personal malice unconnected with the employment, or if the misconduct is not an outgrowth of the employment, the employee is not acting within the scope of employment."  *Id.*  Simply put, "if an employee's tort is personal in nature, mere presence at the place of employment and attendance to occupational duties prior or subsequent to the offense will not give rise to a cause of action against the employer under the doctrine of respondeat superior."  *Alma W. v. Oakland Unified School Dist.,* 123 Cal.App.3d 133, 140 (1981).

Here, as discussed above, Plaintiff's allegations that Frey spoke on his blog while at work and stated that he is employed as a district attorney are insufficient to establish that Frey was acting within the course and scope of his employment.  Frey, like all deputy district attorneys, are employed for the purpose of prosecuting individuals for criminal activity on behalf of the People of the State of California. *See,* California Govt. Code § 26500.  Indeed, engaging in online political debate via his own personal blog is far outside the scope of these duties.  Accordingly, Plaintiff has not and cannot allege that Frey posted on his blog regarding his personal political beliefs as part of his duties as a deputy district attorney, nor has Plaintiff

alleged that Frey's speech somehow furthered any goals of the District Attorney's Office.  In fact, Frey disclaimed any association whatsoever between his blog and the District Attorney's Office.[6]  (FAC, ¶ 14.)  Accordingly, Plaintiff's state law claims against the County fail.

> **B.**    **Plaintiff's State Law Claims Against The County Have No Statutory Basis.**

In California, a governmental entity may only be sued in tort pursuant to an authorizing statute or enactment.  *See, Ramsey v. City of Lake Elsinore*, 220 Cal.App.3d 1530, 1536 (1990) ("Public liability for personal injuries is defined and limited by statute."); *Cochran v. Herzog Engraving Co.*, 155 Cal.App.3d 405, 409 (1984) ("In short, sovereign immunity is the rule in California; governmental liability is limited to exceptions specifically set forth by statute."); *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 840 (9th Cir. 1996).

Specifically, Government Code § 815 provides: "Except as otherwise provided by statute: (a) A public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person."  "[B]ecause under the Torts Claims Act all governmental liability is based on statute, the general rule that statutory causes of action must be pleaded with particularity is applicable."  *Lopez v. Southern Cal. Rapid Transit Dist.*, 40 Cal.3d 780, 795 (1985).  Accordingly, "every fact material to the existence of [the government defendant's] statutory liability must be pleaded with

---

[6] Plaintiff's allegations regarding the purported role of the County in Frey's blog are largely contradictory.  On the one hand, Plaintiff alleges that the County "consent[ed]" to Frey's personal blog (an allegation that is irrelevant for purposes of evaluating whether Frey was acting within the course and scope of his employment).  (FAC, ¶ 8.)  Yet, this claim cannot be reconciled with Plaintiff's allegation that Frey felt that he needed to "engage in 'damage control so as to not lose his job with the COUNTY," which indicates that the County did not, in fact, approve or consent to Frey's personal blog.  (FAC, ¶ 52.)

particularity." *Peter W. v. San Francisco Unified School Dist.* 60 Cal.App.3d 814, 819 (1976); *Susman v. City of Los Angeles*, 269 Cal.App.2d 803, 809 (1969).

Here, there is simply no statutory basis for Plaintiff's six state law claims (i.e. public disclosure invasion of privacy, false light invasion of privacy, defamation, intentional infliction of emotional distress, negligence, or negligent supervision based on the personal blog posts of an individual employed by a public entity). *Van Ort*, 92 F.3d at 840-41. Presumably, Plaintiff concedes this point since her FAC makes no reference whatsoever to any statute. Therefore, absent any authorizing statute or enactment for Plaintiff's state law claims, they fail as a matter of law. *See, Ramsey*, 220 Cal.App.3d at 1541 ("[D]isregard of statutes is fatal to a plaintiff's claim of public liability.").

## C. Plaintiff's State Law Claims Are Barred By Government Code § 821.6.

Even assuming *arguendo* Frey was acting within the course and scope of his employment (which he was not) and Plaintiff had plead statutes authorizing her state law claims (which she has not), the County of Los Angeles is immune from those claims. Pursuant to California Government Code § 815.2, subdivision (b), "[e]xcept as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability." Furthermore, under California Government Code § 821.6, "a public employee is not liable for any injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment even if he acts maliciously and without probable cause."

It is well-established that "Section 821.6 extends to actions taken in preparation for formal proceedings, including investigation which is an 'essential step' toward the institution of formal proceedings." *Patterson v. City of Los Angeles,* 174 Cal.App.4th 1393, 1405 (2009) (sergeant and city were immune

from liability under Section 821.6 for intentional infliction of emotional distress or negligent supervision arising from sergeant's investigation of employee's sick time abuse); *see, Gillan v. City of San Marino,* 147 Cal.App.4th 1033, 1049-50 (2007) (city and its officers who made press releases and other public statements in the course of their investigation of criminal activity of high school coach were immune from liability for defamation and intentional infliction of emotional distress, irrespective of whether statements were reasonable or made maliciously as a part of threatened prosecution); *Amylou R. v. County of Riverside,* 28 Cal.App.4th 1205, 1209-10 (1994) (county was immune from liability for officer's conduct when questioning victims and percipient witnesses during investigation); *Trujillo v. City of Ontario*, 428 F.Supp.2d 1094, 1124 (C.D. Cal. 2006) (officers had immunity under Section 821.6 from claims arising from secret taping of a locker room, as conduct was carried out in the course of criminal investigation).

Here, Plaintiff, who admittedly engaged in illegal conduct (FAC, ¶¶ 30-32), predicates her state law claims on her allegation that Frey began probing into her allegations regarding O'Keefe and her participation in the wiretapping incident.  (FAC, ¶¶ 45, 48, 81, and 85.)  Accordingly, if the Court finds that Plaintiff's allegations establish that Frey was acting within the course and scope of his employment when posting blog entries about Naffe (which they do not), such conduct constitutes preliminary investigation regarding Plaintiff's criminal misconduct and, thus, falls squarely within the immunity conferred by Govt. Code § 821.6.  As such, the County is immune from liability for Frey's speech regarding Naffe's admitted participation in criminal activity.

## IV. Punitive Damages Are Not Recoverable Against A Public Entity.

Finally, Plaintiff's FAC includes an improper prayer for exemplary damages against the County.  It is hornbook law that punitive damages are not recoverable against public entities under both federal and state law. Cal. Govt.

Code § 818; *Newport City v. Fact Concerts, Inc.,* 453 U.S. 247, 270, 101 S. Ct. 2748, 2761 (1981); *Westlands Water Dist. V. Amoco Chemical Co.,* 953 F.2d 1109, 1113 (9th Cir. 1991).  Accordingly, the County respectfully requests that the Court dismiss Plaintiff's claims for exemplary damages against it.

**V.       Conclusion.**

Based on the foregoing, this Court should again dismiss Plaintiff's latest pleading against the County of Los Angeles, this time without leave to amend.

Dated:  January 11, 2013                    LAWRENCE BEACH ALLEN & CHOI, PC


By ____/s/  Alexandra B. Zuiderweg_____
                                Alexandra B. Zuiderweg
                                Attorneys for Defendant
                                County of Los Angeles

## <u>DECLARATION OF ALEXANDRA B. ZUIDERWEG</u>

I, Alexandra B. Zuiderweg, hereby declare:

1.     I am an attorney at law, duly licensed to practice before this Court and all of the courts of the State of California, and an associate of the law firm of Lawrence Beach Allen & Choi, PC, attorneys of record for Defendant County of Los Angeles ("Defendant") in the above-captioned matter.  I have personal knowledge of the facts stated herein, except those stated upon information and belief and, as to those matters, I believe them to be true.  If called upon to testify to the matters herein, I could and would competently do so.

2.     This Motion is made after an unsuccessful effort to resolve the issues informally with Plaintiff's counsel, as required by Local Rule 7-3.  On January 3, 2013, I sent Plaintiff's counsel, James B. Devine, a meet and confer letter specifically addressing the grounds for Defendant's contemplated motion.  Attached hereto as Exhibit "A" is a true and correct copy of my January 3, 2013 letter to Mr. Devine.  My office never received a response to the meet and confer letter.

3.     Plaintiff's FAC discusses and quotes many of Frey's blog posts, but fails to attach them.  Attached hereto as Exhibit "B" is a true and correct copy of Frey's May 27, 2010 blog post, discussed in paragraph 28 of the FAC.  This article can be found online at: http://patterico.com/2012/03/23/tommy-christopher-fails-to-vet-nadia-naffe-1-crowdsourcing/.  Attached hereto as Exhibit "C" is a true and correct copy of Frey's March 23, 2012 blog post discussed in paragraph 45 of the FAC.  This article can be found online at found online at: http://patterico.com/2010/05/27/brad-friedman-press-release-confirming-well-known-fact-that-okeefe-intended-to-do-undercover-sting-vindicates-me-somehow-alternate-post-title-brad-friedman-is-a-huge-liar/.  To avoid burdening the Court, the blog entries are included in their entirety, but the many pages of comments have been omitted.

4.      Attached hereto as Exhibit "D" are true and correct copies of excerpts of Plaintiff's original Complaint in this action.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on January 11, 2013, at Glendale, California.


_____/s/  Alexandra B. Zuiderweg_____
ALEXANDRA B. ZUIDERWEG