EUGENE G. IREDALE, SBN: 75292
IREDALE and YOO, APC
105 West F Street, 4th Floor
San Diego, California  92101-6036
TEL: (619) 233-1525
FAX: (619) 233-3221

Attorneys for Plaintiff, NADIA NAFFE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| NADIA NAFFE, an individual,<br><br>       Plaintiff,<br><br>   vs.<br><br>JOHN PATRICK FREY, an individual, STEVE M. COOLEY, an individual, and the COUNTY OF LOS ANGELES, a municipal entity,<br><br>       Defendants. | Case No.: CV12-08443-GW (MRWx)<br><br>Complaint Filed: October 2, 2012<br>Judge: Hon. George H. Wu<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT JOHN PATRICK FREY'S MOTION TO STRIKE THE SECOND THROUGH SIXTH CAUSES OF ACTION OF THE COMPLAINT PURSUANT TO C.C.P. § 425.16; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: March 18, 2013<br>Time: 8:30 a.m.<br>Dept.: 10 |

PLAINTIFF'S OPPOSITION TO DEFENDANT JOHN PATRICK FREY'S MOTION TO STRIKE THE SECOND THROUGH SIXTH CAUSES OF ACTION OF THE COMPLAINT PURSUANT TO C.C.P. § 425.16; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

i

# TABLE OF CONTENTS

INTRODUCTION..................................................................................................1

SUMMARY OF FACTUAL ALLEGATIONS......................................................2

ARGUMENT..........................................................................................................2

   I.   **PLAINTIFF'S CAUSES OF ACTION DO NOT ARISE FROM ACTS IN FURTHERANCE OF DEFENDANT'S RIGHT TO FREE SPEECH ON A PUBLIC ISSUE.**..................................................................................................2

   II.   **PLAINTIFF HAS ESTABLISHED A PROBABILITY OF PREVAILING ON HER CLAIMS**..................................................................4

      A.   THE STANDARD OF PROOF FOR ESTABLISHING A PROBABILITY OF PREVAILING IS LOW..................................................4

      B.   DEFENDANT'S PUBLIC DISCLOSURE OF NAFFE'S PRIVATE INFORMATION WAS A TORTIOUS INVASION OF HER PRIVACY. ..................5

      C.   DEFENDANT'S CONDUCT PAINTED PLAINTIFF IN A FALSE LIGHT......7

      D.   DEFENDANT IS LIABLE TO PLAINTIFF FOR DEFAMATION. ...................7

      E.   DEFENDANT'S OUTRAGEOUS CONDUCT CAUSED PLAINTIFF SEVERE EMOTIONAL DISTRESS. ................................................................8

      F.   DEFENDANT HAD A STATUTORY DUTY NOT TO PUBLISH MS. NAFFE'S SOCIAL SECURITY; HIS BREACH OF THAT DUTY CONSTITUTED NEGLIGENCE. ........................................................................9

      G.   PLAINTIFF HAS SUBMITTED "MINIMAL MERIT" EVIDENCE OF EACH OF THE ABOVE CLAIMS..........................................................................10

   IV.   **IN THE ALTERNATIVE, PLAINTIFF REQUESTS THAT THE HEARING BE CONTINUED AND SHE BE ALLOWED TO CONDUCT LIMITED DISCOVERY.**...............................................................................10

CONCLUSION....................................................................................................10

PLAINTIFF'S OPPOSITION TO DEFENDANT JOHN PATRICK FREY'S MOTION TO STRIKE THE SECOND THROUGH SIXTH CAUSES OF ACTION OF THE COMPLAINT PURSUANT TO C.C.P. § 425.16; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

ii

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ........................................................ 14

*Conroy v. Spitzer*, 70 Cal.App.4th 1446 (Cal. Ct. App. 1999) ....................................... 7, 12

*Cox Broadcasting Corp v. Cohn*, 420 U.S. 469 (1975) ........................................................ 8

*Diaz v. Oakland Tribune, Inc.*, 139 Cal.App.3d 118 (Cal. Ct. App. 1983) .......................... 9

*Havellier v. Sletten*, 29 Cal.4th 82 (Cal. 2002) .................................................................... 5

*Hilton v. Hallmark Cards*, 599 F.3d 894 (9th Cir. 2009) .................................................... 5

*Hughes v. Pair*, 46 Cal.4th 1035 (Cal. 2009) .................................................................... 11

*Kashian v. Harriman*, 98 Cal.App.4th 892 (Cal. Ct. App. 2002) ........................................ 5

*Matson v. Dvorak*, 40 Cal.App.4th 539 (Cal. Ct. App. 1995) ............................................. 7

*Melvin .v Reid*, 112 Cal.App. 285 (Cal. Ct. App. 1931) ...................................................... 9

*Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832 (9th Cir. 2001) ........................................ 14

*Paulus v. Bob Lynch Ford*, 139 Cal.App.4th 659 (Cal. Ct. App. 2006) .............................. 7

*Rogers v. Home Shopping Network*, 57 F.Supp.2d 973 (C.D. Cal. 1999) ......................... 14

*Rosenfeld v. U.S. Dep't of Justice*, No. C-07-3240 EMC, 2012 WL 710186 (N.D. Cal.,
   Mar. 5, 2012) ..................................................................................................................... 8

*Shulman v. Group W Prods., Inc.*, 18 Cal.4th 200 (Cal. 1998) ........................................... 8

*Smith v. Maldonado*, 72 Cal.App.4th 637 (Cal. Ct. App. 1999) ....................................... 10

*Snyder v. Phelps*, 131 S.Ct 1207 (2011) ........................................................................... 12

*Standing Comm. on Discipline of U.S. Dist. Court for Cent. Dist. of Cal. v. Yagman*, 55
   F.3d 1430 (9th Cir. 1995) ................................................................................................ 11

*Werner v. Times-Mirror Co.*, 193 Cal. App.2d 111 (Cal. Ct. App. 1961) .......................... 9

*Wilbanks v. Wolk*, 121 Cal.App.4th 883 (Cal. Ct. App. 2004) ............................................ 7

*Wilcox v. Superior Court*, 27 Cal.App.4th 809 (Cal. Ct. App. 1994) ................................. 7

*Yu v. Signet Bank/Virginia*, 103 Cal.App.4th 298 (Cal. Ct. App. 2002) ............................. 8

///

PLAINTIFF'S OPPOSITION TO DEFENDANT JOHN PATRICK FREY'S MOTION TO STRIKE THE SECOND THROUGH SIXTH CAUSES OF ACTION OF THE COMPLAINT PURSUANT TO C.C.P. § 425.16; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

iii

**Statutes**

Cal. Civ. Code § 1798.85 ........................................................................................... 12

Cal. Code Civ. P. § 425.16(b)(1) ................................................................... 5, 6, 7, 13

**Treatises**

Rest. 2d, Torts §652E ................................................................................................. 9

PLAINTIFF'S OPPOSITION TO DEFENDANT JOHN PATRICK FREY'S MOTION TO STRIKE THE SECOND THROUGH SIXTH CAUSES OF ACTION OF THE COMPLAINT PURSUANT TO C.C.P. § 425.16; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

iv

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

California Code of Civil Procedure § 425.16, also known as the "Anti-SLAPP" statute, was designed to combat strategic lawsuits against public participation, not to protect strategic intimidation against public participation. This lawsuit is not intended to punish Mr. Frey for public participation; it is intended to stop intimidation.

On an Anti-SLAPP motion to strike, the defendant first bears the burden of showing that the cause of action is based on acts made "in furtherance of the person's right of petition or free speech." If so, the burden shifts to the plaintiff to show "minimal merit" to her claims. Because Mr. Frey issued threats of criminal investigation to Ms. Naffe, as a Deputy District Attorney, *after* she indicated that she would report him to both his employer and the State Bar, his speech and conduct that form the basis of this lawsuit are not covered by the Anti-SLAPP statute. Defendant cannot meet § 425.16's first prong. Moreover, by this Opposition, Plaintiff has satisfied the "minimal merit" criteria to survive the Motion to Strike on each cause of action. Plaintiff respectively requests that the Motion be denied.

However, if the court is inclined to grant Defendant's Motion to Strike, in whole or in part, Plaintiff requests a stay for limited discovery pursuant to Fed. R. Civ. P. 56, which requires adequate opportunity for discovery before summary judgment.

PLAINTIFF'S OPPOSITION TO DEFENDANT JOHN PATRICK FREY'S MOTION TO STRIKE THE SECOND THROUGH SIXTH CAUSES OF ACTION OF THE COMPLAINT PURSUANT TO C.C.P. § 425.16; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1

# SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff hereby incorporates by reference the factual summary contained in Plaintiff's Opposition to Defendant's Motion to Dismiss pursuant to Fed. R. Civ. Pro. Rule 12(b)(6) (ECF no. 53).

# ARGUMENT

Section 425.16 requires the trial court to undertake a two-step process. *Hilton v. Hallmark Cards*, 599 F.3d 894, 903 (9th Cir. 2009); *Kashian v. Harriman*, 98 Cal.App.4th 892, 906 (Cal. Ct. App. 2002). First, the court must decide whether the defendant has made a prima facie showing that the acts of which the plaintiff complains were taken "in furtherance of the [defendant's] right of petition or free speech . . . ." § 425.16(b)(1); *Hilton v. Hallmark*, 599 F.3d at 903. Second, if the defendant makes that showing, the burden shifts to the plaintiff to show "a probability of prevailing on the claim." *Hilton v. Hallmark*, 599 F.3d at 903 (quoting *Havellier v. Sletten*, 29 Cal.4th 82, 124 (Cal. 2002)). As argued below, Plaintiff should win on both prongs of this test.

## I. PLAINTIFF'S CAUSES OF ACTION DO NOT ARISE FROM ACTS IN FURTHERANCE OF DEFENDANT'S RIGHT TO FREE SPEECH ON A PUBLIC ISSUE.

A defendant making an Anti-SLAPP motion to strike must, to satisfy the statute's first prong, demonstrate that the underlying lawsuit arises out of acts made "in furtherance of the [defendant's] right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue . . . ." Cal. Code Civ. P. § 425.16(b)(1). While there is no doubt Mr. Frey engages in a great deal of speech on public issues, the acts forming the basis for this suit cannot be so characterized.

The Anti-SLAPP statute enumerates the conduct it intends to protect:

(1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law,

PLAINTIFF'S OPPOSITION TO DEFENDANT JOHN PATRICK FREY'S MOTION TO STRIKE THE SECOND THROUGH SIXTH CAUSES OF ACTION OF THE COMPLAINT PURSUANT TO C.C.P. § 425.16; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

2

(2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law,

(3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest, or

(4) any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.

Cal. Code Civ. P. § 425.16(e).

Defendant argues that his harassing blog posts and tweets were made "in connection with an issue of public interest" as that phrase is used in subsections (e)(3) and (e)(4). (Defendant's Motion to Strike ("MTS") at 9.) He asserts that his threats and harassment are a matter of public interest because they relate to public figures, namely the late Andrew Breitbart and James O'Keefe. *Id*.

Defendant Frey's speech that is at issue in this case is not speech that Frey made in connection with an issue of public interest. Frey, made a series of threats to Ms. Naffe indicating that he intended to investigate her for criminal misconduct and violations of the law. FAC ¶ 48. He issued these threats after repeatedly invoking and referencing his status as a Deputy District Attorney on both his blog and on Twitter. *Id*. ¶¶ 10-13; 15. When Ms. Naffe informed Frey on March 23, 2012 that she intended to report him to his employer, the District Attorney's Office, and the State Bar of California, Frey immediately retaliated against her the next day, on March 24, 2012, by publishing transcripts containing her address, date of birth, mother's maiden name and Social Security number on his public, freely accessible blog. *Id*. ¶¶ 51-52. Defendant Frey's right to free speech does not give him leave to threaten Ms. Naffe with criminal investigation; retaliate against Ms. Naffe for her exercise of free speech by publishing her personal data, including her Social Security number; and then constantly harangue and harass Ms. Naffe to such a degree that her reputation is ruined and she is threatened with physical harm by one of Frey's sycophants (*id*. ¶¶ 62-63).

PLAINTIFF'S OPPOSITION TO DEFENDANT JOHN PATRICK FREY'S MOTION TO STRIKE THE SECOND THROUGH SIXTH CAUSES OF ACTION OF THE COMPLAINT PURSUANT TO C.C.P. § 425.16; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

3

Defendant cannot show that this suit arises out of activity "in connection" with it. On this basis alone, the court should deny Defendant's Motion to Strike.

### III. PLAINTIFF HAS ESTABLISHED A PROBABILITY OF PREVAILING ON HER CLAIMS BY THE ATTACHED EVIDENCE.

If the Court determines that Defendants' Motion satisfies the first prong, Plaintiff contends that the Motion should still be denied since Plaintiff has a probability of prevailing on her claims for Public Disclosure Invasion of Privacy, False Light Invasion of Privacy, Defamation, Intentional Infliction of Emotional Distress and Negligence. And as discussed below, Defendant's objections are meritless.

#### A. THE STANDARD OF PROOF FOR ESTABLISHING A PROBABILITY OF PREVAILING IS LOW.

Where § 425.16 applies, the cause of action "shall be subject to a special motion to strike, *unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim*." Cal. Code Civ. P. § 425.16(b)(1). "To establish such a probability, a plaintiff must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." *Matson v. Dvorak*, 40 Cal.App.4th 539, 548 (Cal. Ct. App. 1995); *Conroy v. Spitzer*, 70 Cal.App.4th 1446, 1451 (Cal. Ct. App. 1999); *Wilcox v. Superior Court*, 27 Cal.App.4th 809, 823 (Cal. Ct. App. 1994). The plaintiff's burden on this issue is akin to that of a party opposing nonsuit, directed verdict, or summary judgment. *Paulus v. Bob Lynch Ford*, 139 Cal.App.4th 659, 672 (Cal. Ct. App. 2006). However, a "motion to strike under section 425.16 is not a substitute for a motion for a demurrer or summary judgment. [citation]  In resisting such a motion, *the plaintiff need not produce evidence that he or she can recover on every possible point urged. **It is enough that the plaintiff demonstrates that the suit is viable**, so that the court should deny the special motion to strike and allow the case to go forward." *Wilbanks v. Wolk*, 121 Cal.App.4th 883, 905 (Cal. Ct. App. 2004) (emphasis added). "The causes of action need only be shown to

PLAINTIFF'S OPPOSITION TO DEFENDANT JOHN PATRICK FREY'S MOTION TO STRIKE THE SECOND THROUGH SIXTH CAUSES OF ACTION OF THE COMPLAINT PURSUANT TO C.C.P. § 425.16; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

4

have 'minimal merit.'" *Yu v. Signet Bank/Virginia*, 103 Cal.App.4th 298, 318 (Cal. Ct. App. 2002).

### B. DEFENDANT'S PUBLIC DISCLOSURE OF NAFFE'S PRIVATE INFORMATION WAS A TORTIOUS INVASION OF HER PRIVACY.

Plaintiff's second cause of action is for public disclosure of private facts, a n invasion of privacy tort. In California, there are four elements to establish a cause of action for the public disclosure tort: "(1) public disclosure (2) of a private fact (3) which would be offensive and objectionable to the reasonable person and (4) which is not of legitimate public concern." *Shulman v. Group W Prods., Inc.*, 18 Cal.4th 200, 214 (Cal. 1998). Defendant challenges the second and fourth prongs here.

Defendant makes a short argument that "the information published by Mr. Frey concerns a matter of public interest, which itself diminishes the privacy expectation of the plaintiff." (MTS at 11.) In support he cites *Rosenfeld v. U.S. Dep't of Justice*, No. C-07-3240 EMC, 2012 WL 710186, *5 (N.D. Cal., Mar. 5, 2012). But *Rosenfeld* is inapposite in two ways. First, it was a Freedom of Information Act ("FOIA") case. In FOIA cases, as the *Rosenfeld* court noted, there is a "strong presumption in favor of disclosure." *Id.* at *2. This presumption is not applicable to invasion of privacy torts. Second, the individual who was the subject of the FOIA request had "written numerous memoirs, was the host of a live radio show for over two decades, and is described on his own website as 'a popular nation speaker on issues related to conservative politics, adoption and the life lessons.'" *Id.* at *5. He was a "public figure." *Ibid.* Defendant does not, and could not, argue that Ms. Naffe is a public figure. *Rosenfeld* is simply not applicable.

Defendant also asserts that, since the deposition transcript was hosted on the federal courts' ECF/PACER system, the facts therein were, as a matter of law, not private. (MTS at 14.) Defendant Frey cites to *American Civil Liberties Union v. U.S. Dept. of Justice*, 655 F.3d 1, 7 (D.C. Cir. 2011), for the proposition that Ms. Naffe's privacy right was not violated because Frey accessed the transcripts containing her private information on PACER. Again, *American Civil Liberties Union* deals with FOIA

PLAINTIFF'S OPPOSITION TO DEFENDANT JOHN PATRICK FREY'S MOTION TO STRIKE THE SECOND THROUGH SIXTH CAUSES OF ACTION OF THE COMPLAINT PURSUANT TO C.C.P. § 425.16; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

5

cases, not the public disclosure of one individual's private Social Security number on a freely accessible website such as Defendant Frey's blog. Additionally, the D.C. Circuit even noted that"'information that is technically public may be "practical[ly] obscur[e].' *Reporters Comm.,* 489 U.S. at 762, 780, 109 S.Ct. 1468 (internal quotation marks omitted). *Reporters Committee* held that, in such circumstances, an individual's privacy interest in limiting disclosure or dissemination of information does not disappear just because it was once publicly released. *Id.* at 762–63, 780, 109 S.Ct. 1468." *Am. Civil Liberties Union*, 655 F.3d at 9. Though PACER is accessible to the public, the need for an account and the cost to access documents means information on PACER is practically obscured to the greater public. Defendant Frey made that information globally available, for free, to his broad audience of fans and subscribers when he published Ms. Naffe's Social Security number, medical information, family address and date of birth on his blog.

   Furthermore, a "matter which was once of public record may be protected as private facts where disclosure of that information would not be newsworthy." *Diaz v. Oakland Tribune, Inc.*, 139 Cal.App.3d 118, 132 (Cal. Ct. App. 1983). The First Amendment is no defense to disclosures of information "so offensive as to constitute a 'morbid and sensational prying into private lives for its own sake' . . . ." *Id.* at 126.

   Here, even though Ms. Naffe's deposition transcript was a matter of public record, it was <u>not</u> newsworthy. The transcript was taken seven years prior to Mr. Frey's re-publication. The deposition had nothing to do with James O'Keefe or Andrew Breitbart. No public discourse was advanced by uncouth discussions of Ms. Naffe's 2005 prescriptions or medical conditions or access to Ms. Naffe's social security number. In sum, the facts in Ms. Naffe's 2005 deposition transcript were private. *Cf. Melvin .v Reid*, 112 Cal.App. 285 (Cal. Ct. App. 1931) (reversing dismissal of invasion of privacy claim based on disclosure of plaintiff's past life as a prostitute seven years after she reformed, even though that fact was in the public record).

PLAINTIFF'S OPPOSITION TO DEFENDANT JOHN PATRICK FREY'S MOTION TO STRIKE THE SECOND THROUGH SIXTH CAUSES OF ACTION OF THE COMPLAINT PURSUANT TO C.C.P. § 425.16; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

### C.     DEFENDANT'S CONDUCT PAINTED PLAINTIFF IN A FALSE LIGHT.

Plaintiff's third cause of action is false light invasion of privacy. There are two elements of the false light tort: (1) "the false light in which the plaintiff was placed would be highly offensive to a reasonable person," and (2) "the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed." Rest. 2d, Torts §652E.

Defendant does not attack either element, instead arguing that the false light claim is "derivative of, and duplicative of" her defamation claim. (MTS at 17.) As discussed below, Plaintiff's defamation claim is based on false statements of fact. Her false light claim is based on other statements and questions that cannot be interpreted as statements of fact, and therefore cannot support a defamation claim. For example, one evidentiary basis for Ms. Naffe's false light claim is Mr. Frey's relentless and harassing questioning about her failure to call a cab during the Barn Incident. (FAC at ¶ 42.) These questions, though not statements of fact, were pregnant with accusation; they included an implied answer that Ms Naffe failed to call a cab because she was lying about the Barn Incident. They implied she submitted a false report. Although not false statements of fact—and therefore not sufficient to support defamation—the rhetorical questions Defendant posed *ad nauseum* undoubtedly painted Plaintiff in a highly offensive, false, accusatory light.

### D.     DEFENDANT IS LIABLE TO PLAINTIFF FOR DEFAMATION.

Plaintiff's fourth cause of action is for defamation. Defamation is "the [1] intentional [2] publication of a [3] statement of fact that is [4] false, [5] unprivileged, and [6] has a natural tendency to injure or which causes special damage." *Smith v. Maldonado*, 72 Cal.App.4th 637, 645 (Cal. Ct. App. 1999).

Defendant challenges the third, fourth and fifth elements of the claim, arguing that the alleged defamatory statements are "classic political hyperbole and opinion." (MTS at 15).

PLAINTIFF'S OPPOSITION TO DEFENDANT JOHN PATRICK FREY'S MOTION TO STRIKE THE SECOND THROUGH SIXTH CAUSES OF ACTION OF THE COMPLAINT PURSUANT TO C.C.P. § 425.16; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

7

Again, however, Defendant misstates the appropriate context. In this case, Plaintiff's allegations must be viewed in the context of Mr. Frey's concerted effort to retaliate against Ms. Naffe and chill her speech. This was not an ongoing online dispute. This was harassment and intimidation in one direction only: from Mr. Frey, the Deputy District Attorney, toward Ms. Naffe. The literal meaning and substantive content of @patterico's tweets—the aspect of it that is provably false—is that Ms. Naffe submitted a false complaint against O'Keefe. *Compare, e.g.*, *Standing Comm. on Discipline of U.S. Dist. Court for Cent. Dist. of Cal. v. Yagman*, 55 F.3d 1430, 1440-42 (9th Cir. 1995) (holding an allegation of "dishonesty" not actionable because it lacked "substantive content" but upholding sanctions for an allegation that a judge was "drunk on the bench" because there was "nothing relating to the context in which this statement was made that tends to negate the literal meaning of the words"). Considered in the context of Mr. Frey's crusade to keep Ms. Naffe quiet, Mr. Frey's tweets did contain a provably false statement of fact. The court should sustain Plaintiff's defamation claim.

### E. DEFENDANT'S OUTRAGEOUS CONDUCT CAUSED PLAINTIFF SEVERE EMOTIONAL DISTRESS.

Plaintiff's fifth cause of action is intentional infliction of emotional distress ("IIED"). Defendant correctly observes that this tort has three elements: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Hughes v. Pair*, 46 Cal.4th 1035, 1050 (Cal. 2009).

Defendant raises two objections to this claim. First, he describes his behavior as not extreme and outrageous as a matter of law. (MTS at 18.) This misstates the basis for Plaintiff's IIED claim. The extreme and outrageous conduct alleged is not restricted to Mr. Frey's insults or doubts about Ms. Naffe's honesty. The extreme and outrageous conduct alleged is Mr. Frey's vicious harassment campaign, specifically designed to stop

PLAINTIFF'S OPPOSITION TO DEFENDANT JOHN PATRICK FREY'S MOTION TO STRIKE THE SECOND THROUGH SIXTH CAUSES OF ACTION OF THE COMPLAINT PURSUANT TO C.C.P. § 425.16; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

8

Ms. Naffe from coming forward and complaining of Frey's abuse of his position as a Deputy District Attorney. Although this conduct included public insults and character assassination attempts, it also included his public threats to begin a criminal investigation of Plaintiff (FAC at ¶ 48), and his disclosure of highly private information about her. (*Id.* at ¶¶ 50-53.)

Second, Defendant argues that "the conduct [Plaintiff] complains of is debate on a subject of public interest protected by the First Amendment . . . and hence exempt from attack as infliction of emotional distress." (MTS at 19.) But as argued above in Part II, *infra*, Mr. Frey's used his professed "subject of public interest"—the Barn Incident—as a pretext to engage in intimidation and harassment of Ms. Naffe, an otherwise private citizen. As the Supreme Court noted, "restricting speech on purely private matters does not implicate the same constitutional concerns as limiting speech on matters of public interest." *Snyder v. Phelps*, 131 S.Ct at 1215. In short, Defendant's objections to Plaintiff's IIED claim should be rejected.

### F. DEFENDANT HAD A STATUTORY DUTY NOT TO PUBLISH MS. NAFFE'S SOCIAL SECURITY; HIS BREACH OF THAT DUTY CONSTITUTED NEGLIGENCE.

Plaintiff's sixth cause of action is for negligence. The well-known elements of negligence are (1) duty, (2) breach, (3) causation, and (4) damages. *Conroy v. Regents of Univ. of Cal.*, 45 Cal.4th 1244, 1250 (Cal. 2009).

Here, Mr. Frey asserts he had no duty to refrain from publishing Ms. Naffe's social security number. (MTS at 19-20.) But that duty is plainly imposed by statute. Cal. Civ. Code § 1798.85 ("a person or entity may not . . . publicly display in any manner an individual's social security number"). Defendant correctly states that the statute does not itself provide for a private right of action, but this argument confuses the "duty" element of a negligence cause of action with the existence of an independent, statutory cause of action. Common-law negligence (or negligence per se) is the cause of action; § 1798.85 is the source of Mr. Frey's duty.

PLAINTIFF'S OPPOSITION TO DEFENDANT JOHN PATRICK FREY'S MOTION TO STRIKE THE SECOND THROUGH SIXTH CAUSES OF ACTION OF THE COMPLAINT PURSUANT TO C.C.P. § 425.16; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

9

### G. PLAINTIFF HAS SUBMITTED "MINIMAL MERIT" EVIDENCE OF EACH OF THE ABOVE CLAIMS.

By the First Amended Complaint, Plaintiff submits to the court more than mere allegations. Ms. Naffe's Declaration contains *testimony* as to the substance of her Complaint. Plaintiff anticipates discovering much more evidence as this case moves forward, but at the pleading stage, without opportunity to discover evidence largely in the exclusive control of the Defendant, she has met her burden under the Anti-SLAPP statute's second prong to produce "minimal merit" evidence of her claims. Having met her burden, Plaintiff respectfully asks this court to dismiss Defendant's Motion to Strike in its entirety.

### IV. IN THE ALTERNATIVE, PLAINTIFF REQUESTS THAT THE HEARING BE CONTINUED AND SHE BE ALLOWED TO CONDUCT LIMITED DISCOVERY.

In the case that the court finds insufficient evidence to support any or all of Plaintiff's claims, she respectfully asks this court to stay its ruling for limited discovery. True, the statute by its own terms prohibits discovery after filing of a special motion to strike. Cal. Code Civ. P. § 425.16(g) ("All discovery proceedings in the action shall be stayed upon the filing of a notice of motion made pursuant to this section. The stay of discovery shall remain in effect until notice of entry of the order ruling on the motion.").

But as noted by this very court, California's Anti-SLAPP statute directly conflicts with the Rule 56 of the Federal Rules of Civil Procedure, and thus does not govern federal court procedure. *Rogers v. Home Shopping Network*, 57 F.Supp.2d 973, 982 (C.D. Cal. 1999) ("Because the discovery-limiting aspects of § 425.16(f) and (g) collide with the discovery-allowing aspects of Rule 56, these aspects of subsections (f) and (g) cannot apply in federal court."); *see also Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846-47 (9th Cir. 2001) (remanding and ordering the district court to allow for discovery of information "in the defendants' exclusive control," despite Anti-SLAPP provisions prohibiting it). In ruling on the instant motion, this court is governed by Rule 56, which requires that the non-moving party—here, Plaintiff—be given "the opportunity to

PLAINTIFF'S OPPOSITION TO DEFENDANT JOHN PATRICK FREY'S MOTION TO STRIKE THE SECOND THROUGH SIXTH CAUSES OF ACTION OF THE COMPLAINT PURSUANT TO C.C.P. § 425.16; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

10

Producing:

discovery information that is essential to his opposition." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986). As such, Ms. Naffe should be given the opportunity to conduct discovery before dismissal under the Anti-SLAPP statute.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Strike should be denied. Or, alternatively, the court should stay its ruling pending limited discovery.

Dated: February 20, 2012                    Respectfully submitted,

/s/ Eugene Iredale
EUGENE IREDALE
Attorney for Plaintiff
NADIA NAFFE

PLAINTIFF'S OPPOSITION TO DEFENDANT JOHN PATRICK FREY'S MOTION TO STRIKE THE SECOND THROUGH SIXTH CAUSES OF ACTION OF THE COMPLAINT PURSUANT TO C.C.P. § 425.16; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

11