EUGENE G. IREDALE, SBN: 75292
IREDALE and YOO, APC
105 West F Street, 4th Floor
San Diego, California  92101-6036
TEL: (619) 233-1525
FAX: (619) 233-3221

Attorneys for Plaintiff, NADIA NAFFE

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| NADIA NAFFE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>JOHN PATRICK FREY, an individual, and the COUNTY OF LOS ANGELES, a municipal entity,<br><br>Defendants. | Case No:  CV12-08443-GW (MRWx)<br><br>**PLAINTIFF NADIA NAFFE'S OPPOSITION TO DEFENDANT COUNTY OF LOS ANGELES'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**<br><br>Date:  March 18, 2013<br>Time: 8:30 a.m.<br>Crtm.: 10 |

# I.
# COUNT ONE – THE § 1983 CLAIM

Plaintiff Nadia Naffe moves to dismiss her first cause of action for violation of 42 U.S.C. § 1983 against Defendant County of Los Angeles.

# II.
# COUNTS TWO-SIX – THE STATE LAW CAUSES OF ACTION

The County argues that because Defendant Frey's conduct against Ms. Naffe did not occur within the course and scope of his employment, it is not responsible on a theory of *respondeat superior* liability.  But Defendant Frey's menacing and threatening conduct toward Ms. Naffe was achieved precisely because of his employment – his status as a Deputy District Attorney.  Specifically, he threatened to investigate Ms. Naffe from possible criminal violations using the full force of his authority as a prosecutor.

Ordinarily, the determination whether an employee has acted within the scope of employment presents a question of fact; it becomes a question of law, however, when "the facts are undisputed and no conflicting inferences are possible." ( Perez v. Van Groningen & Sons, Inc., supra, 41 Cal.3d at p. 968.) In some cases, the relationship between an employee's work and wrongful conduct is so attenuated that a jury could not reasonably conclude that the act was within the scope of employment. (See, e.g., John R., supra, 48 Cal.3d at p. 1452; Rita M. v. Roman Catholic Archbishop (1986) 187 Cal.App.3d 1453, 1461 [232 Cal.Rptr.

685]; Alma W. v. Oakland Unified School Dist. (1981) 123 Cal.App.3d 133, 139-140 [176 Cal.Rptr. 287].)

Under the doctrine of respondeat superior, an employer may be held vicariously liable for torts committed by an employee within the scope of employment. ( Perez v. Van Groningen & Sons, Inc. (1986) 41 Cal.3d 962, 967)  It is "'a rule of policy, a deliberate allocation of a risk.'" ( Hinman v. Westinghouse Elec. Co. (1970) 2 Cal.3d 956, 959 [88 Cal.Rptr. 188, 471 P.2d 988]; Perez v. Van Groningen & Sons, Inc., supra, 41 Cal.3d at p. 967.) Respondeat superior is based on "'a deeply rooted sentiment'" that it would be unjust for an enterprise to disclaim responsibility for injuries occurring in the course of its characteristic activities. ( Rodgers, supra, 50 Cal.App.3d 608 at p. 618, quoting Ira S. Bushey & Sons, Inc. v. United States (2d Cir. 1968) 398 F.2d 167, 171 [per  [*209]  Friendly, J.]; see also Pacific Mut. Life Ins. Co. v. Haslip (1991) 499 U.S.   ,    [113 L.Ed.2d 1, 17, 111 S.Ct. 1032, 1041] [rejecting due process challenge to respondeat superior liability].)

For the doctrine of respondeat superior to apply, the plaintiff must prove that the employee's tortious conduct was committed within the scope of employment. ( Ducey v. Argo Sales Co. (1979) 25 Cal.3d 707, 721) "A risk arises out of the employment when 'in the context of the particular enterprise an employee's conduct is not so unusual or startling that it would seem unfair to include the loss resulting from it among other costs of the employer's business. [Citations.] In other

words, where the question is one of vicarious liability, the inquiry should be whether the risk was one "that may fairly be regarded as typical of or broadly incidental" to the enterprise undertaken by the employer. [Citation.]'" ( Perez v. Van Groningen & Sons, Inc., supra, 41 Cal.3d at p. 968, citing Rodgers v. Kemper Constr. Co., supra, 50 Cal.App.3d at p. 619, brackets in original.)

Tortious conduct that violates an employee's official duties or disregards the employer's express orders may nonetheless be within the scope of employment. ( Perez v. Van Groningen & Sons, Inc., supra, 41 Cal.3d at p. 969; Meyer v. Blackman (1963) 59 Cal.2d 668, 679 [31 Cal.Rptr. 36, 381 P.2d 916]; Van Alstyne, Cal. Government Tort Liability Practice (Cont.Ed.Bar 1980) § 2.22, p. 62.) So may acts that do not benefit the employer ( Perez, supra, 41 Cal.3d at p. 969), or are willful or malicious in nature ( John R. v. Oakland Unified School Dist. (1989) 48 Cal.3d 438, 447 [256 Cal.Rptr. 766, 769 P.2d 948]; Martinez v. Hagopian (1986) 182 Cal.App.3d 1223, 1227 [227 Cal.Rptr. 763]).

The doctrine of respondeat superior applies to public and private employers alike. As stated in subdivision (a) of Government Code section 815.2 : "A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative." By this language, the Legislature incorporated "general standards of tort liability as the  primary basis for respondeat

superior liability of public entities. . . ." (Van Alstyne, op. cit. supra, § 2.32, at p. 77.) Courts have construed the term "scope of employment" in section 815.2 as broadly as in private tort litigation. (Van Alstyne, op. cit. supra, § 2.32, at p. 79; see generally, John R. v. Oakland Unified School Dist., supra, 48 Cal.3d at p. 447.)

The danger that a prosecutor may abuse his authority by threatening criminal investigation of an individual to chill the exercise of her free speech is not so startling or unusual that it would be unfair to include that loss resulting from the prosecutor's misconduct among the cost of the County's business. Prosecutors are given such authority and discretion to launch criminal investigations. In this case, Defendant Frey abused that authority and the County failed to properly supervise Defendant Frey and permitted him to publicly and persistently attack Ms. Naffe. Ms. Naffe has also sufficiently plead facts regarding the County's negligence in its supervision of Frey's activity, particularly given his voluminous posts on his blog and Twitter during work hours (surprising considering his difficult workload).

For the foregoing reasons, Ms. Naffe respectfully requests that the Court deny Defendant County of Los Angeles's motion to dismiss her second through sixth causes of action.

DATED February 20, 2013          Respectfully submitted,

/s/ Eugene Iredale

EUGENE G. IREDALE
Attorney for Plaintiff Nadia Naffe