1  PAUL B. BEACH, State Bar No. 166265
   pbeach@lbaclaw.com
2  ALEXANDRA B. ZUIDERWEG, State Bar No. 270177
   azuiderweg@lbaclaw.com
3  LAWRENCE BEACH ALLEN & CHOI, PC
   100 West Broadway, Suite 1200
4  Glendale, California 91210-1219
   Telephone No. (818) 545-1925
5  Facsimile No. (818) 545-1937

6  Attorneys for Defendant
   County of Los Angeles
7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11  NADIA NAFFE, an individual,            )  Case No. CV 12-8443 GW (MRWx)
                                           )
12                                         )  Honorable George H. Wu
              Plaintiff,                   )
13                                         )
                                           )  **DEFENDANT COUNTY OF**
14      vs.                                )  **LOS ANGELES' REPLY TO**
                                           )  **PLAINTIFF'S OPPOSITION TO**
15                                         )  **DEFENDANT'S MOTION TO**
    JOHN PATRICK FREY, an                  )  **DISMISS PLAINTIFF'S FIRST**
16  individual, and the COUNTY OF LOS      )  **AMENDED COMPLAINT**
    ANGELES, a municipal entity,           )  **PURSUANT TO FED. R. CIV. P.**
17                                         )  **12(b)(6)**
              Defendants.                  )
18                                         )
                                           )  Date:   April 18, 2013
19                                         )  Time:   8:30 a.m.
    _____)  Crtm:   10
20

21

22       TO THE HONORABLE COURT, ALL PARTIES, AND TO THEIR

23  COUNSEL OF RECORD:

24  ///

25  ///

26  ///

27

28

                              1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendant County of Los Angeles hereby submits the following
Memorandum of Points and Authorities in Reply to Plaintiff's Opposition to
Defendant's Motion to Dismiss.


Dated:  March 4, 2013                    LAWRENCE BEACH ALLEN & CHOI, PC


                                         By  ___ /s/  Alexandra B. Zuiderweg ___
                                             Alexandra B. Zuiderweg
                                             Attorneys for Defendant
                                             County of Los Angeles

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.**     <u>**Introduction.**</u>

In her opposition to Defendant County of Los Angeles' ("the County") Motion to Dismiss, Plaintiff Nadia Naffe ("Plaintiff") fails to address the vast majority of the arguments made by the County with respect to her state law claims, as well as voluntarily dismisses her claim under 42 U.S.C. § 1983 against the County.  What little argument her opposition does contain simply repeats the conclusory allegations found in her First Amended Complaint ("FAC"), while citing to no legal authority indicating that such allegations are sufficient to establish that John Patrick Frey ("Frey") was acting in the course and scope of his employment with the County when he published on his personal political blog.  Ultimately, as set forth below, Plaintiff's opposition simply confirms that she has failed to allege sufficient facts to establish the County's liability under state law, despite being provided with a second chance to do so.  As such, the County's Motion to Dismiss should be granted without leave to amend.

**II.**     <u>**Plaintiff Has Dismissed Her Claim Pursuant To 42 U.S.C. § 1983 Against The County Of Los Angeles.**</u>

In her opposition, Plaintiff has agreed to dismiss her first claim pursuant to 42 U.S.C. § 1983.  (Plaintiff's Opposition ["Opp."] at 1:3-4.)  Accordingly, no further argument regarding this claim is necessary.

**III.**    <u>**Plaintiff's Failure To Address Numerous Grounds For The Dismissal Of Her State Law Claims Should Be Deemed Consent To The Dismissal Of Those Claims.**</u>

With respect to Plaintiff's state law claims, Plaintiff advanced no argument whatsoever in response to the County's contentions that they should be dismissed on the grounds that they lack a statutory basis and are barred by California Government Code § 821.6.  A party's failure to address an argument in her

///

3

opposition is "deemed consent to the granting . . . of the motion." L.R. 7-9, 7-12; *see, Adam Mortgage Electronic Registration Systems, Inc.,* 2011 WL 63651 *2 n. 1 (C.D. Cal. 2011). Accordingly, because Plaintiff has failed to include any response to these arguments, on this ground alone, Plaintiff's state law claims should be dismissed against the County.

Additionally, the only argument Plaintiff does advance in her opposition, in fact, confirms that the County is entitled to the absolute immunity provided by California Government Code § 821.6. Plaintiff contends that Frey "threatened to investigate Ms. Naffe from [sic] possible criminal violations using the full force of his authority as a prosecutor." (Opp. at 1:14-16.) However, this is precisely the type of conduct afforded immunity under § 821.6. *See, All Angels Preschool/Daycare v. County of Merced,* 197 Cal.App.4th 394, 408 (2011) ("[I]mmunity under section 821.6 extends to communications made by the employee that have a connection with the investigation or prosecution process); *Gillan v. City of San Marino,* 147 Cal.App.4th 1033, 1049-50 (2007) (immunity applied to city and its officers for statements made in press releases, irrespective of whether statements were reasonable or "made maliciously as a part of threatened prosecution"); *Southern Cal. Rapid Transit Dist. v. Superior Court,* 30 Cal.App.4th 713, 726 (1994) (interpreting § 821.6 to bar civil suits based upon threat, initiation, or prosecution of a judicial action). Accordingly, Plaintiff's state law claims fail on this additional ground.

## IV. Plaintiff Cites No Authority That Publishing A Personal Blog Specifically Disclaiming Any Association With The District Attorney's Office Constitutes An Action Within The Course and Scope Of Frey's Employment.

Even ignoring Plaintiff's blatant failure to address the vast majority of the arguments raised in the County's Motion to Dismiss, Plaintiff fails to point to a single factual allegation indicating that Frey was acting in the course and scope of

his employment when he posted articles on a personal blog that he expressly states is **not associated with the District Attorney's Office**.  (FAC, ¶ 14.)

Tellingly, the only cases Plaintiff cites in support of her conclusory assertion that Frey was acting in the course and scope of his employment only bolster the County's position.  For example, Plaintiff cites to *Perez v. Van Groningen & Sons, Inc.* 41 Cal.3d 962, 969 (1986) throughout her opposition.  In *Perez*, a tractor operator was performing his normal task of disking when the injury occurred, but invited the plaintiff to ride along, even though the employer had not authorized him to do so.  *Id.* at 965.   In holding that the tractor operator was acting in the course and scope of his employment, the court held that "[a]s long as it is clear that at the time of the injury the employee was following his employer's instructions to disk the orchard, the fact that he was not authorized to take a passenger is immaterial." *Id.* at 969.  Similarly, in *Meyer v. Blackman,* 59 Cal.2d 668, 673 (1963), the court held that an employee who had received instructions to run an errand using his employer's vehicle was acting in the course and scope of his employment when a traffic collision occurred.  *Id.* at 673.  Here, by contrast, Frey received no instruction from the County to publish a political blog, nor did he publish a blog as part of Frey's normal job duties with the District Attorney's Office.

Moreover, in both *John R. v. Oakland Unified School Dist.,* 38 Cal.3d 438, 447(1989) and *Martinez v. Hagopian,* 182 Cal.App.3d 1223, 1229 (1986), two additional cases cited by Plaintiff, each court held that the employers **could not** be vicariously liable for their respective employee's conduct, even though the purportedly wrongful conduct occurred during activities directly related to the

///

///

///

///

///

5

defendant's employment (in the case of *John R.*) and at the defendant's place of employment (in the case of *Martinez*).[1]

Simply put, Plaintiff has not pointed to a single factual allegation illustrating that Frey was acting in the course and scope of his employment when he published a blog regarding his political beliefs, nor has she cited to any authority in support of her baseless assertions that vicarious liability should attach to the County for his personal conduct.  Indeed, as set forth in the case law cited in Plaintiff's own opposition, conclusory allegations that purportedly injurious conduct occurred at a place of employment, during work hours, is simply not enough to support County liability.   *See, John R,* 38 Cal.3d at 447; *Martinez,* 182 Cal.App.3d at 1129; *see also, Alma W. v. Oakland Unified School Dist.,* 123 Cal.App.3d 133, 140 (1981) (holding that mere presence at the place of employment and attendance to job duties before and after the subject conduct are insufficient to establish respondeat superior liability).

**V.     Plaintiff Does Not Seek Leave To Amend And, Accordingly, Should Not Be Afforded Another Opportunity To File An Amended Complaint.**

Because Plaintiff's opposition does not request leave to file an amended complaint, leave should not be granted by the Court.  In any event, at the hearing on Frey's motion to dismiss Plaintiff's original complaint, the Court made it very clear that Plaintiff would have **one**, and only one, opportunity to add factual allegations in support of her claims.  Despite being provided with this second chance, Plaintiff has failed to include any such allegations in her FAC.  As such, Plaintiff's FAC should be dismissed again, this time with prejudice.

---

[1]  In *John R.,* the California Supreme Court found that a school district could not be vicariously liable for a teacher's molestation of a student during a school-sanctioned extracurricular activity.   *John R,* 38 Cal.3d at 447.   In *Martinez*, the Court of Appeal held that the operators of a vineyard could not be vicariously liable for the death of an individual who engaged in a physical altercation with a worker while visiting the vineyard.  *Martinez,* 182 Cal.App.3d at 1129.

**VI.    Conclusion.**

Based on the foregoing, the Court should grant the County's Motion to Dismiss in its entirety.

Dated:  March 4, 2013                         LAWRENCE BEACH ALLEN & CHOI, PC


By    /s/  Alexandra B. Zuiderweg
                    Alexandra B. Zuiderweg
                    Attorneys for Defendant
                    County of Los Angeles