GOETZ FITZPATRICK LLP
RONALD D. COLEMAN
rcoleman@goetzfitz.com
One Penn Plaza, Suite 4401
New York, NY 10119
Telephone: 212.695.8100
Facsimile: 212.629.4013

Counsel for Defendant
JOHN PATRICK FREY

BROWN WHITE & NEWHOUSE LLP
KENNETH P. WHITE (Bar No. 238052)
kwhite@brownwhitelaw.com
333 South Hope Street, 40th Floor
Los Angeles, CA 90071-1406
Telephone: 213. 613.0500
Facsimile: 213.613.0550

Local Counsel for Defendant
JOHN PATRICK FREY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NADIA NAFFE, an individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOHN PATRICK FREY, an individual, and the COUNTY OF LOS ANGELES, a municipal entity,<br><br>　　　　　Defendants. | Case No.: CV12-08443-GW (MRWx)<br><br>Judge:　Hon. George H. Wu<br><br>DEFENDANT JOHN PATRICK FREY'S REPLY IN SUPPORT OF MOTION TO DISMISS SECOND THROUGH SEVENTH CAUSES OF ACTION OF THE FIRST AMEND COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)<br><br>Hearing Date:　April 18, 2013<br>Time:　　　　8:30 a.m.<br>Courtroom:　10<br><br>Complaint Filed: October 2, 2012 |

## **TABLE OF CONTENTS**

Page

I.  INTRODUCTION ....................................................................................1

II.  ARGUMENT .........................................................................................1

III.  CONCLUSION .......................................................................................7

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1)

841812.1

1

## **TABLE OF AUTHORITIES**

2

Page

3

Cases

4

Christensen v. Nw. Airlines, Inc.,
     633 F.2d 529 (9th Cir. 1980) ...................................................................3

5

Gaus v. Miles, Inc.,
     980 F.2d 564 (9th Cir. 1992) ...................................................................1

6

McNutt v. General Motors Acceptance Corp.,
     298 U.S. 178 (1936)..................................................................................1

7

Warren v. Fox Family Worldwide, Inc.,
     328 F.3d 1136 (9th Cir. 2003) ................................................................2

8

9

Statutes

10

28 U.S.C. § 1367(c)(2).........................................................................................7

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1)

841812.1

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

This Court, acting *sua sponte,* raised the question whether Plaintiff Nadia Naffe's original complaint was supported by diversity jurisdiction, suggesting that its allegations might not support damages over the jurisdictional threshold. (Tentative Ruling at 3 – 5.) In his Motion to Dismiss for Lack of Jurisdiction, Defendant John Patrick Frey ("Mr. Frey") demonstrated that Plaintiff's First Amended Complaint ("FAC") does *not* in fact support a claim for damages that meets the $75,000 threshold. Plaintiff's meager Opposition shows that she did not take either the Court's question or Mr. Frey's Motion seriously. In support of the contention that her patchwork of imaginative claims (arising from merely being disagreed with in public) is entitled to a federal forum, Plaintiff's Opposition does not offer a single rebuttal to the legal authority cited by Mr. Frey. It does not even cite a single case or statute to support its own arguments. Instead of providing points and authorities, the Opposition relies entirely on sophistry, coupled with a two-page, seven-paragraph declaration by Plaintiff which is vague, conclusory, and rife with hearsay. Her opposition fails utterly to carry Plaintiff's legal and factual burden to prove damages above the jurisdictional threshold by a preponderance of the evidence. The Court should therefore dismiss the Second through Seventh Causes of Action to the extent they rely upon diversity jurisdiction.

## II.   ARGUMENT

Mr. Frey established in his Motion that Plaintiff has the burden to prove, by preponderance of the evidence, facts in support of a quantum of damages that would satisfy the jurisdictional threshold. *Gaus v. Miles, Inc.* 980 F.2d 564, 567 (9th Cir. 1992), citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). Mr. Frey also established that he may rely on extrinsic evidence in challenging jurisdiction. *Warren v. Fox Family Worldwide, Inc.* 328 F.3d 1136, 1141 n.5 (9th Cir.

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1)

841812.1

BROWN, WHITE & NEWHOUSE<sup>LLP</sup> ATTORNEYS

1   2003). Plaintiff argues no contrary authority. In fact, she offers no authority at all.

2   Instead, Plaintiff relies on mischaracterizing Mr. Frey's arguments.

3

4   ### *Plaintiff's Claim of Emotional Damages Is Insufficient*

5       With respect to her claims of damages resulting from emotional distress,

6   Plaintiff insists theatrically that Mr. Frey "invokes stereotypes of gender roles and

7   'proper' feminine behavior." Opposition at 1. This is cynical nonsense, a mere attempt

8   to fill the complete vacuum of legal justification for her opposition to this motion by

9   claiming victimization. Not a word in Mr. Frey's submissions makes an argument that

10  relates to Plaintiff's gender. Mr. Frey's argument is based on evidence that, before she

11  decided to plead under Rule 11 and declare under oath that Mr. Frey had chilled her

12  and forced her to close her blog and that she was traumatized by his criticism, she

13  publicly said the exact opposite. Perjury is not gendered. Neither are the legal

14  standards by which this motion will be decided.

15      Mr. Frey presented evidence that, despite her claim that she was traumatized

16  and forced to close her blog because of Mr. Frey's criticism and posting of her

17  deposition transcripts, Plaintiff in fact continued to blog openly and defiantly. Quoting

18  her words again:

19                  Patrick Frey may have believed that posting my Social Security

20                  Number and medical records online to his blog, in retaliation,

21                  would intimidate and stop me from telling the truth about O'keefe

22                  [*sic*], chill my First Amendment right and dissuade me from

23                  coming forward to report a crime committed in his jurisdiction.

24                  Though, what he has accomplished is precisely the opposite.

25                  These two civil servants, both deputy district attorney's [*sic*] in Los

26                  Angles [*sic*] County, in the past were able to bully and harass

27                  private individuals, with impunity. But their patent on intimidation

28                  and retribution expired when they came to me. The Frey's [*sic*] are

2

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1)

841812.1

the poster children for the type of rampant corruption Carmen
Trutanich, Alan Jackson and Danette Myers [*sic*] have each spoken
out against.  (Exhibit LL at 268-269.)

The point demonstrated by this excerpt of Plaintiff's own words – that despite
her claim in this action, she was not the least bit "intimidated" by Mr. Frey – was
***central to Mr. Frey's Motion.*** Yet Plaintiff could not bring herself to mention it, let
alone rebut it factually or otherwise question its significance.  Nor did she address the
evidence of her sneering, unintimidated tweet "Perhaps, it's best to ignore Patterico &
move on. There is no common ground. I have much larger fish to fry." Frey Decl. at ¶
39(g).

Similarly, Plaintiff completely ignores another point in Mr. Frey's moving
papers, nearly as central and every bit as devastating to her maintenance of this action:
The evidence that she bragged of how she would use this vindictive and frivolous
lawsuit, not to vindicate the supposed "damages" she has suffered, but to abuse the
discovery process by inquiring into (1) how Mr. Frey and his wife afforded their
house; (2) an unrelated incident in which Mr. Frey was the victim of a false police
report; and (3) the identity of an unrelated anonymous blogger. Frey Decl. at ¶¶ 37 -
38; Exhibits LL, MM to Frey Decl.

Plaintiff has not even troubled herself to distinguish this case from those the
Court cited in its tentative ruling for a fundamental proposition: Emotional distress
resulting from mere offense cannot satisfy the jurisdictional threshold for damages.
*See, e.g.*, *Christensen v. Nw. Airlines, Inc.*, 633 F.2d 529, 530-31 (9th Cir. 1980)
(discourteous and rude conduct of airline staff could not create damages satisfying
jurisdictional threshold). Plaintiff, naturally, does not address this case or any of those
authorities.

Factually – months after filing this lawsuit, and months after first being placed
on notice of this issue – what does Plaintiff offer the Court as proof that she has met
the $75,000 jurisdictional threshold? Merely a declaration including *two conclusory*

3

841812.1

BROWN, WHITE & NEWHOUSE<sup>LLP</sup>
A T T O R N E Y S

*sentences* that she has suffered health problems and "great distress" including a bleeding ulcer, depression, severe migraines, and difficulty studying. (Naffe Decl. at ¶ 5.) She offers no other evidence – records of treatment costs, medical reports, prognoses, or medical testimony – supporting this assertion. Nor does her Opposition cite any authority for the proposition that such a weak gesture could ever be sufficient to prove the required quantum of damages by a preponderance of the evidence.

Even if this subjective and vague medical miscellany could be construed as meeting that standard, Plaintiff does not so much as hint as to what portion of her alleged distress arose from even arguably actionable conduct by Mr. Frey. Moreover, even taking Plaintiff's tepid "causation" arguments at face value, the very exercise of placing them in the context of the unrebutted facts already before the Court on this motion results in their complete evaporation. For example, Plaintiff believes she is entitled to compensation for being called "callous and self-absorbed." FAC at ¶¶ 42, 8. But Mr. Frey established that he called her that because she made a heart attack joke about his friend, Andrew Breitbart, mere hours after he had died of a heart attack. Frey Decl. at ¶ 16. Plaintiff did not rebut this. Similarly Plaintiff complains that she has been called a liar – but Mr. Frey offered irrefutable evidence that she *did* lie, in the form of a preliminary hearing transcript in which she testifies under oath in a manner completely inconsistent with her subsequent claims about the "Barn Incident." Frey Decl. at ¶¶ 11-15, and Exhibits Y, Z, AA to Frey Decl. As to these contradictions, Plaintiff provides nothing -- no rebuttal and no explanation whatsoever. Plaintiff does not even attempt to differentiate between distress allegedly resulting from being accurately identified as a cad and a liar – which, under the First Amendment, cannot be compensable – and distress allegedly resulting from (for instance) the unintentional re-publication of the Social Security Number she had allowed to remain in the public record for seven years.

Plaintiff also asserts, in two conclusory sentences, that Mr. Frey's statements about her have "provoked his unstable fans" to "harass and threaten" her, and claims

4

841812.1

she has had to move twice because of "death threats." Plaintiff does not specify a single word in this claim: Not "provoked" (i.e., the content or nature of the alleged threats or harassment), "his" (i.e., any link between threats she may have received and Plaintiff), "unstable" (i.e., any evidence of so-called instability on the part of such people), or "fans" (i.e., in addition to the foregoing, who she is talking about). The same applies to the alleged "death threats." No specifics are offered here either: Who made them, when they were made, or how often they were made. She does not identify what the alleged death threats were, whether they were reported to authorities, what about them led her to move, or what costs she incurred in moving.

At the end of the day, even crediting these gauzy accusations, which are several degrees beyond "plausible," Plaintiff fails to meet the legal requirement of connecting these supposed occurrences with *tortious or unlawful conduct by Mr. Frey*. She does not even pretend to explain how she can tell that they contacted her because of anything *wrongful* Mr. Frey did. She does not so much as address the equally likely possibility that these alleged communications may have occurred because Mr. Frey exercised his First Amendment right to truthfully describe her as the sort of person who makes heart attack jokes about people on the day they die. She never deigns to consider that she may have gotten nasty emails because Mr. Frey demonstrated, as is his constitutional right to do, that she is the sort of person who makes scurrilous accusations of sexual assault after having earlier testifed under oath in an entirely contradictory fashion.

In short, Plaintiff does not come close to meeting her burden to demonstrate that she has suffered $75,000 in damages as a result of some tortious conduct alleged here by a preponderance of the evidence – particularly so given her tattered credibility, but even giving full credence to the shallow, vague and conclusory claims she bothered to stitch into two sentences in her declaration filed in opposition to this Motion.

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1)

841812.1

*Plaintiff's Claim of Identity Theft Damages Is Insufficient*

In his Motion, Mr. Frey argued and cited authority establishing that as a matter of law, Plaintiff could not be held liable for any alleged identify theft committed using her Social Security number regardless of what damages may have arisen from such theft. Once again, Plaintiff ignored the authority and the argument. Relying solely on hearsay, and without any supporting documentary evidence, Plaintiff claims that changes were made to her credit report; that individuals used her Social Security Number to report income; and that a car dealership called her to verify that she was buying a car. (Naffe Decl. at ¶¶ 2-4.) But Plaintiff makes no effort whatsoever to so much as describe, much less quantify, any harm – legally cognizable or otherwise – she has suffered as a result of these supposed events. These vague assertions do not bring Plaintiff one dollar closer to meeting her burden of proof on this Motion that she suffered more than $75,000 in damages, either legally or factually.

*Plaintiff's Claim of Harm to Reputation Is Insufficient*

Plaintiff also claims that Mr. Frey has "ruined [her] reputation, making it exceedingly difficult for [her] to find any employment." (Naffe Decl. at ¶ 7.) A few paragraphs earlier, however, Plaintiff admits that she is a full time student and does not earn income. (Naffe Decl. at ¶ 3.) But Plaintiff states no facts whatsoever to establish what the quality of her reputation was beforehand. She does not describe the nature of the employment to which she believes herself entitled based on her qualifications, or what such jobs would pay. Nor does she allege that she has applied for a job or specify ones to which she was supposedly entitled and yet barred from due to Mr. Frey – not a single fact showing that anything Mr. Frey has written has had any impact on any employer's consideration of her. She complains that Mr. Frey's words – his expression of his First Amendment rights – are easily found by a Google search. And, once again, she makes no attempt to show that any alleged harm resulted from allegedly *wrongful* conduct by Mr. Frey, as opposed to resulting from conduct that is

6

841812.1

1   indisputably protected by the First Amendment, such as identifying her as someone
2   who makes heart attack jokes the day someone died, or offering the transcript of a
3   public hearing directing contradicting her accusations about a public figure. Indeed,
4   given her justified reputation as someone who did just that, Plaintiff has failed to
5   demonstrate how it would even be possible to make that reputation even worse. In an
6   environment where people have difficulty finding employment, even when (unlike
7   Plaintiff) they have *not* brought notoriety upon themselves, Plaintiff has failed to
8   demonstrate why she is entitled to be offered a job at all.

9        In short, Plaintiff does not carry her burden of proving, by preponderance of the
10   evidence, damage to reputation exceeding the jurisdictional threshold.

11   **III.    CONCLUSION**

12        Based on the foregoing, in the event Plaintiff's Second through Seventh causes
13   of action survive Mr. Frey's Renewed Motion to Strike, this Court should dismiss
14   them for lack of diversity jurisdiction, in light of the Court's previously expressed
15   decision to decline to exercise jurisdiction over them under 28 U.S.C. § 1367(c)(2).

16

17   DATED:  March 4, 2013              Respectfully submitted,
                                        GOETZ FITZPATRICK LLP LLP
18

19                                      By   *s/Ronald D. Coleman*
                                             _____
20                                           RONALD D. COLEMAN
                                             Attorneys for Defendant
21                                           JOHN PATRICK FREY
22

23   DATED:  March 4, 2013              Respectfully submitted,
                                        BROWN WHITE & NEWHOUSE LLP
24

25                                      By   *s/Kenneth P. White*
                                             _____
26                                           KENNETH P. WHITE
                                             Attorneys for Defendant
27                                           JOHN PATRICK FREY
28

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1)

841812.1