GOETZ FITZPATRICK LLP
RONALD D. COLEMAN
rcoleman@goetzfitz.com
One Penn Plaza, Suite 4401
New York, NY  10119
Telephone:  212.695.8100
Facsimile:  212.629.4013

Counsel for Defendant
JOHN PATRICK FREY

BROWN WHITE & NEWHOUSE LLP
KENNETH P. WHITE (Bar No. 238052)
kwhite@brownwhitelaw.com
333 South Hope Street, 40th Floor
Los Angeles, CA  90071-1406
Telephone:  213. 613.0500
Facsimile:  213.613.0550

Local Counsel for Defendant
JOHN PATRICK FREY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NADIA NAFFE, an individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOHN PATRICK FREY, an individual, and the COUNTY OF LOS ANGELES, a municipal entity,<br><br>　　　　　Defendants. | Case No.: CV12-08443-GW (MRWx)<br><br>Judge:   Hon. George H. Wu<br><br>**DEFENDANTS JOHN PATRICK FREY'S REPLY IN SUPPORT OF MOTION FOR A SECURITY UNDERTAKING PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE 1030**<br><br>Hearing Date:  _April 18, 2013<br>Time:  ___     8:30 a.m.<br>Courtroom:     10<br><br>Complaint Filed:  October 2, 2012 |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ..................................................................................................1

II. ARGUMENT ........................................................................................................1

III. THE COURT SHOULD REQUIRE PLAINTIFF TO POST A $75,000 UNDERTAKING ...................................................................................................5

IV. CONCLUSION .....................................................................................................5

# TABLE OF AUTHORITIES

Page

Cases

*Gabriel Technologies Corp. v. Qualcomm Inc.*,
   2010 WL 3718848 (S.D. Cal. Sept. 20, 2010) ..................................................2

*Moreno v. Hanford Sentinel, Inc.*,
   172 Cal.App.4th 1125 (2009)..........................................................................3

*Pittman v. Avish Partnership*,
   2011 WL 9160942 (C.D. Cal. June 2, 2011).................................................1, 2

*Snyder v. Phelps*,
   131 S.Ct. 1207 (2011) .....................................................................................4

Statutes

Cal. Civ. Code § 1798.85........................................................................................4

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

In his Motion, Defendant John Patrick Frey ("Mr. Frey") established that, to the extent any of Plaintiff Nadia Naffe's ("Plaintiff") claims survive the pending motions, the Court should order her to post a bond to secure costs pursuant to California Code of Civil Procedure section 1030 ("Section 1030"). The Court should do so to fulfill the purpose of Section 1030 – that a defendant should have recourse for costs if sued by an out-of-state Plaintiff, especially in a frivolous lawsuit like this one.

Plaintiff's Opposition utterly fails to rebut that showing:

- Plaintiff's Opposition does not cite a single authority concerning Section 1030 or its application.
- Plaintiff's Opposition does not offer any evidence.
- Plaintiff's Opposition does not offer any substantive argument, instead making reference to her briefs in opposition to Mr. Frey's other motions.
- Plaintiff's Opposition misstates the relevant standard and mischaracterizes the issue presented.

Plaintiff's Opposition is therefore meritless. Mr. Frey respectfully asks that the Court require the bond if any part of Plaintiff's case survives.

## II.    ARGUMENT

Plaintiff does not dispute – because she cannot – that Section 1030 applies to her as an out-of-state Plaintiff. She does not dispute – because she cannot – that it applies to an action in federal court. *Pittman v. Avish Partnership*, 2011 WL 9160942, * 1 (C.D. Cal. June 2, 2011).

Instead, Plaintiff attempts to obscure the issue at hand. First she complains that Mr. Frey's motion is an "attempt[] to litigate the underlying merits." Opposition at 1. This is nonsensical. Section 1030 expressly requires this Court to consider a defendant's chance of prevailing, thus requiring inquiry into the merits of the case. Section 1030(b); *Pittman, supra*, 2011 WL 9160942 at * 2.

1
DEFENDANT'S REPLY IN SUPPORT OF SECURITY UNDERTAKING
842185.1

1   Second, Plaintiff misstates the standard Mr. Frey must meet. She misleadingly
2   asserts that Mr. Frey has not shown that he is "likely to prevail" on her causes of
3   action. Opposition at 1. She cites no authority for that proposition. Nor could she; the
4   correct standard is whether Mr. Frey has shown that he has a *reasonable possibility* of
5   prevailing. *Pittman, supra*, 2011 WL 9160942 at * 2; *Gabriel Technologies Corp. v.*
6   *Qualcomm Inc.,* 2010 WL 3718848 at *5 (S.D. Cal. Sept. 20, 2010). Plaintiff's
7   misleading attempt to raise the bar is unavailing.

8   Third, Plaintiff asserts that the Court should not grant the motion because her
9   "reputation is tarnished, her health shattered, and her prospects of employment dim
10  due to Frey's conduct . . . ." Opposition at 1. This is circular. Plaintiff is arguing she
11  shouldn't have to post a bond because she has been harmed – which is just another
12  way to argue that she will prevail. She won't, and Mr. Frey has shown far more than a
13  reasonable probability of prevailing on his defense. Plaintiff does not and cannot cite
14  any authority for her proposition that a Plaintiff need not post a Section 1030 bond
15  based on the damages she *claims*, as opposed to what she can *prove.*

16  Fourth, Plaintiff asserts that making her post a bond would "silence her voice
17  and deprive her of an opportunity to litigate the merits of her claim." Opposition at 1.
18  But conspicuously, Plaintiff offers no *admissible evidence* that she is not able to post a
19  bond if ordered to do so. She submits a declaration, but that declaration says nothing
20  about her ability to post a bond. Moreover, Plaintiff does not explain why the cost of a
21  frivolous and abusive lawsuit – a lawsuit patently calculated to suppress political
22  views Plaintiff and her lawyers don't like – should fall on Mr. Frey rather than on the
23  person responsible for it.

24  Finally, Plaintiff asserts that Mr. Frey has not carried his burden. He has. She
25  offers no new argument or evidence to support her proposition; she only refers to her
26  other Opposition briefs. Mr. Frey's Motion to Dismiss Pursuant to Rule 12(b)(6) and
27  Special Motion to Strike, and replies thereto, demonstrate conclusively that the Court
28  should *dismiss* her claims. The same facts and law illustrate conclusively why, even if

any of those claims survived, Mr. Frey has more than a reasonable probability of prevailing on them before a trier of fact. Notably, Plaintiff fails to address, respond to, or explain those factors, which Mr. Frey highlighted in his Motion:

- Mr. Frey has established conclusively that he is not blogging in his official capacity when (1) his blog has a disclaimer saying that it is in his personal capacity, (2) his Twitter account has a disclaimer saying that it is in his personal capacity, and (3) several of the individual blog posts *Plaintiff herself highlights* remind the reader that he is writing in his personal capacity. *Compare* FAC at ¶ 45 *with* Exhibit Q at 93 ("By the way: given Naffe's admission that she accessed O'Keefe's emails, evidently without his permission, has she committed a crime? I offer no opinion on that, as this post (like all my posts!) is written in my private capacity, as an exercise of my rights as a private citizen under the First Amendment."); FAC at ¶ 28 *with* Exhibit P at 88-89) ("I think it is actually known as the Invasion of Privacy Act, but don't take my word for it; contrary to Friedman's suggestions, I am not a wiretap violations prosecutor but a gang murder prosecutor, speaking in my private capacity as I always do on this blog.").

- Mr. Frey has established that Plaintiff cannot prevail on her public disclosure invasion of privacy claim when the undisputed facts show that the information disclosed was in deposition transcripts already publicly available on PACER – and is *still to this day available on PACER. Moreno v. Hanford Sentinel*, *Inc.* 172 Cal.App.4th 1125, 1129-30 (2009) ("a matter that is already public or that has previously become part of the public domain is not private."); Supplemental Declaration of Kenneth P. White at ¶¶ 2-3.

- Mr. Frey has established that he will prevail on Plaintiff's defamation and false light claims. Those claims are premised on her assertion that Mr. Frey falsely accused her of dishonesty. Even if that accusation were one of fact as

opposed to opinion – and it is not – truth is an absolute defense. Mr. Frey has submitted a transcript showing that Plaintiff testified under oath that she was not harassed, touched, or threatened at the barn. Exhibit D to Request for Judicial Notice at 60-62. As Mr. Frey correctly wrote, this completely contradicts her later claim that she was assaulted at the barn, calling her truthfulness into question. ***Plaintiff offers no response whatsoever to this damning contradiction.***

- Mr. Frey has established that he will prevail on Plaintiff's intentional infliction of emotional distress claim. *Snyder v. Phelps*, 131 S.Ct. 1207, 1219 (2011) establishes that such a claim cannot be based on debate on a matter of public interest. Plaintiff claims in conclusory fashion that Mr. Frey was writing about a private matter. But she does so by stubbornly ignoring her own allegations: she uttered her allegations against Mr. O'Keefe publicly, she identifies Mr. O'Keefe as a controversial public figure, and she "publicly challenged" "media mogul" Andrew Breitbart on her blog and her Twitter account "in order to correct misconceptions" about her accusations. FAC at ¶¶ 24, 36. Moreover, the accusations were the subject of commentary by national journalists and were discussed in multiple articles. Frey Decl. at ¶¶ 11-17.

- Mr. Frey established that he will prevail on Plaintiff's claim for negligence. Even if California Civil Code § 1798.85 created a private right of action – and it does not – Plaintiff has not explained how Mr. Frey could be negligent in simply re-publishing information that Plaintiff herself had already left in the public record for seven years in a case she herself litigated.

In short, Mr. Frey has shown more than a reasonable possibility of prevailing on Plaintiff's negligence claim. In fact, he has established a near certainty. Plaintiff's arguments to the contrary – like the rest of her case – are premised on empty and conclusory assertions, not law or evidence.

### III. THE COURT SHOULD REQUIRE PLAINTIFF TO POST A $75,000 UNDERTAKING

In his Motion, Mr. Frey submitted authority and declarations establishing that any bond should be in the amount of $75,000. Plaintiff offers no response whatsoever to that evidence and argument, effectively conceding the point.

### IV. CONCLUSION

Based on the foregoing, Mr. Frey respectfully moves the Court for an order requiring Plaintiff to post a bond in the amount of $75,000 if she wishes to continue with this case, to the extent any portion of the case survives Mr. Frey's concurrently filed Motions.

DATED:   March 4, 2013

Respectfully submitted,
GOETZ FITZPATRICK LLP LLP

By   *s/Ronald D. Coleman*
RONALD D. COLEMAN
Attorneys for Defendants
JOHN PATRICK FREY AND
CHRISTI FREY

DATED:  March 4, 2013

Respectfully submitted,
BROWN WHITE & NEWHOUSE LLP

By   *s/Kenneth P. White*
KENNETH P. WHITE
Attorneys for Defendants
JOHN PATRICK FREY AND
CHRISTI FREY